IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **DUSTIN HYDE, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs.   No. 2:22-cv-_103_-RWS | |
| **316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY** | **DEFENDANTS** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Dustin Hyde ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendants 316 Towing & Road Service, Inc., and Maksim Lisovksiy (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA to Plaintiff and all others similarly situated.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Georgia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Gainesville Division of the Northern District of Georgia; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Barrow County.

6. Separate Defendant 316 Towing & Road Service, Inc. ("316 Towing"), is a domestic, for-profit corporation.

7. Defendant's registered agent for service of process is Maksim Lisovskiy at 306 Exchange Boulevard, Suite 400 No. 203, Bethlehem, Georgia 30620.

8. Separate Defendant Maksim Lisovskiy ("Lisovskiy") is an individual and resident of Georgia.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant owns and operates a towing company in Winder.

11. Lisovskiy is a principal, director, officer, and/or owner 316 Towing.

12. Lisovskiy, in his role as an operating employer of 316 Towing, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work,

including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

13. Lisovskiy took an active role in operating 316 Towing and in the management thereof

14. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

16. At all times relevant hereto, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. At all times relevant to the allegations in this Complaint, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e).

18. Plaintiff, in the course of his duties for Defendant, regularly used instrumentalities of interstate commerce such as his cell phone, the internet and running customer credit cards.

19. Defendant employed Plaintiff from December of 2018 until April of 2022 as a Driver.

20. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and paid him a salary.

21. Defendant also employed other Drivers within the three years preceding the filing of this lawsuit.

22. At all relevant times herein, Defendants directly hired Plaintiff and other Drivers to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Plaintiff's primary duty was to tow cars for Defendant's customers.

24. Other Drivers had the same or similar duties as Plaintiff.

25. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

26. Defendant also classified other Drivers as independent contractors.

27. Plaintiff's and other Drivers' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

28. Defendant, at all times relevant hereto, knew that Plaintiff and other Drivers were acting as employees, rather than as independent contractors, and treated them as employees.

29. At all times material herein, Plaintiff and other Drivers have been entitled to the rights, protections and benefits provided under the FLSA.

30. Plaintiff and other Drivers did not financially invest in Defendant's business.

31. Plaintiff and other Drivers did not share in the profits or losses of Defendant's business.

32. Defendant, not Plaintiff or other Drivers, set prices for services.

33. Defendant determined Plaintiff's and other Drivers' pay scale for services without input from or negotiation with Plaintiff and other Drivers.

34. Defendant, not Plaintiff or other Drivers, decided whether and how many Drivers to hire.

35. Plaintiff and other Drivers were hired to work for Defendant for a continuous and ongoing period of time.

36. Plaintiffs and other Drivers did not have any control of or authority over any employee's rate of pay or working hours.

37. Defendant set the Defendant's business policies and rules and had complete control over the venue.

38. Defendant required Plaintiff and other Drivers to follow Defendant's business policies and rules.

39. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Drivers' input.

40. If Plaintiff and other Drivers refused an assignment from Defendant, they risked discipline, up to and including termination.

41. Defendant set Plaintiff's and other Drivers' schedules.

42. Plaintiff and other Drivers were required to arrive at work at the time determined by Defendant and remain until the end of their scheduled shift.

43. Plaintiff and other Drivers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

44. Plaintiff and other Drivers are entitled to 1.5 times their base hourly rate for hours worked over 40 each week.

45. Plaintiff regularly worked over forty hours per week.

46. Upon information and belief, other Drivers also regularly worked more than forty hours per week.

47. Defendant paid Plaintiff a weekly rate.

48. Defendant did not pay Plaintiff 1.5 times his regular hourly rate for hours worked over 40 each week.

49. Upon information and belief, Defendant also paid other Drivers a weekly rate and did not pay them 1.5x their regular hourly rate for hours worked over 40 each week.

50. Defendant did not provide Plaintiff or other Drivers with a timekeeping system whereby they could track their hours worked.

51. Defendant regularly scheduled Plaintiff to work more than 40 hours per week.

52. Plaintiff was required to be "on call" before and after his regular shift, and he frequently responded to calls outside of his regular working hours.

53. Upon information and belief, Defendant regularly or occasionally scheduled other Drivers to work more than 40 hours per week.

54. Defendant knew or should have known that Plaintiff and other Drivers worked over 40 hours in some weeks.

55. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Drivers violated the FLSA.

56. At all relevant times herein, Defendant has deprived Plaintiff and other Drivers employees of proper overtime compensation for all the hours worked over forty per week.

57. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

58. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty each week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

60. Plaintiff proposes the following collective under the FLSA:

> **All Drivers who worked over 40 hours
> in any week within the past three years.**

61. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

62. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

63. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid hourly;

B. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit; and

C. They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

64. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 10 persons.

65. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

66. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

67. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violation)

68. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

72. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

73. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

74. Defendant knew or should have known that its actions violated the FLSA.

75. Defendant's conduct and practices, as described above, were willful.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable and contractual tolling.

77. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

78. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

79. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

80. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

81. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

82. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

83. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

84. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week

85. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

86. Defendant knew or should have known that its actions violated the FLSA.

87. Defendant's conduct and practices, as described above, were willful.

88. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

89. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

90. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dustin Hyde, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DUSTIN HYDE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*s/ Patrick Wilson*
Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

*s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

***LEAD COUNSEL FOR PLAINTIFF***
*Pro hac vice motions to be filed*

DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

*s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

***LOCAL COUNSEL FOR PLAINTIFF***