# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

DUSTIN HYDE, individually and on )
Behalf of All Other Similarly Situated )
)
Plaintiff, )
)
)
   v. )    Civil Action File No: 2:22-cv-103-RWS
)
)
316 TOWING & ROAD SERVICE, )    **JURY TRIAL DEMANDED**
INC., and MAKSIM LISOVSKIY )
)
)
Defendants. )

## DEFENDANTS' FIRST SUPPLEMENT TO INITIAL DISCLOSURES

**(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

A.    Maksim Lisovskiy ("Lisovskiy") is the owner of 316 Towing & Road Service, Inc. ("316 Towing").  316 Towing is a towing company whose annual gross volume of sales made or business done did not exceed $500,000.00 during the relevant periods.  Plaintiffs did not engage in any interstate commerce during the relevant periods.

B.    Each of the Plaintiffs here entered into an Independent Contractor and Lease Agreement with 316 Towing under which Plaintiffs would perform towing and roadside services for 316 Towing's customers in exchange for an agreed-upon

flat rate per week. The Agreement specifically defines the relationship between 316 Towing and Plaintiffs as that of a contractor and independent contractor.

C.    Both Plaintiffs performed services under the Agreement for all relevant time periods; however, Plaintiff Dustin Hyde performed work over non-consecutive time periods between 2019 and 2022, while Plaintiff Brent Johnson performed work over a continuous period between 2021 and 2022.  During that time, Plaintiffs were not required to report to any office or location belonging to 316 Towing, but accepted or rejected dispatch calls from 316 Towing at their discretion.  Plaintiffs sent 316 Towing weekly invoices for their services.  Over the period that Plaintiffs performed services for 316 Towing's customers under the Agreement, each failed to work in excess of forty (40) hours per week, including time spent traveling to customers.

C.    This matter is the proper subject of binding arbitration.  The Agreement specifically provides that all disputes arising under the Agreement will be "submitted to mediation followed by binding arbitration . . ."

**FIRST SUPPLEMENTAL DISCLOSURE**:  Plaintiff Reynaldo Ricardo Brown performed work over a continuous two-week period during June 2021, while Plaintiff Kevin Brindley performed work over a continuous period between October 2021 and September 2022.  During that time, Plaintiffs were not required to report to any office or location belonging to 316 Towing, but accepted or rejected dispatch

calls from 316 Towing at their discretion.  Plaintiffs sent 316 Towing weekly invoices for their services.  Over the period that Plaintiffs performed services for 316 Towing's customers under the Agreement, each failed to work in excess of forty (40) hours per week, including time spent traveling to customers. Both Plaintiffs performed services under the Agreement for all relevant time periods.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**<u>FIRST SUPPLEMENTAL DISCLOSURE</u>**: See 316 Towing_01115-1146.

Respectfully submitted this 6th day of June, 2023.

MITCHELL - HANDSCHUH
LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
T: (404) 262 - 9488
F: (404) 231 - 3774
E: jeremy@m-hlawgroup.com
E: amanda@m-hlawgroup.com

/s/ Jeremy R. Handschuh
Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
Amanda I. Elliott, Esq.
Georgia Bar No. 137633
*Counsel for Defendants*

*Counsel for the Defendants certifies that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*