# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No: 2:22-cv-103-RWS |
| 316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## CONSENT MOTION TO AMEND DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COME NOW Defendants 316 Towing & Road Service, Inc. ("316 Towing")

and Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and

through their counsel of record, and file this Consent Motion to Amend Defendants'

Answer and Affirmative Defenses to Plaintiff's Complaint, filed on July 12, 2022

[Dkt. 5], and Incorporated Memorandum of Law.  Pursuant to Fed. R. Civ. P. 15(a),

Defendants hereby respectfully move this Court for leave to amend their Answer

and Affirmative Defenses in order to plead the additional affirmative defense set

forth herein.  In support of this motion, Defendants show this Court the following:

Page 1 of 12
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend Answer and Affirmative Defenses

I.      <u>**INTRODUCTION**</u>

In this matter, Plaintiff Dustin Hyde ("Plaintiff"), individually and on behalf of all others similarly situated, alleges that Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "F.L.S.A."). Specifically, within the Complaint, Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and reasonable attorney's fee and costs "as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the F.L.S.A. to Plaintiff and all others similarly situated." To defend themselves against these allegations, Defendants seek to amend their Answer and Affirmative Defenses to add the following affirmative defense:

<u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

As an alternative affirmative defense, and to the extent that Plaintiff or Defendants were engaged in interstate commerce, Plaintiff's Complaint should be dismissed because Defendant 316 Towing is a motor carrier within the meaning of 49 U.S.C. § 31502(b), and falls within the Motor Carrier Exemption ("MCA Exemption") to the F.L.S.A.'s maximum hours requirements, 29 U.S.C. § 213(b)(1). To the extent that any Plaintiff may be considered an "employee," he is similarly exempt from the F.L.S.A.'s maximum hours requirements under the MCA Exemption.

The proposed affirmative defense addresses the fundamental legal question of whether the F.L.S.A.'s requirements apply to Defendants and, in turn, whether Plaintiff is entitled to recover any monies from Defendants. Justice requires that

**Page 2 of 12**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Motion to Amend Answer and Affirmative Defenses**

Defendants have the opportunity to raise this defense. Moreover, because the addition of this defense should not require any additional discovery not contemplated by the parties, and because discovery is still ongoing, the addition of this defense will not prejudice Plaintiff in any way. Therefore, this Court should grant Defendants' Motion and provide Defendants leave to add the foregoing affirmative defense.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

Defendant Lisovskiy ("Lisovskiy") is the CEO of 316 Towing & Road Service, Inc. ("316 Towing"), which began operating in 2019. 316 Towing is a small towing business with a single office in Winder, Georgia. 316 Towing usually provides roadside assistance to customers within and around Winder, Georgia, including towing, winching, accident response, jump starting vehicles, and other related services. 316 Towing adopted an "independent contractor" model, by which 316 Towing would retain tow truck drivers as independent contractors who could respond to—by accepting or rejecting—calls from potential customers during scheduled on-call "shifts" in exchange for a fixed weekly rate. Prior to beginning work for 316 Towing, tow truck drivers executed Independent Contractor Agreements. At various times, 316 Towing engaged Plaintiffs as independent contractors to provide such tow truck services.

Page 3 of 12
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend Answer and Affirmative Defenses

On June 1, 2022, Plaintiff filed his Original Complaint–Collective Action [Dkt. 1].  Within his Complaint, Plaintiff alleges, in pertinent part, (i) that Plaintiff was an "employee" of Defendants as defined by the F.L.S.A., 29 U.S.C. § 203(e); (ii) that Defendants classified Plaintiff as an independent contractor, exempt from the overtime requirements of the F.L.S.A.; and (iii) that Plaintiff is entitled to the rights, protections, and benefits provided under the F.L.S.A., including (a) wages and compensation based on the standard minimum wage for all hours worked, and (b) 1.5 times his base hourly rate for hours worked over 40 each week.

Based on these allegations, Plaintiff filed this lawsuit seeking relief for violation of the F.L.S.A. as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to (i) overtime premiums for all hours worked over forty each week; (ii) liquidated damages or, alternatively, prejudgment interest at the applicable legal rate; and (iii) attorney's fees and costs.  Within his Complaint, Plaintiff asserts an individual claim for damages and declaratory relief from alleged F.L.S.A. violations and a collective action claim for the same on behalf of all similarly situated employees.

