## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No: 2:22-cv-103-RWS |
| 316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## CONSENT MOTION TO AMEND THE SCHEDULING ORDER AND INCORPORATED MEMORANDUM OF LAW

COME NOW Defendants 316 Towing & Road Service, Inc. ("316 Towing")
and Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and
through their counsel of record, and file this Consent Motion to Amend the
Scheduling Order, entered on August 10, 2022 [Dkt. 15].  Defendants hereby
respectfully move this honorable Court to issue an updated Scheduling Order
extending the deadline for the Parties to file any summary judgment or other
dispositive motions through and including thirty (30) days following the Court's
order on Defendants' Motion for Decertification, which must be filed within thirty

Page 1 of 11
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend the Scheduling Order

(30) days following the close of discovery, or November 20, 2023. In further support thereof, Defendants show this Court the following:

1.

Plaintiff filed his Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information on August 26, 2022 [Dkt. 16] ("Plaintiff's Motion").

2.

This Court entered its Order on Plaintiff's Motion on February 6, 2023 [Dkt. 16] (the "Conditional Certification Order"), which conditionally certified the class of potential plaintiffs and further ordered the Parties to undertake actions to facilitate notice of potential class members.

3.

The Conditional Certification Order provides, in pertinent part, the following procedural overview for collective actions brought under the FLSA:

> The Eleventh Circuit generally applies a two-step process when deciding whether to certify and how to manage a § 216(b) collective action.  Id.  The first stage is called the "notice" or "conditional certification" stage, and it "contemplates two questions: (1) whether there are other employees who wish to opt-in to the action, and (2) whether those employees are 'similarly situated' with respect to their job requirements and pay provisions." Saenz v. Old Dominion Freight Line, Inc., 2019 WL 6622840, at *3 (N.D. Ga. June 7, 2019) (citation omitted). . . .

Page 2 of 11
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Joint Motion to Extend the Period for Discovery

The second stage typically occurs after discovery, and it is usually triggered by an employer's Motion for Decertification.  Id.  At this stage, with the benefit of a more robust record, district courts apply a less lenient standard and make a more informed factual determination of the similarity of the employees. Id. (citation omitted); see also Bailey v. S. Therapy Servs., Inc., 2022 WL 16951683, at *1 (N.D. Ga. Mar. 28, 2022 (citation and quotations omitted).

Conditional Certification Order at pp. 4-6.

4.

The Court has since entered three orders extending the discovery period for various reasons: (1) on February 13, 2023, the Court entered an Order on Joint Motion to Extend the Discovery Period, granting the Parties' joint motion [Dkt. 27] and extending the discovery period and all other relevant time limits by ninety (90) days [Dkt. 28]; (2) on May 8, 2023, the Court entered an Order on Second Joint Motion to Extend the Discovery Period, granting the Parties' joint motion [Dkt. 41] and extending the discovery period and all other relevant time limits by sixty (60) days [Dkt. 42]; and (3) on June 21, 2023, the Court entered an Order on Plaintiff's Unopposed Motion to Extend Certain Deadlines, extending the discovery period by ninety (90) days and the deadlines for dispositive motions by (30) days beyond the new discovery deadline [Dkt. 46].

Page 3 of 11
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Joint Motion to Extend the Period for Discovery

5.

Pursuant to the Court's June 21, 2023 Order, the discovery period ends on October 20, 2023, and the deadline to file any dispositive motions is thirty (30) days after the expiration of the discovery period, or November 20, 2023.

6.

The Parties have had the opportunity, and continue, to engage in meaningful discovery, which has produced a robust record upon which Defendants intend to rely in filing a Motion for Decertification.

7.

Defendants' Motion for Decertification shall be filed within thirty (30) days after the expiration of the discovery period, or November 20, 2023.

8.

Under the present concurrent deadlines, in order for Defendants to prepare and file a Motion for Decertification and for the Parties to prepare and file any motions for summary judgment or other dispositive motions, and respond and reply to any such motions, the Parties would need to engage in simultaneous, conflicting, and complex factual and legal review and analyses. The Court would then need to review these conflicting motions contemporaneously.

