IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated ) ) ) ) Plaintiff, ) ) ) v. ) ) ) 316 TOWING & ROAD SERVICE, ) INC., and MAKSIM LISOVSKIY ) ) ) Defendants. ) | Civil Action File No: 2:22-cv-103-RWS  **JURY TRIAL DEMANDED** |

### DEFENDANTS' ANSWER AND FIRST AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants 316 TOWING & Road Service INC ("316 Towing") and Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and through their counsel of record and file this Defendants' Answer and First Amended Affirmative Defenses ("Defendants' Amended Answer") to Plaintiff Dustin Hyde's Complaint ("Plaintiff's Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff fails to state a cause of action for which relief can be granted that provides for compensatory,

consequential or liquidated damages, or any other damages, costs or fees allowed by the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, *et seq*. (the "F.L.S.A.").

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrines of estoppel and waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrines of payment and release.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred for failure to satisfy all conditions precedent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred wholly or partly, by the statute of limitations, including without limitation 29 U.S.C.A. § 255.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff and other similarly situated individuals were not employees of 316 Towing for the purposes of Plaintiff's claims brought under the F.L.S.A.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims are subject to a mandatory arbitration provision found within an Independent Contractor and Lease Agreement between 316 Towing and Plaintiff, which provides in relevant part that ". . . any dispute concerning the terms of this Agreement will be submitted to mediation followed by binding arbitration before a tribunal convened under the rules of the American Arbitration Association at Atlanta, GA."

### NINTH AFFIRMATIVE DEFENSE

With respect to some or all claims brought or allegedly brought by the Plaintiff, Defendants affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the F.L.S.A. were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with the F.L.S.A.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover liquidated damages, because: (1) 316 Towing and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the F.L.S.A.; (2) 316 Towing (including its officers, directors, managers, and agents) did not authorize or ratify any such willful violation with respect to the plaintiff; and (3) the plaintiff has failed to plead facts sufficient to support recovery of such damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and other similarly situated individuals are not entitled to relief under the FLSA because, to the extent that Plaintiff or any other similarly situated individuals could be considered "employees" of 316 Towing, it has paid all such individuals all sums legally due under the F.L.S.A.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred to the extent that the Plaintiff lacks standing to raise some or all of the claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

As an alternative affirmative defense, and to the extent that Plaintiff or Defendants were engaged in interstate commerce, Plaintiff's Complaint should be dismissed because Defendant 316 Towing is a motor carrier within the meaning of

49 U.S.C. § 31502(b), and falls within the Motor Carrier Exemption ("MCA Exemption") to the F.L.S.A.'s maximum hours requirements, 29 U.S.C. § 213(b)(1). To the extent that Plaintiff may be considered an "employee," he is similarly exempt from the F.LS.A.'s maximum hours requirements under the MCA Exemption.

## SPECIFIC RESPONSES TO PLAINTIFF'S ALLEGATIONS

Defendants answer the numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore deny them.

2. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and therefore deny them.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants are without sufficient knowledge or information to admit or deny the allegations within Paragraph 5 of Plaintiff's Complaint and therefore deny them.

6. Defendants admit the allegations within Paragraph 6 of Plaintiff's Complaint except for the incorrect punctuation applied to the name of Defendant 316 TOWING & Road Service INC.

7. Defendants admit the allegations within Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations within Paragraph 8 of Plaintiff's Complaint.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

10. Defendants deny the allegations within Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit that Defendant Lisovskiy is a principal, officer and/or owner of 316 Towing. Defendants otherwise deny the remainder of the allegations within Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations within Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations within Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations within Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations within Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations within Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations within Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations within Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations within Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations within Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations within Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations within Paragraph 22 of Plaintiff's Complaint.

23. Defendants admit that 316 Towing engaged Plaintiff as an independent contractor to provide roadside assistance and short-haul intrastate towing for 316 Towing's customers. Defendants otherwise deny the remainder of the allegations within Paragraph 23 of Plaintiff's Complaint.

