**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No: 2:22-cv-103-RWS |
| 316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

<u>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR**</u>
<u>**DECERTIFICATION OF COLLECTIVE ACTION**</u>

COME NOW, Defendants 316 Towing & Road Service, Inc. ("316") and

Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and through

their counsel of record and file this Reply in Support of Defendants' Motion for

Decertification of Collective Action and state as follows:

**INTRODUCTION**

Because Plaintiff has failed to overcome Defendants' showing that the

collective action should be decertified, this Court should grant the relief requested

in Defendants' Motion for Decertification of Collective Action (the "Motion") and

deny Plaintiff's improper request for joinder of the Opt-In Plaintiffs.

1

I.   **THE RECORD REFLECTS THAT PLAINTIFFS ARE NOT SIMILARLY SITUATED BECAUSE THEY HAD DIFFERENT DUTIES, MANAGERS, AND ON-CALL EXPERIENCES.**

   a. **Plaintiff Has Not Overcome Defendants' Showing that Plaintiffs Are Not Similarly Situated.**

As Defendants explained in their Motion, a collective action under the FLSA may only be maintained where the representative employee demonstrates that all employee plaintiffs are "similarly situated." (Defs.' Memo. in Supp. 8, Dkt. 59-1 (citing 29 U.S.C. § 207(a)(1).)   In his Response to Defendants' Motion (the "Response"), Plaintiff tried to meet his burden to show that he and the Opt-In Plaintiffs are similarly situated, but has only been able to do so by mischaracterizing the record with respect to Plaintiffs' duties, managers, and on-call experiences. (Pl.'s Resp., Dkt. 63.)   Thus, because Plaintiffs have not overcome Defendants' showing from the clear record that the Plaintiffs are not sufficiently "similarly situated," the collective action cannot be maintained.

   i.   *Plaintiffs are Not Similarly Situated with Respect to Job Duties.*

As Defendants set forth in their Motion, "the important question at this stage is whether, on the whole record, Plaintiff and the Opt-Ins had factually similar employment experiences. . . ." (Defs.' Memo. in Supp. 10, Dkt. 59-1 (quoting Florence v. Deli Mgmt., Inc., No. 1:18-cv-04303-SCJ, 2021 WL 2488910, at *3 (N.D. Ga. Mar. 8, 2021)).)   Defendants have shown from the clear evidence on the

record that Hyde, in particular, had a much different employment experience than any other Plaintiff, and indeed no Opt-In had a sufficiently similar employment experience to any other Plaintiff.  (Defs.' Memo. in Supp. 10-16, Dkt. 59-1.)

With respect to duties, although all Plaintiffs performed duties as tow truck drivers to some degree, the undisputed record reflects that Hyde also spent "two to six hours a day" performing duties as a driver manager.  (Hyde Dep. 58:7-11.)[1] Instead, Plaintiff contends that Hyde "only performed manager duties when he was not on one of his scheduled 12-hour driving shifts."  (Pl.'s Resp. 6, Dkt. 63.)  This bald contention, however, is simply not supported by the record.  *Id*.  Indeed, the actual record as cited by Plaintiff speaks only to Hyde performing the "driver manager function on top of being a driver."  (*Id.* (citing Hyde Dep. 54:24-55:7).)

Plaintiff then attempts to diminish the significance of Hyde's other duties by mischaracterizing the record.  Contrary to Plaintiff's contention that "Hyde only performed manager duties for a small amount of time during the statutory period," the record actually reflects very clearly that Hyde was a driver manager for at least 10 of the 24 months that he worked for 316, or between 42% and 59% of the statutory

---

[1] Relevant excerpts from Hyde Dep. are attached as Exhibit "A" hereto solely for the Court's convenience.  The entirety of Hyde Dep. may be found at Dkt. 60-1-3.

period.[2]  (Pl.'s Resp. 7, Dkt. 63; Hyde Dep. 52:19-53:6, 64:12-65:5.)   As such, Plaintiff has not overcome Defendants' showing that Hyde's duties and experience differed materially and significantly from the other Plaintiffs.

