# Exhibit B

**In the Matter Of:**

HYDE V. 316 TOWING & ROAD SERVICE

2:22-cv-103-RWS

---

**REYNALDO BROWN**

*September 28, 2023*

---



800.211.DEPO (3376)
EsquireSolutions.com

```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF GEORGIA
 2                      GAINESVILLE DIVISION

 3
    DUSTIN HYDE, Individually,    )
 4  and on Behalf of All Other    )
    Similarly Situated,           )
 5                                )  CIVIL ACTION FILE
                 Plaintiff,       )
 6                                )  NO. 2:22-cv-103-RWS
            vs.                   )
 7                                )
    316 TOWING & ROAD SERVICE,    )
 8  INC., and MAKSIM LISOVSKIY,   )
                                  )
 9               Defendants.      )
    _____)
10

11

12              Deposition of REYNALDO BROWN, taken on

13         behalf of the Defendants, pursuant to Notice

14         and agreement of counsel, in accordance with

15         the Federal Rules of Civil Procedure, before

16         Cynthia B. Gatewood, Certified Court Reporter,

17         at 3390 Peachtree Road NE, Suite 520, Atlanta,

18         Georgia, on the 28th day of September 2023,

19         commencing at the hour of 3:10 p.m.

20

21

22  _____

23

24

25
```



```
 1                    INDEX TO EXAMINATIONS

 2   EXAMINATION                                        PAGE

 3   Cross-Examination by MR. Handschuh                    4

 4

 5                     INDEX TO EXHIBITS

 6   DEFENDANTS'
       EXHIBIT            DESCRIPTION                  PAGE
 7
         D-1      Third Amended Notice to Take            5
 8                Deposition of Reynaldo Ricardo
                  Brown
 9
         D-2      Driver Application                     34
10
         D-3      not tendered
11
         D-4      Responses to Defendants' First         30
12                Interrogatories, Requests for
                  Production, and Requests for
13                Admission

14       D-5      Independent Contractor and Lease       44
                  Agreement
15
         D-6      Towbook Log                            78
16
         D-7      Canceled Job Log                       81
17
         D-8      Damages Table                          97
18
         D-9      Invoice                               100
19
        D-10      IRS Response                          103
20

21

22                      -   -   -

23

24

25
```



```
 1    APPEARANCES OF COUNSEL:

 2

      On behalf of the Plaintiff:
 3
              SEAN SHORT
 4            Attorney at Law
              Sanford Law Firm PLLC
 5            Suite 510, Kirkpatrick Plaza
              10800 Financial Centre Parkway
 6            Little Rock, Arkansas 72211
              Phone:  (501) 904-1650
 7            Email:  sean@sanfordlawfirm.com

 8

      On behalf of the Defendants:
 9
              JEREMY R. HANDSCHUH
10            AMANDA I. ELLIOTT
              Attorneys at Law
11            Mitchell-Handschuh Law Group
              3390 Peachtree Road NE
12            Suite 520
              Atlanta, Georgia 30326
13            Phone:  (404) 262-9488
              Email:  jeremy@m-hlawgroup.com
14            Email:  amanda@m-hlawgroup.com

15

      Also Present:
16
              Maksim Lisovskiy
17            Eli Kudrin

18

19                          -  -  -

20

21            (Disclosure, as required by the Georgia
      Board of Court Reporting, was made by the court
22    reporter, a written copy of which is attached
      hereto.)

23

24

25
```



```
 1                (Whereupon, the witness was duly sworn.)

 2           MR. HANDSCHUH:  This deposition is conducted

 3       pursuant to the Federal Rules of Civil Procedure,

 4       pursuant to notice and agreement of counsel, and

 5       it may be used for any purpose authorized by the

 6       Federal Rules of Civil Procedure.

 7                    REYNALDO BROWN,

 8   having been first duly sworn, was examined and

 9   testified as follows:

10                  CROSS-EXAMINATION

11   BY MR. HANDSCHUH:

12       Q.    Would you please state your name and spell

13   it for the record.

14       A.    Reynaldo Brown, R-e-y-n-a-l-d-o, B-r-o-w-n.

15       Q.    Okay.  And can you please state your

16   address.

17       A.    ███████████████████  Conyers, Georgia.

18           MR. HANDSCHUH:  Okay.  A housekeeping

19       matter.  Sean, do you agree that all objections,

20       except as to the form of question, are reserved

21       until trial?

22           MR. SHORT:  Yes.

23           MR. HANDSCHUH:  Okay.  And then we'll

24       consider, as we did before, the decision to waive

25       signature at the end?
```



1  do my initials for sure.