On August 26, 2022, Plaintiff filed his Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information

Page 4 of 12
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend Answer and Affirmative Defenses

[Dkt. 16].  This Court entered its Order on Plaintiff's Motion on February 6, 2023 [Dkt. 16] (the "Conditional Certification Order"), which conditionally certified the class of potential plaintiffs and further ordered the parties to undertake actions to facilitate notice of potential class members.  By April 14, 2023, Plaintiff filed Consents to Join Collective Action for three opt-in plaintiffs [Dkt. 12, 35, 36].  Plaintiff and the opt-in plaintiffs are hereinafter collectively referred to as "Plaintiffs."

Since the commencement of this action, the Court has entered three orders extending the discovery period for various reasons, the latest of which extended the discovery period through and including October 20, 2023 [Dkt. 27, 41, 46].  During this time, the parties have exchanged written discovery and Defendants recently deposed all four Plaintiffs.  During these depositions, Defendants learned of facts for the first time that give rise to an inadvertently omitted affirmative defense.  Specifically, Plaintiffs testified to facts that go to the issues of whether Plaintiffs or Defendants were engaged in interstate commerce, which are relevant to the Motor Carrier Exemption ("MCA Exemption") to the F.L.S.A.'s maximum hours requirements, 29 U.S.C. § 213(b)(1).  Thus, to the extent that the Court determines they were engaged in interstate commerce, Plaintiff's Complaint should nevertheless be dismissed because 316 Towing is a motor carrier within the meaning of 49 U.S.C.

**Page 5 of 12**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Motion to Amend Answer and Affirmative Defenses**

§ 31502(b), and falls within the MCA Exemption.  To the extent that Plaintiffs may be considered "employees," they are similarly exempt from the F.LS.A.'s maximum hours requirements under the MCA Exemption.

 This additional affirmative defense that Defendants seek to add should not require any additional discovery not already contemplated by the parties.  Thus, there is no prejudice to Plaintiffs for allowing an amendment to Defendants' Answer and Affirmative Defenses because Plaintiffs still have the opportunity to take additional discovery if necessary.[1]

### III.   ARGUMENT AND CITATION OF AUTHORITY

Rule 15(a) of the Federal Rules of Civil Procedures provides, in pertinent part, that a party may amend a pleading upon leave of court and that, "leave shall be freely given when justice so requires."  *See also* Kontrick v. Ryan, 540 U.S. 443 (2004) ("An answer may be amended to include an inadvertently omitted affirmative defense, even after the time to amend 'of course' has passed.") (quotations omitted); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 763 (11th Cir. 1995) (affirming district court's allowance of amendment to include statute of limitations defense).

---

[1] To the extent that Defendants require additional time for discovery on this additional affirmative defense, Defendants are agreeable to Plaintiffs preparing and filing a joint motion to extend the discovery period by a maximum of thirty (30) days.

Page 6 of 12
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend Answer and Affirmative Defenses

The Eleventh Circuit has interpreted this to mean that, when addressing affirmative defenses, a court should avoid hyper-technicalities and instead focus on the purpose of the pleading rules, which is "simply to guarantee that the opposing party has actual notice of any additional issue that may be raised at trial." Hassan v. United States Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) (allowing defendant to rely on affirmative defense not raised in answer). The decision of whether to grant leave to amend is within the sound discretion of the Court. Hester v. International Union of Operating Engineers, 941 F.2d 1574, 1578 (11th Cir. 1991) (stating that the determination of whether to grant leave to amend is in the discretion of the court, but acknowledging that "the rules of civil procedure restrict that discretion," finding "in the absence of any apparent reason, leave to amend should be granted"). As a result, the Eleventh Circuit has held that "unless a substantial reason exists to deny leave to amend, the discretion of the court is not broad enough to permit denial." Shipner v. Eastern Airlines, Inc., 868 F.2d. 401, 407 (11th Cir. 1989). Thus, "In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994).