**Page 4 of 11**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Joint Motion to Extend the Period for Discovery**

9.

Where a motion to decertify a collective action is granted, the action shall proceed only with regard to the named plaintiffs' individual claims and the claims of all opt-in plaintiffs are to be dismissed without prejudice.  *See* <u>Willoughby v. Youth Villages</u>, Inc., 113 F. Supp. 3d 1265, 1277 (N.D. Ga. 2015).  In the event that motions for summary judgment are simultaneously pending in the context of the collective action, the court should deny those motions with leave to renew them in any subsequent individual actions.  <u>Id.</u>

10.

On the other hand, where a defendant's motion for summary judgment is granted while the defendant's motion for decertification is simultaneously pending before the court, the motion for decertification should be denied as moot.  *See* <u>Steed v. Equifax Info. Servs., LLC</u>, 1:14-CV-0437-SCJ, 2016 WL 7888039, at *6 (N.D. Ga. Aug. 31, 2016); <u>Bell v. Callaway Partners, LLC</u>, 1:06-CV-1993-CC, 2010 WL 6231196, at *14 (N.D. Ga. Feb. 5, 2010), <u>aff'd,</u> 394 Fed. Appx. 632 (11th Cir. 2010).

11.

In light of the fact that (i) the Court conditionally certified the class of potential plaintiffs in stage one of a two-stage process; (ii) the Parties are engaging in discovery and developing a "robust record" upon which Defendants intend to

**Page 5 of 11**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Joint Motion to Extend the Period for Discovery**

move for decertification ("stage two"); (iii) the Parties would need to engage in simultaneous, conflicting, and complex factual and legal review and analyses under concurrent motion deadlines; and (iv) the outcome of Defendants' Motion for Decertification may substantially alter or even moot the Parties' arguments in any motions for summary judgment or other dispositive motions, Defendants respectfully request an extension to the deadline for the Parties to file any summary judgment or other dispositive motions through and including thirty (30) days following the Court's order on Defendants' Motion for Decertification.

12.

The Court may modify the Scheduling Order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

13.

As (i) this Motion is brought for the just causes of judicial economy and efficiency and to mitigate the Parties' potentially unnecessary time and expense that would otherwise be incurred; (ii) this Motion is brought prior to the expiration of the current discovery cut-off; (iii) this Motion is not brought for any improper purpose and is not brought in an attempt to delay the preparation of this case for trial; and (iv) no prejudice will result to the Parties by an order granting the requested relief

Page 6 of 11
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Joint Motion to Extend the Period for Discovery

herein, Defendants respectfully request that this Court consent to reset the relevant time limits as follows:

| Event | Time Limit |
|---|---|
| Discovery Period | October 20, 2023 |
| Motions to Compel Due | Close of Discovery Period (or October 20, 2023) or within extension period allowed in some instances |
| Post-Discovery Settlement Conference Due | 14 days after Close of Discovery Period (or November 3, 2023) |
| Motion for Decertification Due | 30 days after Close of Discovery Period (or November 20, 2023) |
| Motion for Summary Judgment Due | 30 days after the Court's order on Defendants' Motion for Decertification |

WHEREFORE, Defendants respectfully request, in good faith and for the purposes set forth herein, that this Court grant their Motion to Amend the Scheduling Order as described above.  All other discovery and pre-trial deadlines shall be governed by the timeframes and deadlines set out in the Scheduling Order, as amended from time-to-time, the Federal Rules of Civil Procedure, and the Local Rules of the Northern District of Georgia.

A proposed Order is attached hereto as Exhibit "1" for this Court's consideration.