24. Defendant 316 Towing admits that it engaged other independent contractors to perform services similar to those provided by Plaintiff. Defendants otherwise deny the remainder of the allegations within Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit that Plaintiff was engaged by 316 Towing as an independent contractor. Defendants otherwise deny the remainder of the allegations within Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit that 316 Towing engaged other independent contractors to perform services similar to those provided by Plaintiff. Defendants otherwise deny the remainder of the allegations within Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations within Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations within Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations within Paragraph 29 of Plaintiff's Complaint.

30. Defendants admit the allegations within Paragraph 30 of Plaintiff's Complaint.

31. Defendants admit the allegations within Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations within Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations within Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations within Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations within Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations within Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations within Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations within Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations within Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations within Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations within Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations within Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations within Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations within Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations within Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations within Paragraph 46 of Plaintiff's Complaint.

47. Defendants admit only that 316 Towing paid Plaintiff on a weekly basis following receipt of Plaintiff's invoice. Defendants otherwise deny the remainder of the allegations within Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations within Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations within Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations within Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations within Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations within Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations within Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations within Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations within Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations within Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations within Paragraph 57 of Plaintiff's Complaint.

58. In response to Paragraph 58 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

59. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 59 of Plaintiff's Complaint and therefore deny them.

60. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 60 of Plaintiff's Complaint and therefore deny them.

61. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 61 of Plaintiff's Complaint and therefore deny them.

62. Defendants deny the allegations within Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations within Paragraph 63 of Plaintiff's Complaint.

64. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 64 of Plaintiff's Complaint and therefore deny them.

65. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 65 of Plaintiff's Complaint and therefore deny them.

66. Defendants deny the allegations within Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations within Paragraph 67 of Plaintiff's Complaint.

68. In response to Paragraph 68 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

69. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 69 of Plaintiff's Complaint and therefore deny them.

70. Defendants deny the allegations within Paragraph 70 of Plaintiff's Complaint.

71. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 71 of Plaintiff's Complaint and therefore deny them.

72. Defendants deny the allegations within Paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations within Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations within Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations within Paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations within Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations within Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations within Paragraph 78 of Plaintiff's Complaint.

79. In response to Paragraph 79 of Plaintiff's Complaint, Defendants restate and incorporate their Affirmative Defenses and responses contained within the preceding numbered Paragraphs as if fully stated herein.

80. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 80 of Plaintiff's Complaint and therefore deny them.

81. Defendants deny the allegations within Paragraph 81 of Plaintiff's Complaint.

82. The allegations within Paragraph 82 of Plaintiff's Complaint appear to be a summary of certain laws and unidentified regulations not requiring an answer from Defendants. To the extent an answer is required, Defendants deny the allegations within Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations within Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations within Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations within Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations within Paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations within Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations within Paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations within Paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations within Paragraph 90 of Plaintiff's Complaint.

In response to the sentence beginning with the word "WHEREFORE" following Paragraph 90, Defendants deny that the Plaintiff or any other similarly situated individuals are entitled to any of the requested relief sought therein. Any

allegations and/or inferences contained in Plaintiff's Complaint not specifically admitted are hereby denied.

**WHEREFORE**, having answered fully, Defendants pray that:

(a) a trial by jury on all issues so triable, by the maximum number of jurors permitted by law;

(b) the Plaintiff's Complaint be dismissed with prejudice;

(c) judgment be entered in favor of the Defendants;

(d) the taxable costs of this action be assessed against Plaintiff;

(e) Defendants be awarded all of their reasonable attorney's fees and expenses incurred in this action; and

(f) the Court grant such other relief as deemed just.

Respectfully submitted this 12th day of October 2023.

|  |  |
|---|---|
| MITCHELL - HANDSCHUH LAW GROUP<br>3390 Peachtree Road, NE, Suite 520<br>Atlanta, Georgia 30326<br>T: (404) 262 - 9488<br>F: (404) 231 - 3774<br>E: jeremy@m-hlawgroup.com<br>E: amanda@m-hlawgroup.com | /s/Jeremy R. Handschuh<br>Jeremy R. Handschuh, Esq.<br>Georgia Bar No. 418099<br>Amanda I. Elliott, Esq.<br>Georgia Bar No. 137633<br>*Counsel for Defendants* |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*