> ii.   *Plaintiffs are Not Similarly Situated with Respect to Policies and Procedures.*

As explained in Defendants' Motion, to maintain a collective action under the FLSA, Plaintiff must show that all Plaintiffs operated under a "common policy or practice" of misclassification.  (Defs.' Memo. in Supp. 15, Dkt. 59-1.)  Defendants have shown from the clear record that Plaintiffs did not uniformly operate under the same managers, policies, or procedures.  (Defs.' Memo. in Supp. 15-16, Dkt. 59-1.) Plaintiff has attempted to overcome this showing but has only been able to do so by mischaracterizing the record.   Contrary to Plaintiff's contention that "Plaintiffs uniformly testified that their direct supervisor was Defendants' General Manager, Eli Kudrin," the record actually reflects that Brown and Johnson instead reported to Hyde.  (Pl.'s Resp. 10, Dkt. 63; Brown Dep. 61:13-19;[3]  Johnson Dep. 129:4-8.)[4] Thus, Plaintiffs are not even similarly situated with respect to who managed them.

---

[2] The applicable statutory period under 29 U.S.C. § 255(a) is only two years, or three years in the case of a willful violation, which has not been established here.
[3] Relevant excerpts from Brown Dep. are attached as Exhibit "B" hereto solely for the Court's convenience. The entirety of Brown Dep. may be found at Dkt. 60-3.
[4] Relevant excerpts from Johnson Dep. are attached as Exhibit "C" hereto solely for the Court's convenience. The entirety of Johnson Dep. may be found at Dkt. 60-4.

As for the policies that each Plaintiff operated under, the record clearly reflects that Plaintiffs were not "similarly situated" in this respect either. Defendants showed that Hyde, for example, had freedom to stay home, run errands, sleep, and even work a second job during his on-call time, while other Plaintiffs claim that they were required to wait for calls in their trucks. (Defs.' Memo. in Supp. 12, Dkt. 59-1.) Plaintiff has not rebutted these facts, but instead attempts to cobble together a common policy to "be within a certain area and available to accept calls for assistance while on shift" from this hodge-podge of on-call experiences. (Pl.'s Resp. 9, Dkt. 63.) Therefore, Plaintiff has failed to show that all Plaintiffs were subjected to the same policy and has not overcome Defendants' showing that Plaintiffs did not uniformly operate under the same managers, policies, or procedures.

> **b. Plaintiff Has Not Overcome Defendants' Showing that Differences in Plaintiffs' Duties, Managers, and On-Call Experiences Are Relevant to Liability Issues and Individualized Defenses.**

As Defendants argue in their Motion, Plaintiff cannot satisfy the "similarly situated" standard required to maintain a collective action where "the issue of liability is not susceptible to common proof." (Defs.' Memo. in Supp. 22, Dkt. 59-1 (quoting Rindfleisch v. Gentiva Health Services, Inc., 22 F.Supp.3d 1295, 1303 (N.D. Ga. 2014)).) Defendants have made sufficient showings from the clear record that Plaintiffs held different roles, managed their wait time differently, and had

different supervisors.  Plaintiff, however, argues that these differences do not matter to the liability issues in this case, and that "Defendants must show how those differences are relevant to Plaintiffs' claims." (Pl.'s Resp. 13, Dkt. 63.)  Even if this can be considered a proper characterization of the rule, which it is not, Defendants set forth in their Motion how these factual distinctions support individualized defenses that indeed inform Defendants' alleged liability, as explained in greater detail in Section II below.  Accordingly, because Plaintiff has not overcome Defendants' showing that these differences are relevant to both liability issues and individualized defenses, the collective action cannot be maintained.

## II.   THE CLEAR RECORD REFLECTS THAT INDIVIDUALIZED DEFENSES WARRANT DECERTIFICATION.

As properly set forth in Defendants' Motion, decertification is appropriate where adjudication of even one defense would be too individualized to decide collectively.  (Defs.' Memo. in Supp. 16, Dkt. 59-1 (quoting Florence, 2021 WL 2488910, at *7).)  Here, the clear facts on the record support multiple individualized defenses to Plaintiffs' claims which warrant decertification to avoid having multiple trials on liability within a single collective action.  Specifically, Defendants have asserted individualized defenses which include, among others, (i) lack of coverage under the FLSA; (ii) exemptions under the MCA; (iii) lack of liability as to Plaintiffs who did not work in excess of 40 hours per week; and (iv) arbitration.

Instead of addressing the dissimilar facts that inform these defenses with respect to the individual Plaintiffs, Plaintiff instead relies on misstatements of the applicable law, as explained in greater detail in Sections II(a)-(c) below.  Because Plaintiff has not overcome Defendants' showing that the individualized defenses in this case warrant decertification, the collective action cannot be maintained.

### a. Plaintiff mistakenly contends, without citation to any authority, that FLSA coverage is "not an individualized issue."