2      Q.    Okay.  Flipping to page -- once we get to

3  the signature line on this Exhibit Number 5.

4      A.    On the back?

5      Q.    Yes.  You see here where it sets forth that

6  this agreement is dated June 1st, 2021?

7      A.    Yes.

8      Q.    Okay.  And then it has your name, and is

9  that your signature underneath your name?

10     A.    Yes.

11     Q.    Okay.  So you did sign this document.

12     A.    Yes.

13     Q.    Okay.  Turning to the following page and

14  then actually three or four pages later to Addendum to

15  Contractor Agreement.

16     A.    All right.

17     Q.    And does that appear to be your signature at

18  the bottom of that page?

19     A.    Yeah.

20     Q.    Okay.  And is that June 1st, 2021?

21     A.    This isn't mine though down here.

22     Q.    Right.

23     A.    Yeah.

24     Q.    Do you know -- you know, do you have any

25  idea as to who may have set forth your initials if it



REYNALDO BROWN                                    September 28, 2023
HYDE V. 316 TOWING & ROAD SERVICE                              61

1   more duties, please let me know.

2        A.    (Witness nods head affirmatively.)

3        Q.    Okay?

4        A.    All right.

5        Q.    I just want to be clear on that.  If you

6   thought you did more, just let me know.

7        A.    Copy.

8        Q.    So no one ever asked you to perform any

9   other duties beyond being a driver.

10       A.    Like what?

11       Q.    I don't know.

12       A.    Me neither.

13       Q.    Okay.  All right.  Who was your supervisor

14  while -- or someone that you reported to while you

15  worked at 316?

16       A.    If I'm not mistaken, I think they made

17  Dustin the supervisor or the go-to guy for me to report

18  stuff to.  But I spoke to -- I think I spoke to Eli

19  kind of regularly doing a text message.

20       Q.    Okay.  Now, when you speak to Dustin, did

21  Dustin at that time have the title of driver manager?

22       A.    Something like that.

23       Q.    You understood that --

24       A.    Yeah.

25       Q.    -- he was perhaps, you know, in a position



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

DUSTIN HYDE, individually and )
on Behalf of All Other Similarly )
Situated )
)
Plaintiff, )
)
v. )                Civil Action File No: 2:22-cv-103-
)                            RWS
316 TOWING & ROAD )
SERVICE, INC., and MAKSIM )
LISOVSKIY )

Defendants.

### PLAINTIFF REYNALDO BROWN'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Plaintiff Reynaldo Brown ("Plaintiff") by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, hereby submits his Answers to Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission, and states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the individual(s) who participated in answering these interrogatories, and for each, identify the individual's relationship to you.

**ANSWER NO. 1:** Plaintiff, with the assistance of Counsel.

**INTERROGATORY NO. 2:** Please identify every entity, individual, or organization (including yourself and companies you own) for whom you have performed work in

Page 1 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission



EXHIBIT

4

exchange for compensation as either an employee, officer, partner, owner, or independent contractor since April 4, 2020.  For each entity, individual, or organization, provide:

    (a) The telephone number, address, EEIN, and full legal name as it appears on any check stub, W-2, or 1099 you may have received;

    (b) The name, contact information, and address of any individual who either supervised, managed, or otherwise directed the work you performed;

    (c) The time periods during which you performed work, including the beginning and end dates of your employment or engagement for each;

    (d) A description of the payment and timekeeping practices relevant to the work you performed, including whether such work was paid on an hourly, salaried, per-job, or piecemeal basis;

    (e) A description of any programs, software, apps, documents, or records that were used to log or track work performed; and

    (f) A description of the manner of any and all work that you performed, including job descriptions, locations, whether the work was performed remotely or on-site, and your specific duties.

**ANSWER NO. 2:** Objection. This Interrogatory is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants.

Regarding the requested information that is within the time Plaintiff worked for Defendants, Defendants already have the information or is more easily accessible by

Page 2 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

Defendants. Additionally, Plaintiff states as follows: I worked for 316 Towing full time. I didn't work for any other company while working for 316 Towing.