Here, justice requires that the Court provide Defendants leave to raise the suggested affirmative defense in conformity with the Federal Rules' "overall goal of

Page 7 of 12
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend Answer and Affirmative Defenses

resolving disputes, insofar as possible, on the merits." <u>Breckenridge Crest Apartments, Ltd. v. Citicorp Mortg., Inc.</u>, 826 F. Supp. 460, 463 (N.D. Ga. 1993) (quoting <u>Spartan Grain & Mill Co. v. Ayers</u>, 517 F.2d 214, 220 (5th Cir. 1975). Defendants seek to assert this defense in good faith because it is directly applicable to Plaintiff's Complaint, and not for the purposes of delay.  Indeed, if the MCA exemption applies, Plaintiffs are not entitled to overtime protections of the F.L.S.A. *See* <u>Bethel v. Lazer Spot, Inc.</u>, 1:20-CV-1835-AT, 2022 WL 1683738, at *1 (N.D. Ga. Mar. 28, 2022).  Moreover, Defendants promptly brought this motion after discovering new facts during Defendants' recent depositions of Plaintiffs which gave rise to the inadvertently omitted defense, so no undue delay, bad faith, or dilatory motive exists.

Further, because the parties have not yet completed discovery and the parties have yet to file any dispositive motions as the filing deadline has not passed, no prejudice results from allowing Defendants to amend its responsive pleading. *See* <u>Taylor v. CompUSA, Inc.</u>, 2004 U.S. Dist. LEXIS 14520 (N.D.Ga. June 29, 2004) (granting defendant's motion to amend answer and affirmative defenses where proposed amendment would not prejudice plaintiffs or delay the case); *see also* <u>Villalba v. Coutts & Co.</u>, 250 F.3d 1351 (11th Cir. 2001) ("A court may consider an affirmative defense that did not appear in the answer, if the plaintiff has suffered no

Page 8 of 12
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend Answer and Affirmative Defenses

prejudice from the failure to raise the defense in a timely fashion."). To the degree that Plaintiffs claim they will be prejudiced by the fact that Plaintiffs are less likely to prevail if this defense is added, this is not the type of prejudice that would "warrant the disallowance of an amendment" to the answer. Hanflik v. Ratchford, 848 F. Supp. 1539, 1543 (N.D. Ga. 1994); aff'd., 56 F.3d 1391 (11th Cir. 1995) (allowing defendant to amend answer to allow affirmative defense after 20 months of litigation). Nevertheless, out of an abundance of caution, Defendants seek leave to raise the suggested affirmative defense to ensure that Plaintiffs have "actual notice" of these issues before trial. Finally, because the amendment is not futile and no substantial reason exists to deny leave to amend, Defendants should be allowed to amend its responsive pleading to add the affirmative defense of the MCA Exemption.

## IV.   CONCLUSION

Based on the foregoing, Defendants respectfully requests that the Court grant Defendants leave to amend Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint. Further, Defendants respectfully request that, upon granting this motion, the Court direct the Clerk of Court to file Defendants' Answer and First Amended Affirmative Defenses, which is attached hereto as Exhibit "1."

**Page 9 of 12**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Motion to Amend Answer and Affirmative Defenses**

A proposed Order is attached hereto as Exhibit "2" for this Court's consideration.

Respectfully submitted this 12th day of October 2023.

| PREPARED AND FILED BY: | CONSENTED TO BY: |
|---|---|

/s/Jeremy R. Handschuh
Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
Amanda I. Elliott, Esq.
Georgia Bar No. 137633
*Counsel for Defendants*

MITCHELL - HANDSCHUH
LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
T: (404) 262 - 9488
F: (404) 231 - 3774
E: jeremy@m-hlawgroup.com
E: amanda@m-hlawgroup.com

/s/ Josh Sanford
Josh Sanford, Esq.
Ark. Bar No. 2001037
*Lead Counsel for Plaintiff*

SANDFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
T: (501) 221-0088
F: (888) 787-2040
E: josh@sanfordlawfirm.com

/s/ Matthew W. Herrington
Matthew W. Herrington
Ga. Bar No. 275411
*Local Counsel for Plaintiff*

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
T: (404) 979-3150
E: matthew.herrington@dcbflegal.com

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

**Page 10 of 12**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Motion to Amend Answer and Affirmative Defenses**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No: 2:22-cv-103-RWS |
| 316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4, I hereby certify that on this day, Thursday, October 12, 2023, I have caused to serve true and correct copies of the documents listed below:

1.   CONSENT MOTION TO AMEND DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW; and

2.   this CERTIFICATE OF SERVICE;

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**Page 11 of 12**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Motion to Amend Answer and Affirmative Defenses**