*[SIGNATURE PAGE FOLLOWS]*

**Page 7 of 11**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Joint Motion to Extend the Period for Discovery**

Respectfully submitted this 12th day of October 2023.

| **PREPARED AND FILED BY:** | **CONSENTED TO BY:** |
|---|---|

/s/Jeremy R. Handschuh
Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
Amanda I. Elliott, Esq.
Georgia Bar No. 137633
*Counsel for Defendants*

MITCHELL - HANDSCHUH
LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
T: (404) 262 - 9488
F: (404) 231 - 3774
E: jeremy@m-hlawgroup.com
E: amanda@m-hlawgroup.com

/s/ Josh Sanford
Josh Sanford, Esq.
Ark. Bar No. 2001037
*Lead Counsel for Plaintiff*

SANDFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
T: (501) 221-0088
F: (888) 787-2040
E: josh@sanfordlawfirm.com

/s/ Matthew W. Herrington
Matthew W. Herrington
Ga. Bar No. 275411
*Local Counsel for Plaintiff*

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
T: (404) 979-3150
E: matthew.herrington@dcbflegal.com

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

**Page 8 of 11**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Joint Motion to Extend the Period for Discovery**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action File No: 2:22-cv-103-RWS ) |
| 316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4, I hereby certify that on this day, Thursday, October 12, 2023, I have caused to serve true and correct copies of the documents listed below:

1.   CONSENT MOTION TO AMEND THE SCHEDULING ORDER AND INCORPORATED MEMORANDUM OF LAW; and

2.   this CERTIFICATE OF SERVICE;

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**Page 9 of 11
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Motion to Amend the Scheduling Order**

Matthew W. Herrington, Esq.
DELONG, CALDWELL, BRIDGERS FITZPATRICK & BENJAMIN, LLC
Matthew.herrington@dcbflegal.com
*Local Counsel for Plaintiff*

Josh Sanford, Esq.
Sean Short, Esq.
SANFORD LAW FIRM, PLLC
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com
*Lead Counsel for Plaintiff*

Respectfully submitted this 12th  day of October 2023.

|  |  |
|---|---|
| | /s/ Jeremy R. Handschuh |
| MITCHELL - HANDSCHUH | Jeremy R. Handschuh, Esq. |
| LAW GROUP | Georgia Bar No. 418099 |
| 3390 Peachtree Road, NE, Suite 520 | Amanda I. Elliott, Esq. |
| Atlanta, Georgia 30326 | Georgia Bar No. 137633 |
| T: (404) 262 - 9488 | *Counsel for Defendants* |
| F: (404) 231 - 3774 | |
| E: jeremy@m-hlawgroup.com | |
| E: amanda@m-hlawgroup.com | |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

**Page 10 of 11**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Joint Motion to Extend the Period for Discovery**

# Exhibit 1

**Page 11 of 11**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Motion to Amend the Scheduling Order**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

DUSTIN HYDE, individually and on
Behalf of All Other Similarly Situated

Plaintiff,

v.

316 TOWING & ROAD SERVICE,
INC., and MAKSIM LISOVSKIY

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action File No: 2:22-cv-103-RWS

**JURY TRIAL DEMANDED**

## ORDER ON CONSENT MOTION TO AMEND
## THE SCHEDULING ORDER

The Court, having duly considered the Consent Motion to Amend the Scheduling Order and Incorporated Memorandum of Law of Defendants 316 Towing & Road Service, Inc. and Maksim Lisovskiy to extend the deadline for the Parties to file any summary judgment or other dispositive motions through and including thirty (30) days following the Court's order on Defendants' Motion for Decertification, hereby makes the following order: Defendants' Motion is GRANTED.  Defendants must file their Motion for Decertification within thirty (30) days after the expiration of the discovery period, or November 20, 2023.  The Parties

Page 1 of 2
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Order on Motion to Amend the Scheduling Order

must then file any summary judgment or other dispositive motions within thirty (30)

days following the Court's order on Defendants' Motion for Decertifigation.

**IT IS SO ORDERED**, this _____ day of _____ 2023.

_____
HON. RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

**<u>PREPARED AND FILED BY:</u>**

<u>/s/Jeremy R. Handschuh</u>
Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
Amanda I. Elliott, Esq.
Georgia Bar No. 137633
*Counsel for Defendants*

MITCHELL - HANDSCHUH
LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
T: (404) 262 - 9488
F: (404) 231 - 3774
E: jeremy@m-hlawgroup.com
E: amanda@m-hlawgroup.com

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B*
*and the N.D.Ga. Standing Order No. 04-01.*

**Page 2 of 2**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Joint Motion to Extend the Period for Discovery**