As explained in Defendants' Motion, to establish a claim under the FLSA, Plaintiff must show either that (i) 316 is a covered enterprise, or (ii) Plaintiff is individually covered under the FLSA.  (Defs.' Memo. in Supp. 21, Dkt. 59-1 (citing 29 U.SC. § 207(a)(1)).)  Plaintiff has conceded by omission that 316 is not a covered enterprise at least with respect to some years relevant to this action, including 2021. (Pl.'s Resp. 15-17, Dkt. 63.)  Defendants have further shown that the facts on the record exclude some Plaintiffs from individual coverage under the FLSA.  (Defs.' Memo. in Supp. 21-22, Dkt. 59-1.)  Plaintiff, however, has not pointed to any facts on the record that might rebut Defendants' showing or otherwise satisfy Plaintiff's burden to show that Plaintiffs are individually covered under 29 U.S.C. § 207(a)(1). Instead, Plaintiff argues, without citation to any authority, that FLSA coverage is "not an individualized issue precluding certification," and that "issues of individual coverage go to a week-by-week evaluation of damages."  (Pl.'s Resp. 16, Dkt. 63.)

Indeed, Plaintiff confuses the threshold issue of coverage under the FLSA, namely whether an employer can even be held liable for violating the FLSA's overtime provisions, with a question of damages.  As the Middle District of Florida held long ago, questions of individual coverage favor decertification, as such determinations "require individualized inquiries at trial."  Whineglass v. Smith, No. 8:11-CV-2784-T-23TGW, 2013 WL 2237841, at *8 (M.D. Fla. May 21, 2013). Because Plaintiff has not and cannot overcome Defendants' clear showing that some individuals are not individually covered under the FLSA, this is undoubtedly an individualized defense that weighs in favor of decertification.

### b. Plaintiff mistakenly contends, without citation to any authority, that the MCA Exemption applies on a "week-by-week basis."

Defendants further established that at least some Plaintiffs would have been exempt from the overtime provisions of the FLSA pursuant to 29 C.F.R. § 782.2(a) (the "MCA Exemption").  (Defs.' Memo. in Supp. 19-21, Dkt. 59-1.)  As explained in Defendants' Motion, the FLSA exempts from its overtime pay requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the [MCA]." (Defs.' Memo. in Supp. 19, Dkt. 59-1 (quoting 29 U.S.C. § 213(b)(1)).)

Again, Plaintiff contends, without citation to any legal authority, that the application of the MCA Exemption is "merely a disguised question of varying

damages" when, in fact, it is a question of the threshold jurisdiction issue.  (Pl.'s Resp. 17, Dkt. 63.)  Plaintiff further contends, without citation to any authority, that the MCA Exemption "applies only on a week-by-week basis."  *Id*.  In doing so, Plaintiff imposes upon the Court the task of individually parsing out which weeks each Plaintiff would have fallen under the MCA Exemption for the purpose of calculating damages, which defeats all judicial efficiency envisioned by allowing this action to proceed as a collective.  *Id*.

Pursuant to 49 C.F.R. § 782.2(b)(3), "the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting 'safety of operation.'"  Although a week-by-week analysis may be appropriate where an employee performs *no* work affecting the "safety of operation" of vehicles in interstate commerce, drivers employed by common carriers fall within the exemption even where interstate driving is "sporadic and occasional, and in practice some drivers [will] not be called upon for long periods to perform any such work." 49 C.F.R. § 782.2(b)(3)-(c)(1).  As the 11th Circuit has explained "[t]he Department of Labor's jurisdiction under the FLSA and the Department of Transportation's jurisdiction under the Motor Carrier Act are mutually exclusive and there are no overlapping areas of jurisdiction. . . . [A]n exemption under section 213(b)(1) is created so long as the Secretary has the authority to regulate over a particular

category of employees." <u>Spires v. Ben Hill Cnty.</u>, 980 F.2d 683, 686 (11th Cir. 1993). Thus, because the Secretary of Transportation maintained continuous jurisdiction over those Plaintiffs who performed interstate trips, the MCA Exemption would have applied for every week that they worked for 316. Because Plaintiff has not overcome Defendants' showing that at least some Plaintiffs would have been exempt from the FLSA's overtime provisions under the MCA Exemption, this is undoubtedly an individualized defense that warrants decertification.