**INTERROGATORY NO. 3:** For each workweek from April 4, 2020 through June 1, 2022 that you claim you performed more than 40 hours of work for 316 Towing and for which you allege you were not properly compensated under the Fair Labor Standards Act, state the precise number of hours you claim you worked. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by providing responsive information for each separate workweek.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome because Defendants are legally responsible for maintaining records of hours worked. The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a

**Page 3 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

In this case, Plaintiff does not know if Defendants kept records of hours worked by Plaintiff. If Defendants did not keep such records, Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Regarding Plaintiff's hours worked during his employment with Defendants, Plaintiff states as follows: I was scheduled Monday through Friday, then I would also have to be available Saturday and Sunday to take jobs. I would work 12-hour shifts. It was usually 7am-7pm. I would drive the tow truck they provided me home with me each day. I would normally leave from my house each day. I wasn't paid any overtime. I would work my 12-hour shift, but if I got a call from Eli after I got home, I would have to take the truck out again for a tow job. There could be an extra job after my shift ended at 7pm that I would have to do, which could take another 1-2 hours. I was paid around $950 per week for my entire employment.

**INTERROGATORY NO. 4:** For each workweek from April 4, 2020 through June 1, 2022 that you claim you performed more than 40 hours of work for 316 Towing and for which you allege you were not properly compensated under the Fair Labor Standards Act, describe every physical location from which you performed work for 316 Towing and the number of total hours spent at each location. For time spent at roadside or otherwise

**Page 4 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

unknown locations while assisting 316 Towing customers, you may state "assisting customer" instead of providing an exact physical location. For time spent in transit, you may specify "in transit" or "commuting" instead of providing an exact physical location. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by providing responsive information for each separate workweek.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks discovery of information that is already in possession of Defendants and that is not reasonable to retain in normal personal records or memory. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records.

Regarding information in Plaintiff's possession, Plaintiff states as follows: I primarily worked in and around Atlanta. It would take about 15 minutes to hook up a car for a tow job, then it would take about 30 minutes to take it where it needed to go. It just depended on what was wrong with the car and where it needed to go.

**INTERROGATORY NO. 5:** Please describe in detail the process by which you were hired or began working for 316 Towing, including detailed descriptions of all conversations, meetings, documents, training materials, offers, benefits information, protocols, handbooks, or agreements that were exchanged between you and any employee or representative of 316 Towing prior to and within the first two weeks of beginning work for 316 Towing.

**ANSWER NO. 5:** This Interrogatory seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than myself by reviewing Defendants' own records. Regarding details about the

Page 5 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

process by which I was hired or began working for 316 Towing, here is what I remember: I was certified to drive flatbed trucks and a coworker who was working for 316 introduced me to them. When I interviewed, I was in a room with Eli and another guy. I don't know if it was Max or not. I received a packet of paperwork when I was hired with documents I had to sign, but I don't have copies of those. Once I filled out the paperwork, I started working for them and they gave me a truck to use. When I was fired, Eli just told me to not show up and I didn't get my last paycheck. I was supposed to interview with them recently, but they did not contact me.

**INTERROGATORY NO. 6:** Please identify each cellular phone, smartphone, smartwatch, and any other mobile telecommunication device that you have used to transmit or receive communications, including phone calls, text messages, emails, or other app-based notifications, for or on behalf of any business or organization, including those which you own or have an interest in, since April 4, 2023. For each, please provide the make, model, date acquired, any assigned telephone number, and the name of any entity or individual who supplied or paid for the device or cellular service at any point in time.

**ANSWER NO. 6:** Objection. This Interrogatory is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants.

Regarding each cellular phone, smartphone, smartwatch, or any other mobile telecommunication device Plaintiff did use during Plaintiff's employment with Defendants, Plaintiff states as follows: I used my own cell phone while working for them. It was an iPhone. I used the app Towbook to receive jobs. It was the same phone number I have

**Page 6 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

now. I communicated with Eli and other employees with texts, calls and WhatsApp. The phone I was using was stolen, so I don't have access to it any more.

**INTERROGATORY NO. 7:** For each Request for Admission that you have denied, please describe in detail, and not in summary fashion, the factual bases supporting your denial.

**ANSWER NO. 7:** Objection. Plaintiff objects to this Interrogatory to the extent that it seeks information protected by Attorney-Client Privilege and/or the Attorney Work-Product Doctrine. Furthermore, Plaintiff objects to this Interrogatory as duplicative in that in Plaintiff's corresponding Responses to any such Request for Admission(s) that Plaintiff denied, Plaintiff described in detail which aspects of the Request were denied and why. Please see Plaintiff's Response to Defendants' First Set of Requests for Admission.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents that you believe support the allegations asserted by you in the First or Second Claim for Relief of your Complaint.