Matthew W. Herrington, Esq.
DELONG, CALDWELL, BRIDGERS FITZPATRICK & BENJAMIN, LLC
Matthew.herrington@dcbflegal.com
*Local Counsel for Plaintiff*

Josh Sanford, Esq.
Sean Short, Esq.
SANFORD LAW FIRM, PLLC
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com
*Lead Counsel for Plaintiff*

Respectfully submitted this 12th day of October 2023.

| | |
|---|---|
| MITCHELL - HANDSCHUH | /s/ Jeremy R. Handschuh |
| LAW GROUP | Jeremy R. Handschuh, Esq. |
| 3390 Peachtree Road, NE, Suite 520 | Georgia Bar No. 418099 |
| Atlanta, Georgia 30326 | Amanda I. Elliott, Esq. |
| T: (404) 262 - 9488 | Georgia Bar No. 137633 |
| F: (404) 231 - 3774 | *Counsel for Defendants* |
| E: jeremy@m-hlawgroup.com | |
| E: amanda@m-hlawgroup.com | |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

**Page 12 of 12**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Motion to Amend Answer and Affirmative Defenses**

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No: 2:22-cv-103-RWS |
| 316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER AND FIRST AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants 316 TOWING & Road Service INC ("316 Towing") and Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and through their counsel of record and file this Defendants' Answer and First Amended Affirmative Defenses ("Defendants' Amended Answer") to Plaintiff Dustin Hyde's Complaint ("Plaintiff's Complaint") as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff fails to state a cause of action for which relief can be granted that provides for compensatory,

consequential or liquidated damages, or any other damages, costs or fees allowed by the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, *et seq*. (the "F.L.S.A.").

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrines of estoppel and waiver.

<b><u>THIRD AFFIRMATIVE DEFENSE</u></b>

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrines of payment and release.

<b><u>FOURTH AFFIRMATIVE DEFENSE</u></b>

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred for failure to satisfy all conditions precedent.

<b><u>FIFTH AFFIRMATIVE DEFENSE</u></b>

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred wholly or partly, by the statute of limitations, including without limitation 29 U.S.C.A. § 255.

<b><u>SIXTH AFFIRMATIVE DEFENSE</u></b>

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff and other similarly situated individuals were not employees of 316 Towing for the purposes of Plaintiff's claims brought under the F.L.S.A.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims are subject to a mandatory arbitration provision found within an Independent Contractor and Lease Agreement between 316 Towing and Plaintiff, which provides in relevant part that ". . . any dispute concerning the terms of this Agreement will be submitted to mediation followed by binding arbitration before a tribunal convened under the rules of the American Arbitration Association at Atlanta, GA."

## NINTH AFFIRMATIVE DEFENSE

With respect to some or all claims brought or allegedly brought by the Plaintiff, Defendants affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the F.L.S.A. were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with the F.L.S.A.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover liquidated damages, because: (1) 316 Towing and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the F.L.S.A.; (2) 316 Towing (including its officers, directors, managers, and agents) did not authorize or ratify any such willful violation with respect to the plaintiff; and (3) the plaintiff has failed to plead facts sufficient to support recovery of such damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and other similarly situated individuals are not entitled to relief under the FLSA because, to the extent that Plaintiff or any other similarly situated individuals could be considered "employees" of 316 Towing, it has paid all such individuals all sums legally due under the F.L.S.A.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred to the extent that the Plaintiff lacks standing to raise some or all of the claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

As an alternative affirmative defense, and to the extent that Plaintiff or Defendants were engaged in interstate commerce, Plaintiff's Complaint should be dismissed because Defendant 316 Towing is a motor carrier within the meaning of

49 U.S.C. § 31502(b), and falls within the Motor Carrier Exemption ("MCA Exemption") to the F.L.S.A.'s maximum hours requirements, 29 U.S.C. § 213(b)(1). To the extent that Plaintiff may be considered an "employee," he is similarly exempt from the F.LS.A.'s maximum hours requirements under the MCA Exemption.

## SPECIFIC RESPONSES TO PLAINTIFF'S ALLEGATIONS

Defendants answer the numbered paragraphs of Plaintiff's Complaint as follows:

1.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore deny them.

2.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and therefore deny them.

3.     Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4.     Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants are without sufficient knowledge or information to admit or deny the allegations within Paragraph 5 of Plaintiff's Complaint and therefore deny them.