    **c. Plaintiff mistakenly contends, without citation to any authority, that the compensability of Plaintiffs' on-call time is "a question for the jury and does not affect a determination of similarity."**

As explained in Defendants' Motion, where some Plaintiffs "do not actually have a viable claim for damages, disparate factual settings and individual defenses exist," which warrant decertification of the collective action. (Defs.' Memo. in Supp. 22, Dkt. 59-1 (quoting <u>Rindfleisch</u>, 22 F.Supp.3d at 1302).) Defendants have established that whether Plaintiffs have viable claims for overtime damages hinges upon the compensability of the time each Plaintiff spent waiting for calls during his respective on-call "shift." (Defs.' Memo. in Supp. 22, Dkt. 59-1.) Defendants further showed that Plaintiffs' time spent waiting for calls was not compensable, and, as a result, at least some Plaintiffs do not have viable claims under the FLSA

because they did not work more than 40 hours during any week.  (Defs.' Memo. in Supp. 13-15, 22, Dkt. 59-1.)

In response, Plaintiff concedes, at least through omission, that time spent waiting on-call was not compensable.  (Pl.'s Resp. 8-9, 13, and 18, Dkt. 63.)  Indeed, Plaintiff completely fails to articulate any factual or legal basis as to why time spent waiting "on call" should be compensable in this action.  (Pl.'s Resp. 18, Dkt. 63.) Plaintiff advances only a misplaced contention, without citation to any authority, that the compensability of time spent waiting for calls is "a question for the jury and does not affect a determination of similarity."  (Pl.'s Resp. 18, Dkt. 63.)  However, "the issue of whether on-call time is compensable is an issue for the Court to decide." Llorca v. Sheriff, Collier Cnty., Fla., 893 F.3d 1319, 1324 (11th Cir. 2018).  Indeed, the Middle District of Florida has considered compensability of on-call time as part of the "similarly situated" analysis for the purposes of collective action certification. See West v. Verizon Commc'ns, Inc., No. 8:08-CV-1325-T-33MAP, 2009 WL 2999181 (M.D. Fla. Jul. 29, 2009) (finding that employees were not "similarly situated" where some spent "on-call" time engaged in other activities).  Simply stated, Plaintiff has conceded and cannot otherwise overcome Defendants' showing that time spent waiting "on-call" was not compensable with respect to at least some Plaintiffs.  Thus, because Plaintiff has not met his burden to show that Plaintiffs

11

worked in excess of 40 hours per week, this is undoubtedly an individualized defense that warrants decertification here.

### d. Plaintiff mistakenly contends that there is no "individualized determination at play" with respect to arbitration.

Defendants have made a showing, through facts developed during discovery, that three of the four Plaintiffs signed an Independent Contractor Agreement ("Agreement") in which they agreed to submit disputes to "mediation followed by binding arbitration." (Defs.' Memo. in Supp. 16-17, Dkt. 59-1.) Plaintiff mistakenly argues that Defendants have "substantially invoke[d] the litigation machinery" and have waived their rights to enforce the arbitration provisions. (Pl.'s Resp. 14-15, Dkt. 63.) Consistent with Plaintiffs' counsel's pre-Answer refusal to acknowledge over the telephone that the Plaintiffs signed the Agreement, no Plaintiff in this case admitted to signing an agreement to arbitrate disputes via written discovery until depositions were taken in September 2023, and Hyde still denies signing. (Hyde Dep. 32:4-21, 34:7-15, 35:3-11, Ex. 7 at Resp. to RFA No. 17; Brown Dep. 45:2-19, Ex. 4 at Resp. to RFA No. 16; Johnson Dep. 24:4-25:13, Ex. 4 at Resp. to RFA No. 17; Brindley Dep. 38:3-15, Ex. 4 at Resp. to RFA No. 16.[5]) Plaintiff should not be permitted to force the Defendants to set forth the arbitration issue within their

___
[5] Relevant excerpts from Brindley Dep. are attached as Exhibit "D" hereto solely for the Court's convenience. The entirety of Brindley Dep. may be found at Dkt. 60-5.

Answer and then invoke discovery to ferret out whether an arbitration provision was validly formed given Plaintiffs' refusal to concede the issue. Ultimately, any delay on the issue of arbitration of this action rests solely with the Plaintiffs and Defendants should not be penalized for such litigation tactics. While the Court need not reach the merits as to whether Defendants may enforce the arbitration agreement at this stage, this validity of this defense will ultimately be a question for the Court to decide. *See* <u>Solymar Invs., Ltd. v. Banco Santander S.A.</u>, 672 F.3d 981, 990 (11th Cir. 2012) (holding that issues concerning the formation of agreements to arbitrate are for the court to decide). As such, and given that this defense will necessarily require individual inquiry, decertification is warranted. Accordingly, because Plaintiff cannot overcome Defendant's showing that individualized defenses exist which warrant decertification, the collective action cannot be maintained.