**RESPONSE NO. 1:** Most responsive documents relevant to this Request are in Defendants' possession or are more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 2:** Any and all documents relating to the allegation in Paragraphs 22, 27, 28, 72, 83, and 85 of the Complaint.

Page 7 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**RESPONSE NO. 2:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents relating to your claim for damages and other relief, including but not limited to all documents relating to the claim for damages set forth in the Prayer for Relief of the Complaint and your Initial Disclosures.

**RESPONSE NO.3:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff have no responsive documents.

**REQUEST FOR PRODUCTION NO. 4:** Any and all documents relating to any admission you contend 316 Towing or Lisovskiy has made at any time from April 4, 2020 through the present in relation to any of the allegations of the Complaint.

**RESPONSE NO. 4:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents evidencing or relating to any facts you believe or contend refute or contradict any of Defendants' defenses, as asserted in their Answer.

**RESPONSE NO. 5:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

Page 8 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents or exhibits that you intend to reference, rely upon, or introduce into evidence at the trial of this Suit.

**RESPONSE NO. 6:** Objection. This Request is unduly burdensome in that it seeks to have Plaintiff marshal all his evidence prior to the end of discovery. Regarding documents that Plaintiff does intend to reference, rely upon, or introduce into evidence at trial, please see Plaintiff's Initial Disclosures and any documents produced in Plaintiff's responses to Defendants' First Set of Requests for Production of Documents.

**REQUEST FOR PRODUCTION NO. 7:** Any and all documents relating to each expert you intend to call as a witness at trial in this Suit, including but not limited to documents and communications sent to or received from each expert, resumes, curriculum vitae, oral or written reports, and any supporting data or information.

**RESPONSE NO. 7:** No expert witnesses have been identified at this time. Plaintiff does not intend to rely on expert witnesses; however, if and when any are identified, Plaintiff will timely supplement this Response.

**REQUEST FOR PRODUCTION NO. 8:** All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit regarding any claim or defense in this Suit.

**RESPONSE NO. 8:** Objection. This Request seeks information that is protected by the Attorney Work-Product Doctrine to the extent that it requests unfiled written statements, opt-in forms, consent to join forms, and/or declarations which Plaintiff's attorneys may have drafted or may draft and to the extent that it otherwise requests witness statements to Plaintiff's counsel.

Page 9 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

Regarding any affidavits, sworn statements, notes or other documents, any affidavits or sworn statements which Plaintiff intends or decides to rely on in support of any motion will be filed and therefore provided to Defendants. To the extent Plaintiff would rely on such documents at trial, Plaintiff will produce them pursuant to these Requests or otherwise in accordance with the Federal Rules of Civil Procedure. Plaintiff has no responsive documents or statements from third-parties pursuant to subpoenas and/or FOIA requests, or otherwise, but will provide such documents if any are obtained.

**REQUEST FOR PRODUCTION NO. 9:** Any and all documents or communications between you and any person or entity (other than your attorney) from April 4, 2020 through present, relating to the allegations in the Complaint, including but not limited to correspondence, emails, handwritten notes, memos, recordings, journal entries, and communications with any government agency.

**RESPONSE NO. 9:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, please see attached.

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents you obtained from any person or entity from March 30, 2020 through present relating to the allegations in the Complaint, including but not limited to any written statements, affidavits, declarations, sworn statements, notes, sworn testimony, documents obtained by subpoena, documents received in response to Freedom of Information Act (FOIA) requests, and documents received from any government agency.

**RESPONSE NO. 10:** Objection. Plaintiff restates and reincorporates Response No. 8 hereto.

Page 10 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**REQUEST FOR PRODUCTION NO. 11:** Any and all social media postings or communications relating to the allegations in the Complaint, including but not limited to postings on Facebook, LinkedIn, Twitter, YouTube, Instagram, Snapchat, WhatsApp, Reddit, blogs, wikis, and other social media sites.

**RESPONSE NO. 11:** Objection. This Request is unduly burdensome in that it requests that Plaintiff produce social media postings or communications relating to the allegations in the Complaint not within Plaintiff's own knowledge or possession. Plaintiff cannot reasonably be expected to locate, examine and produce social media postings or communications relating to the allegations in the Complaint that individuals other than Plaintiff possess without knowledge of such items.