6.      Defendants admit the allegations within Paragraph 6 of Plaintiff's Complaint except for the incorrect punctuation applied to the name of Defendant 316 TOWING & Road Service INC.

7.      Defendants admit the allegations within Paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit the allegations within Paragraph 8 of Plaintiff's Complaint.

9.      In response to Paragraph 9 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

10.      Defendants deny the allegations within Paragraph 10 of Plaintiff's Complaint.

11.      Defendants admit that Defendant Lisovskiy is a principal, officer and/or owner of 316 Towing.  Defendants otherwise deny the remainder of the allegations within Paragraph 11 of Plaintiff's Complaint.

6

12.     Defendants deny the allegations within Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations within Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations within Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations within Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations within Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations within Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations within Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations within Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations within Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations within Paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations within Paragraph 22 of Plaintiff's Complaint.

23.     Defendants admit that 316 Towing engaged Plaintiff as an independent contractor to provide roadside assistance and short-haul intrastate towing for 316 Towing's customers.  Defendants otherwise deny the remainder of the allegations within Paragraph 23 of Plaintiff's Complaint.

24.     Defendant 316 Towing admits that it engaged other independent contractors to perform services similar to those provided by Plaintiff.  Defendants otherwise deny the remainder of the allegations within Paragraph 24 of Plaintiff's Complaint.

25.     Defendants admit that Plaintiff was engaged by 316 Towing as an independent contractor.  Defendants otherwise deny the remainder of the allegations within Paragraph 25 of Plaintiff's Complaint.

26.     Defendants admit that 316 Towing engaged other independent contractors to perform services similar to those provided by Plaintiff.  Defendants otherwise deny the remainder of the allegations within Paragraph 26 of Plaintiff's Complaint.

27.    Defendants deny the allegations within Paragraph 27 of Plaintiff's Complaint.

28.    Defendants deny the allegations within Paragraph 28 of Plaintiff's Complaint.

29.    Defendants deny the allegations within Paragraph 29 of Plaintiff's Complaint.

30.    Defendants admit the allegations within Paragraph 30 of Plaintiff's Complaint.

31.    Defendants admit the allegations within Paragraph 31 of Plaintiff's Complaint.

32.    Defendants deny the allegations within Paragraph 32 of Plaintiff's Complaint.

33.    Defendants deny the allegations within Paragraph 33 of Plaintiff's Complaint.

34.    Defendants deny the allegations within Paragraph 34 of Plaintiff's Complaint.

35.    Defendants deny the allegations within Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations within Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations within Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations within Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations within Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations within Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations within Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations within Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations within Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations within Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations within Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations within Paragraph 46 of Plaintiff's Complaint.

47.     Defendants admit only that 316 Towing paid Plaintiff on a weekly basis following receipt of Plaintiff's invoice.  Defendants otherwise deny the remainder of the allegations within Paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations within Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations within Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations within Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations within Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations within Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations within Paragraph 53 of Plaintiff's Complaint.

11

54.     Defendants deny the allegations within Paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations within Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations within Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations within Paragraph 57 of Plaintiff's Complaint.

58.     In response to Paragraph 58 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

59.     Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 59 of Plaintiff's Complaint and therefore deny them.

60.     Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 60 of Plaintiff's Complaint and therefore deny them.

61.     Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 61 of Plaintiff's Complaint and therefore deny them.

62.     Defendants deny the allegations within Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations within Paragraph 63 of Plaintiff's Complaint.

64.     Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 64 of Plaintiff's Complaint and therefore deny them.

65.     Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 65 of Plaintiff's Complaint and therefore deny them.

66.     Defendants deny the allegations within Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations within Paragraph 67 of Plaintiff's Complaint.

68.   In response to Paragraph 68 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

69.   Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 69 of Plaintiff's Complaint and therefore deny them.

70.   Defendants deny the allegations within Paragraph 70 of Plaintiff's Complaint.

71.   Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 71 of Plaintiff's Complaint and therefore deny them.