## III. FAIRNESS ALSO WARRANTS DECERTIFICATION WHERE PLAINTIFFS ARE NOT SIMILARLY SITUATED.

In their Motion, Defendants made a showing that fairness and procedural considerations warrant decertification because of the individualized nature of Plaintiffs' claims, as well as the injustice that would result from proceeding where at least some Plaintiffs have not actually performed overtime work. (Defs.' Memo. in Supp. 23-24, Dkt. 59-1.) In response, Plaintiff points to the Court's treatment of the wage discrepancy in <u>Benton</u> as controlling. (Pl.'s Resp. 20-21, Dkt. 63.) In

Benton, however, the hours of work were not in dispute like this case, and the only differences among the class members in Benton came down to "expenses and compensation."   Benton, 396 F.Supp.3d at 1285.   Here, Plaintiffs dispute Defendants' records of hours worked, such that an individual analysis of compensability and coverage under the FLSA will necessarily be required to resolve the question of liability with respect to each Plaintiff, as discussed in Sections II(a)-(c) above.  Further, contrary to Plaintiff's contention that "the size of this collective is not so large as to preclude individual testimony," Plaintiffs have made no showing to support the contention that courts can handle dissimilar plaintiffs collectively where a collective happens to be "small."  (Pl.'s Resp. 21, Dkt. 63.)  Accordingly, because Plaintiffs are too dissimilar to maintain a collective action, and individual analysis will be required to overcome threshold issues of liability, fairness and procedural considerations warrant decertification.

## IV.    JOINDER OF OPT-IN PLAINTIFFS UNDER FED. R. CIV. P. 20 IS IMPROPER.

Plaintiff has requested that the Court allow the Opt-In Plaintiffs to be joined as Named Plaintiffs here should this collective action be decertified.  (Pl.'s Resp. 22-23, Dkt. 63.)  Notwithstanding that this question is not properly before the Court because Plaintiff has not made a proper motion or filed an accompanying memorandum of law as required by LR 7.1(A)(1), NDGa, the Opt-In Plaintiffs are

14

precluded from joinder under Fed. R. Civ. P. Rule 20 for the same reasons this conditional collective action cannot be maintained.  *See* <u>Lasseter v. Rest. Delivery Developers, LLC</u>, 8:18-CV-1912-T-33TGW, 2018 WL 4091987, at *2-4 (M.D. Fla. Aug. 28, 2018) (joinder of dismissed opt-ins as named plaintiffs under Fed. R. Civ. P. 20 held improper because "the same individualized concerns that prevented the same plaintiffs from litigating collectively . . . also prevent the plaintiffs from proceeding collectively in this action.").  Accordingly, Plaintiff's misbegotten joinder request must be denied.

## CONCLUSION

In light of the foregoing and the reasons set forth within Defendants' Motion, this Court should grant the relief requested in Defendants' Motion and otherwise deny Plaintiff's improper request for joinder of the Opt-In Plaintiffs.

Respectfully submitted this 2nd day of January 2024.

/s/Jeremy R. Handschuh
Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
Amanda I. Elliott, Esq.
Georgia Bar No. 137633
*Counsel for Defendants*

MITCHELL - HANDSCHUH
LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
T: (404) 262 - 9488
E: jeremy@m-hlawgroup.com
E: amanda@m-hlawgroup.com

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No: 2:22-cv-103-RWS |
| 316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, Tuesday, January 2, 2024, I have caused to serve true and correct copies of the documents listed below:

1.   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF COLLECTIVE ACTION and corresponding EXHIBITS A-D;

2.   This CERTIFICATE OF SERVICE;

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Matthew W. Herrington, Esq.
DELONG, CALDWELL, BRIDGERS FITZPATRICK & BENJAMIN, LLC
Matthew.herrington@dcbflegal.com
*Local Counsel for Plaintiff*

Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
josh@sanfordlawfirm.com
*Lead Counsel for Plaintiff*

Respectfully submitted this 2nd day of January 2024.

/s/ Jeremy R. Handschuh

| | |
|---|---|
| MITCHELL - HANDSCHUH | Jeremy R. Handschuh, Esq. |
| LAW GROUP | Georgia Bar No. 418099 |
| 3390 Peachtree Road, NE, Suite 520 | Amanda I. Elliott, Esq. |
| Atlanta, Georgia 30326 | Georgia Bar No. 137633 |
| T: (404) 262 - 9488 | *Counsel for Defendants* |
| E: jeremy@m-hlawgroup.com | |
| E: amanda@m-hlawgroup.com | |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

2