Regarding social media postings or communications that Plaintiff may have knowledge of, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents relating to any contracts, agreements, or correspondence in connection with your working relationship with either 316 Towing or Lisovskiy, including but not limited to any compensation or employment agreement or contract for tow truck services, onboarding documents, waivers, manuals, handbooks, training materials, or other written documents from 316 Towing characterize the work you performed or your working relationship with 316 Towing.

**RESPONSE NO. 12:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, please see attached.

Page 11 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents relating to any work you performed for 316 Towing, relevant to any claim or defense in this Suit, at any time from April 4, 2020 through June 1, 2022, in exchange for any form of compensation, including but not limited to invoices for tow truck services provided, days and hours worked, shift schedules, calendars, Towbook records, uniforms, safety meetings, routes, store visits, use of electronic devices, product promotions, tips, badges, sales, training, new products, contests, product pricing, customers, paychecks, compensation records, inspection reports, and schedule for completion of work.

**RESPONSE NO. 13:** Plaintiff restates and reincorporates Response No. 1 hereto.

**REQUEST FOR PRODUCTION NO. 14:** Any and all documents relating to any benefits offered or provided to you by 316 Towing or Lisovskiy at any time from April 4, 2020 through present, including but not limited to pension, 401k, profit sharing, stock options, health insurance, life insurance, dental benefits, disability insurance, workers' compensation coverage, unemployment insurance, malpractice insurance, payment of professional dues, fees, or continuing education, reimbursement of moving expenses, business expenses, or tuition, paid time off, paid vacation, and paid sick leave.

**RESPONSE NO. 14:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, please see attached.

**REQUEST FOR PRODUCTION NO. 15:** Any and all documents relating to any expenses you incurred at any time from March 20, 2020 through June 1, 2022 in connection with the work you performed for 316 Towing, including but not limited to mileage, vehicle maintenance and repair, tools, equipment, supplies, meals, travel,

**Page 12 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

uniforms, professional licenses and certifications, attendance at conferences and seminars, tuition, cell phone, fax, postage, and home office.

**RESPONSE NO. 15:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:** Any and all documents relating to your efforts to obtain employment or compensation in exchange for work or services at any time from April 4, 2020 through June 1, 2022, including but not limited to all versions of your resume, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements, contracts, bids, proposals, job advertisements and postings, termination notices, resignation notices, rejection letters, and any other communications with any prospective employer or customer.

**RESPONSE NO. 16:** Objection. This Request seeks information that goes beyond the scope allowed by Rule 26 and has no importance to resolving the issues in this case or establishing any claims or defenses. In *Smith v. FracTech Services, LLC*, the court held, over the defendant's objection, that the plaintiffs' places of employment other than the defendant should be excluded as irrelevant and unfairly prejudicial. 2011 U.S. Dist. LEXIS 3165, \*117-118 (E.D. Ark. Jan. 11, 2011). The same reasoning applies here. This lawsuit does not have anything to do with any of Plaintiff's experiences at places of employment or Plaintiff's compensation before or after Plaintiff's employment with Defendants ended. Additionally, Plaintiff objects to this Request to the extent that it seeks documents reflecting Plaintiff's job title for Defendants. It is axiomatic under the FLSA that mere titles and treatment are insufficient to determine a worker's employee status, but

**Page 13 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

rather courts must examine the economic reality of the worker's relationship to the business. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) (citing *Goldberg v. Whitaker House Co-op, Inc.,* 366 U.S. 28, 33 (1961)).

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents relating to any business, partnership, limited liability company, corporation, sole proprietorship, nonprofit, joint venture, or other entity you have been employed by, owned, served as an officer for, held a stake in, or performed work for in exchange for compensation at any time from April 4, 2020, through June 1, 2022, including but not limited to business logos, business cards and letterhead, documents filed with local, state, or federal governments, documentation of assets, business entity formation and dissolution documents, licenses, customer reviews, referrals and recommendations, offer letters, employment agreements or contracts, independent contractor arrangements, consulting agreements, bills, invoices, paychecks, paystubs, websites and social media accounts, advertising, business directory listings, insurance coverage, including but not limited to general liability and workers' compensation, receipts, settlement payments, statements of work, W2s, Form 1099s, IRS Schedule C, social security benefits, disability benefits, unemployment insurance benefits, workers' compensation benefits, employer identification numbers (EIN or FEIN), building and equipment leases, annual reports, bank accounts, business expenses, mileage logs, loans and other forms of financial assistance, and claims, charges, grievances, or complaints made by or against each such entity.