72.   Defendants deny the allegations within Paragraph 72 of Plaintiff's Complaint.

73.   Defendants deny the allegations within Paragraph 73 of Plaintiff's Complaint.

74.   Defendants deny the allegations within Paragraph 74 of Plaintiff's Complaint.

75.   Defendants deny the allegations within Paragraph 75 of Plaintiff's Complaint.

76.    Defendants deny the allegations within Paragraph 76 of Plaintiff's Complaint.

77.    Defendants deny the allegations within Paragraph 77 of Plaintiff's Complaint.

78.    Defendants deny the allegations within Paragraph 78 of Plaintiff's Complaint.

79.    In response to Paragraph 79 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

80.    Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 80 of Plaintiff's Complaint and therefore deny them.

81.    Defendants deny the allegations within Paragraph 81 of Plaintiff's Complaint.

82.    The allegations within Paragraph 82 of Plaintiff's Complaint appear to be a summary of certain laws and unidentified regulations not requiring an answer from Defendants. To the extent an answer is required, Defendants deny the allegations within Paragraph 82 of Plaintiff's Complaint.

15

83.     Defendants deny the allegations within Paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny the allegations within Paragraph 84 of Plaintiff's Complaint.

85.     Defendants deny the allegations within Paragraph 85 of Plaintiff's Complaint.

86.     Defendants deny the allegations within Paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the allegations within Paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny the allegations within Paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny the allegations within Paragraph 89 of Plaintiff's Complaint.

90.     Defendants deny the allegations within Paragraph 90 of Plaintiff's Complaint.

In response to the sentence beginning with the word "WHEREFORE" following Paragraph 90, Defendants deny that the Plaintiff or any other similarly situated individuals are entitled to any of the requested relief sought therein.  Any

16

allegations and/or inferences contained in Plaintiff's Complaint not specifically admitted are hereby denied.

**WHEREFORE**, having answered fully, Defendants pray that:

(a)     a trial by jury on all issues so triable, by the maximum number of jurors permitted by law;

(b)     the Plaintiff's Complaint be dismissed with prejudice;

(c)     judgment be entered in favor of the Defendants;

(d)     the taxable costs of this action be assessed against Plaintiff;

(e)     Defendants be awarded all of their reasonable attorney's fees and expenses incurred in this action; and

(f)     the Court grant such other relief as deemed just.

Respectfully submitted this 12th day of October 2023.

MITCHELL - HANDSCHUH
LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
T: (404) 262 - 9488
F: (404) 231 - 3774
E: jeremy@m-hlawgroup.com
E: amanda@m-hlawgroup.com

/s/Jeremy R. Handschuh
Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
Amanda I. Elliott, Esq.
Georgia Bar No. 137633
*Counsel for Defendants*

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

17

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

DUSTIN HYDE, individually and on )
Behalf of All Other Similarly Situated )
)
Plaintiff, )
)
v. )                      Civil Action File No: 2:22-cv-103-RWS
)
316 TOWING & ROAD SERVICE, )          **JURY TRIAL DEMANDED**
INC., and MAKSIM LISOVSKIY )
)
Defendants. )

## ORDER ON CONSENT MOTION TO AMEND
## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S COMPLAINT

The Court, having duly considered the Consent Motion to Amend Defendants'

Answer and Affirmative Defenses to Plaintiff's Complaint and Incorporated

Memorandum of Law of Defendants 316 Towing & Road Service, Inc. and Maksim

Lisovskiy to request leave to amend Defendants' Answer and Affirmative Defenses

to Plaintiff's Complaint, hereby makes the following order: Defendants' Motion is

GRANTED.  The Clerk of Court is hereby directed to file Defendants' Answer and

First Amended Affirmative Defenses, which is attached to Defendants' Motion as

Exhibit "1."

**Page 1 of 2**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Order on Motion to Amend the Scheduling Order**

**IT IS SO ORDERED**, this _____ day of _____ 2023.

                                               **_____**

                                               HON. RICHARD W. STORY
                                               UNITED STATES DISTRICT JUDGE

**PREPARED AND FILED BY:**

/s/Jeremy R. Handschuh
Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
Amanda I. Elliott, Esq.
Georgia Bar No. 137633
*Counsel for Defendants*

MITCHELL - HANDSCHUH
LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
T: (404) 262 - 9488
F: (404) 231 - 3774
E: jeremy@m-hlawgroup.com
E: amanda@m-hlawgroup.com

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B*
*and the N.D.Ga. Standing Order No. 04-01.*

**Page 2 of 2**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Joint Motion to Extend the Period for Discovery**