**RESPONSE NO. 17:** Plaintiff has no responsive documents.

**Page 14 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents in which you characterize your working relationship with 316 Towing and/or Lisovskiy, including but not limited to loan and credit applications, resumes, online profiles, and leases.

**RESPONSE NO. 18:** Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 19:** Any and all emails, letters, facsimiles, text messages, social media messages, direct messages, or other communications between you and (i) 316 Towing, (ii) Lisovskiy, or (iii) any other independent contractor or employee of 316 Towing.

**RESPONSE NO. 19:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants in regards to (i) and (ii). With regard to (iii), Plaintiff restates and incorporates Response No. 11 hereto. Additionally, this Request is overbroad and seeks information that is not relevant and that can only be used for a fishing expedition against Plaintiff to the extent that it seeks all emails, letters, facsimiles, text messages, social media messages, direct messages or other communications between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing, regardless of whether the communications themselves relate to the allegations in this case. The information requested is not proportional to the needs of this case because any communications between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing are of no importance to resolving the issues in this case or establishing any claims or defences unless they relate to the allegations in the Complaint.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

**Page 15 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

Regarding communications in Plaintiff's possession between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing, please see attached.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit that you have never been an employee of 316 Towing.

Page 16 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**ADMISSION NO. 1:** Denied. Plaintiff followed the usual path of employer-employee relationships; Defendants treated them as independent contractors only for tax purposes and for Defendants' convenience. Plaintiff did not have any professional input on the business and did not have any control over his schedule.

**REQUEST FOR ADMISSION NO. 2:** Please admit that you have never been an employee of Lisovskiy.

**ADMISSION NO. 2:** Denied.

**REQUEST FOR ADMISSION NO. 3:** Please admit that you have never been an independent contractor for Lisovskiy.

**ADMISSION NO. 3:** Admit.

**REQUEST FOR ADMISSION NO. 4:** Please admit that you were never required to perform work for 316 Towing outside of the State of Georgia.

**ADMISSION NO. 4:** Admit.

**REQUEST FOR ADMISSION NO. 5:** Please admit that the time you spent answering calls, driving to and from customers, and performing roadside services for 316 Towing's customer was captured by a timekeeping software called "Towbook."

**ADMISSION NO. 5:** Admit.

**REQUEST FOR ADMISSION NO. 6:** Please admit that 316 Towing's records, which include data from Towbook, accurately capture all work that you performed for 316 Towing.

**ADMISSION NO. 6:** Deny.

**REQUEST FOR ADMISSION NO. 7:** Please admit that you never performed more than 40 hours of work for 316 Towing in any given week between 2019 and 2022.

**Page 17 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

**ADMISSION NO. 7:** Deny.

**REQUEST FOR ADMISSION NO. 8:** Please admit that you received additional compensation from 316 Towing for worked performed outside of your scheduled on-call period.

**ADMISSION NO. 8:** Deny.

**REQUEST FOR ADMISSION NO. 9:** Please admit that you have been adequately compensated for all hours of work that you performed for 316 Towing.

**ADMISSION NO. 9:** Deny.

**REQUEST FOR ADMISSION NO. 10:** Please admit that you have received at least $7.25 per hour in compensation for all hours of work performed for 316 Towing.

**ADMISSION NO. 10:** Denied.  Plaintiff has not been able to examine Defendants' time and pay records to determine the amount per hour in compensation for all hours of work performed for 316 Towing. Sometimes, Plaintiff wasn't paid for the hours he was working.  Plaintiff was not paid time-and-a-half for hours over 40.

**REQUEST FOR ADMISSION NO. 11:** Please admit that 316 Towing did not supervise the manner in which you performed work.

**ADMISSION NO. 11:** Denied. They would track Plaintiff's location and make sure he was on schedule.  And they wanted Plaintiff to do things their way.

**REQUEST FOR ADMISSION NO. 12:** Please admit that 316 Towing did not direct the manner in which you performed work.

**ADMISSION NO. 12:** Denied. Plaintiff had to take the jobs they sent through the phone and Plaintiff had to do things their way.

**REQUEST FOR ADMISSION NO. 13:** Please admit that 316 Towing did not

Page 18 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

control the manner in which you performed work.

**ADMISSION NO. 13:** Denied. They controlled Plaintiff's schedule and told Plaintiff what locations he had to be at and where to go.

**REQUEST FOR ADMISSION NO. 14:** Please admit that you completed and signed 316 Towing's "Pre-Contract Questionnaire."

**ADMISSION NO. 14:** Admit.

**REQUEST FOR ADMISSION NO. 15:** Please admit that you completed, initialed, and signed 316 Towing's "Independent Contractor and Lease Agreement."

**ADMISSION NO. 15:** Plaintiff does not know, but it's not attached to the requests therefore denied.

**REQUEST FOR ADMISSION NO. 16:** Please admit that you agreed in writing that any dispute arising from the terms of the Independent Contractor and Lease Agreement would be submitted to mediation followed by binding arbitration.

**ADMISSION NO. 16:** Denied because it is not attached.

**REQUEST FOR ADMISSION NO. 17:** Please admit that you never signed any contract or other agreement with Lisovskiy, personally, including but not limited to any compensation or employment agreement or contract for your tow truck services.

**ADMISSION NO. 17:** Denied.

**REQUEST FOR ADMISSION NO. 18:** Please admit that you never worked as a tow truck driver for Lisovskiy, personally.

**ADMISSION NO. 18:** Admit, because Plaintiff worked for his company, and he was the main boss there.

Page 19 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**REQUEST FOR ADMISSION NO. 19:** Please admit that you were never paid by Lisovskiy, personally.

**ADMISSION NO. 19:** Denied as written.

**REQUEST FOR ADMISSION NO. 20:** Please admit that Lisovskiy, personally, neither hired nor fired you.

**ADMISSION NO. 20:** Admit

**REQUEST FOR ADMISSION NO. 21:** Please admit that Lisovskiy, personally, neither supervised nor controlled your work schedule, duties, protocols, applications, or assignments with 316 Towing.

**ADMISSION NO. 21:** Admit.

**REQUEST FOR ADMISSION NO. 22:** Please admit that Lisovskiy, personally, never maintained your payroll records.

**ADMISSION NO. 22:** Plaintiff has insufficient information and knowledge regarding whether Defendant Lisovskiy personally maintained Plaintiff's payroll records, therefore denied.

**REQUEST FOR ADMISSION NO. 23:** Please admit that, during the time that you were scheduled to be on-call, you were not required to report to an office.

**ADMISSION NO. 23:** Admit.

**REQUEST FOR ADMISSION NO. 24:** Please admit that during the time that you were scheduled to be on-call, you would spend at least part of your on-call period at home or engaged in personal activities.

**ADMISSION NO. 24:** Admit. Plaintiff would go home for like 10 or 15 minutes to wait for the next job.

**Page 20 of 22**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Reynaldo Brown's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

**REQUEST FOR ADMISSION NO. 25:** Please admit that during at least part of the time you were scheduled to be on-call, you would perform work for another company or individual from a computer.

**ADMISSION NO. 25:** Deny.

**REQUEST FOR ADMISSION NO. 26:** Please admit that during at least part of the time you were scheduled to be on-call, you would attend to personal responsibilities and errands.

**ADMISSION NO. 26:** Deny.

**REQUEST FOR ADMISSION NO. 27:** Please admit that you frequently rejected calls from potential clients during the time that you were scheduled to be on-call.

**ADMISSION NO. 27:** Deny.

**REQUEST FOR ADMISSION NO. 28:** Please admit that 316 Towing never disciplined or threatened to terminate you for rejecting a request from a potential customer.

**ADMISSION NO. 28:** Denied because that never happened to Plaintiff's knowledge.

**REQUEST FOR ADMISSION NO. 29:** Please admit that you never raised objections to 316 Towing that the compensation you received was inadequate for the amount of work you performed.

**ADMISSION NO. 29:** Denied.

**REQUEST FOR ADMISSION NO. 30:** Please admit that you never raised objections to 316 Towing concerning your classification as an independent contractor.

**ADMISSION NO. 30:** Admit.

Page 21 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

Respectfully submitted,

**DUSTIN HYDE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing was

served via email on May 26, 2023, to the attorneys listed below:

Jeremy R. Handschuh, Esq.
Amanda I. Elliott, Esq.
MITCHELL-HANDSCHUH LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
Telephone: (404) 262-9488
Facsimile: (404) 231-3774
jeremy@m-hlawgroup.com
amanda@m-hlawgroup.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 22 of 22
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Reynaldo Brown's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission