# Exhibit C

**In the Matter Of:**

HYDE V. 316 TOWING & ROAD SERVICE

2:22-cv-103-RWS

**BRENT JOHNSON**

*September 29, 2023*



800.211.DEPO (3376)
EsquireSolutions.com

```
1              IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA
2                      GAINESVILLE DIVISION

3
   DUSTIN HYDE, Individually,    )
4  and on Behalf of All Other    )
   Similarly Situated,           )
5                                )  CIVIL ACTION FILE
                  Plaintiff,     )
6                                )  NO. 2:22-cv-103-RWS
            vs.                  )
7                                )
   316 TOWING & ROAD SERVICE,    )
8  INC., and MAKSIM LISOVSKIY,   )
                                 )
9                 Defendants.    )
   _____)
10

11

12              Deposition of BRENT JOHNSON, taken on

13         behalf of the Defendants, pursuant to Notice

14         and agreement of counsel, in accordance with

15         the Federal Rules of Civil Procedure, before

16         Cynthia B. Gatewood, Certified Court Reporter,

17         at 3390 Peachtree Road NE, Suite 520, Atlanta,

18         Georgia, on the 29th day of September 2023,

19         commencing at the hour of 10:09 a.m.

20

21

22

23

24

25
```



```
 1                     INDEX TO EXAMINATIONS

 2    EXAMINATION                                        PAGE

 3    Cross-Examination by Mr. Handschuh                    4

 4

 5                     INDEX TO EXHIBITS

 6    DEFENDANTS'
         EXHIBIT            DESCRIPTION              PAGE
 7
         D-1       Fifth Amended Notice to Take        5
 8                 Deposition of Brent Johnson

 9       D-2       Driver Application                 14

10       D-3       not tendered

11       D-4       Plaintiff Brent Johnson's          26
                   Responses to Defendants' First
12                 Interrogatories, Requests for
                   Production of Documents, and
13                 Requests for Admission

14       D-5       Independent Contractor and Lease   23
                   Agreement
15
         D-6       Towbook Log                        66
16
         D-7       Canceled Job Log                   70
17
         D-8       Declaration of Brent Johnson       85
18
         D-9       Invoices                          104
19
         D-10      Invoices                           38
20
         D-11      IRS Response                       121
21

22
                            -   -   -
23

24

25
```



```
 1    APPEARANCES OF COUNSEL:

 2

      On behalf of the Plaintiff:
 3
            SEAN SHORT
 4          Attorney at Law
            Sanford Law Firm PLLC
 5          Suite 510, Kirkpatrick Plaza
            10800 Financial Centre Parkway
 6          Little Rock, Arkansas 72211
            Phone:  (501) 904-1650
 7          Email:  sean@sanfordlawfirm.com

 8

      On behalf of the Defendants:
 9
            JEREMY R. HANDSCHUH
10          AMANDA I. ELLIOTT
            Attorneys at Law
11          Mitchell-Handschuh Law Group
            3390 Peachtree Road NE
12          Suite 520
            Atlanta, Georgia 30326
13          Phone:  (404) 262-9488
            Email:  jeremy@m-hlawgroup.com
14          Email:  amanda@m-hlawgroup.com

15

      Also Present:
16
            Eli Kudrin
17

18

19

20                          -  -  -

21

22
            (Disclosure, as required by the Georgia
23      Board of Court Reporting, was made by the court
        reporter, a written copy of which is attached
24      hereto.)

25
```



1                        BRENT JOHNSON,

2    having been first duly sworn, was examined and

3    testified as follows:

4                     CROSS-EXAMINATION

5    BY MR. HANDSCHUH:

6        Q.    Mr. Johnson, my name is Jeremy Handschuh,

7    and I'm an attorney.  I represent the defendants in

8    this matter, 316 Towing and Road Service, Inc., and

9    Maksim Lisovskiy in the lawsuit pending in the Northern

10   District of Georgia with Civil Action File Number

11   22-cv-103-RWS.  Would you please state your name and

12   spell it for the record.

13       A.    Brent Alexander Johnson, B-r-e-n-t,

14   A-l-e-x-a-n-d-e-r, J-o-h-n-s-o-n.

15       Q.    Okay.  This is a deposition in which I'll

16   ask you questions, and you must answer them truthfully

17   unless your attorney tells you clearly and directly not

18   to answer.  Is this understood and acceptable to you?

19       A.    Yes.

20       Q.    Okay.  Although no judge is present, this is

21   a formal legal proceeding just like as if you were

22   testifying in court.  And you're under the same legal

23   obligation to tell the truth, whole truth, and nothing

24   but the truth.  If you do not understand any of my

25   questions, feel free to say so, and I will rephrase it.



1          MS. ELLIOTT:  I'm handing you now what's

2      been marked as Exhibit 5.

3  BY MR. HANDSCHUH:

4      Q.    If you could, please review this document.

5  And then once you've had a chance to do so, let me

6  know.  Have you had a chance to look at Exhibit 5?

7      A.    Yes, sir.

8      Q.    Okay.  Is that an independent contractor and

9  lease agreement that you filled out and then signed as

10  a part of the application paperwork for 316?

11      A.    Yes, sir.

12      Q.    Okay.  And is that your handwriting at the

13  top setting forth your name?

14      A.    Yes, sir.

15      Q.    And then you're defined thereafter as the

16  contractor?

17      A.    Yes, sir.

18      Q.    Okay.  And then are those your initials at

19  the bottom left of each page?

20      A.    Yes, sir.

21      Q.    Do you have any reason to believe for any

22  reason those aren't your initials or name at the top?

23      A.    No, sir.

24      Q.    Okay.  Drawing your attention to the last

25  page, 23, is that your signature on the bottom left?



1      A.    Yes, sir.

2      Q.    Okay.  So where it states "Brent A. Johnson,

3  tow truck driver," you wrote that in and then signed?

4      A.    Yes, sir.

5      Q.    Okay.  And then that's your initial on the

6  bottom left?

7      A.    Yes, sir.

8      Q.    Okay.  And then it states May 24, 2021?

9      A.    Yes, sir.

10      Q.    Okay.  Do you have any reason to believe

11  that's not the contract that you signed with 316

12  Towing?

13      A.    No, sir.

14      Q.    Okay.  Do you know where in this contract it

15  sets forth any requirement for a commercial driver's

16  license?

17      A.    No, sir.

18      Q.    So it doesn't necessarily state that it is

19  a -- as a condition to sign this agreement to become a

20  driver, it doesn't state that you have to obtain a

21  commercial driver's license; is that right?

22      A.    I believe so.

23      Q.    Okay.  Does it set forth anywhere that this

24  contract is for MMM Express?  And take your time to

25  review that.



1   I told them that something was wrong with the truck,

2   and while I was out on scene the bed of the truck broke

3   while I was lifting a car up onto it.

4       Q.    Okay.  Did you seek any other input from any

5   supervisors?

6       A.    Not -- the only supervisor that I would

7   conversate with was Dustin when he was deemed a

8   supervisor or Eli.  That was all.  I also remember a

9   time -- like I said, going back to maintenance issues.

10  I remember a time where I asked them to put air in my

11  tire for --

12      Q.    Before we speak to further maintenance

13  issues, any other topics that you were seeking input

14  on?

15      A.    No.  Maybe my vacation that I took during

16  September of 2021.  Whether or not -- for me

17  personally, whether or not I can accept or reject a

18  call, you know, based on either the time or it's just

19  unnecessary to tow this vehicle, something like that.

20  Those are the answers I can give you for myself.

21      Q.    What does rote and routine mean?

22      A.    To be honest with you, I have absolutely no

23  idea.

24      Q.    Okay.  So how do you distinguish a duty that

25  is just a duty that you were asked to perform that



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

DUSTIN HYDE, individually and
on Behalf of All Other Similarly
Situated

Plaintiff,

v.

316 TOWING & ROAD
SERVICE, INC., and MAKSIM
LISOVSKIY

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action File No: 2:22-cv-103-
RWS

### PLAINTIFF BRENT JOHNSON'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Plaintiff Brent Johnson ("Plaintiff") by and through his attorney Josh Sanford of

Sanford Law Firm, PLLC, hereby submits his Answers to Defendants' First Set of

Interrogatories and Requests for Production of Documents, and states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the individual(s) who participated in

answering these interrogatories, and for each, identify the individual's relationship to you.

**ANSWER NO. 1:** Plaintiff with the assistance of Counsel.

**INTERROGATORY NO. 2:** Please identify every entity, individual, or organization

(including yourself and companies you own) for whom you have performed work in

exchange for compensation as either an employee, officer, partner, owner, or

**Page 1 of 25**
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production



EXHIBIT
4

independent contractor since June 1, 2019.  For each entity, individual, or organization, provide:

   (a) The telephone number, address, EEIN, and full legal name as it appears on any check stub, W-2, or 1099 you may have received;

   (b) The name, contact information, and address of any individual who either supervised, managed, or otherwise directed the work you performed;

   (c) The time periods during which you performed work, including the beginning and end dates of your employment or engagement for each;

   (d) A description of the payment and timekeeping practices relevant to the work you performed, including whether such work was paid on an hourly, salaried, per-job, or piecemeal basis;

   (e)  A description of any programs, software, apps, documents, or records that were used to log or track work performed; and

   (f) A description of the manner of any and all work that you performed, including job descriptions, locations, whether the work was performed remotely or on-site, and your specific duties.

**ANSWER NO. 2:** Objection. This Interrogatory is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants.

Regarding the requested information that is within the time Plaintiff worked for Defendants, Defendants already have the information or is more easily accessible by Defendants. Additionally, Plaintiff states as follows: Although I did have a business entity

**Page 2 of 25**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Brent Johnson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production**

open under the name Relief Roadside Services, LLC, I didn't perform work for it while employed with Defendants.

**INTERROGATORY NO. 3:** For each workweek from June 1, 2019 through June 1, 2022 that you claim you performed more than 40 hours of work for 316 Towing and for which you allege you were not properly compensated under the Fair Labor Standards Act, state the precise number of hours you claim you worked. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by providing responsive information for each separate workweek.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome because Defendants are legally responsible for maintaining records of hours worked. The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a

**Page 3 of 25**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Brent Johnson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production**

matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

In this case, Plaintiff does not know if Defendants kept records of hours worked by Plaintiff. If Defendants did not keep such records, Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Regarding Plaintiff's hours worked during his employment with Defendants, Plaintiff states as follows: I worked about 60 hours per week except for times when they sent me a job late in the evening which would require me to stay longer. It would vary on how long it would take me depending on how far it was and how long it took to complete the job, but the latest it went was 9:30 and 10. I worked 5 day a week. I would start at 8am and was supposed to end at 8pm unless I got a call at 7:30 or 7:45. I always worked over 40 hours. I started March or April 2021.

**INTERROGATORY NO. 4:** For each workweek from June 1, 2019 through June 1, 2022 that you claim you performed more than 40 hours of work for 316 Towing and for which you allege you were not properly compensated under the Fair Labor Standards Act, describe every physical location from which you performed work for 316 Towing and the number of total hours spent at each location. For time spent at roadside or otherwise unknown locations while assisting 316 Towing customers, you may state "assisting customer" instead of providing an exact physical location. For time spent in transit, you

Page 4 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

may specify "in transit" or "commuting" instead of providing an exact physical location. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by providing responsive information for each separate workweek.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks discovery of information that is already in possession of Defendants and that is not reasonable to retain in normal personal records or memory. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records.

Regarding information in Plaintiff's possession, Plaintiff states as follows: The locations I worked in would vary. Decula, Winder, Beaufort, Athens, Statham, Bethlehem, Auburn, Lawrenceville, Deluth, Flowering Branch, Snellville, Loganville, Stone Mountain, Tucker, Johns Creek, Aleharecta, and Commerce were the main cities in Georgia I worked in. The time it would take at each location was about 15-20 minutes, but it could take an hour depending on the situation. There were times when the information I received was incorrect, so I would have to confirm with 316 and the customer, the correct information which would extend the time it would take. The time in transit was 10-20 minutes minimum but the maximum could be an hour or more.

**INTERROGATORY NO. 5:** Please describe in detail the process by which you were hired or began working for 316 Towing, including detailed descriptions of all conversations, meetings, documents, training materials, offers, benefits information, protocols, handbooks, or agreements that were exchanged between you and any employee or representative of 316 Towing prior to and within the first two weeks of beginning work for 316 Towing.

Page 5 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**ANSWER NO. 5:** This Interrogatory seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than myself by reviewing Defendants' own records. Regarding details about the process by which I was hired or began working for 316 Towing, here is what I remember. Prior to working for them, I already had prior experience, so there wasn't any training since I had the knowledge already. There was a meeting with Eli with the manager at 316. I gave him my background and experience then he gave me a massive amount of paperwork to fill out. While filling it out I realized a lot of it was for the trailer hitch business that was part of MMM Express. 316 is a branch of that. I took home all of the paperwork since it was so much then returned it a couple days afterwards. They had me in tow truck the same day or day after I gave my paperwork. About 3 or 4 months after I was hired, we were called in to fill out more paperwork that involve MMM Express, which dealt with how drivers were paid and tax documents. There was so much that didn't involve the job duties I was dealing with as a tow truck driver

**INTERROGATORY NO. 6:** Please identify each cellular phone, smartphone, smartwatch, and any other mobile telecommunication device that you have used to transmit or receive communications, including phone calls, text messages, emails, or other app-based notifications, for or on behalf of any business or organization, including those which you own or have an interest in, since June 1, 2019. For each, please provide the make, model, date acquired, any assigned telephone number, and the name of any entity or individual who supplied or paid for the device or cellular service at any point in time.

Page 6 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**ANSWER NO. 6:** Objection. This Interrogatory is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants.

Regarding each cellular phone, smartphone, smartwatch, or any other mobile telecommunication device Plaintiff did use during Plaintiff's employment with Defendants, Plaintiff states as follows: I only used my personal cell phone to communicate with management and other drivers. We would use TowBook to receive and complete jobs and used WhatsApp to communicate with managers and other drivers. My number was ▮▮▮▮▮. It was an iPhone.

**INTERROGATORY NO. 7:** For each Request for Admission that you have denied, please describe in detail, and not in summary fashion, the factual bases supporting your denial.

**ANSWER NO. 7:** Objection. Plaintiff objects to this Interrogatory to the extent that it seeks information protected by Attorney-Client Privilege and/or the Attorney Work-Product Doctrine. Furthermore, Plaintiff objects to this Interrogatory as duplicative in that in Plaintiff's corresponding Responses to any such Request for Admission(s) that Plaintiff denied, Plaintiff described in detail which aspects of the Request were denied and why. Please see Plaintiff's Response to Defendants' First Set of Requests for Admission.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents that you believe support the allegations asserted by you in the First or Second Claim for Relief of your Complaint.

Page 7 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**RESPONSE NO. 1:** Most responsive documents relevant to this Request are in Defendants' possession or are more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, please see attached.

**REQUEST FOR PRODUCTION NO. 2:** Any and all documents relating to the allegation in Paragraphs 22, 27, 28, 72, 83, and 85 of the Complaint.

**RESPONSE NO. 2:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents relating to your claim for damages and other relief, including but not limited to all documents relating to the claim for damages set forth in the Prayer for Relief of the Complaint and your Initial Disclosures.

**RESPONSE NO.3:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, please see attached.

**REQUEST FOR PRODUCTION NO. 4:** Any and all documents relating to any admission you contend 316 Towing or Lisovskiy has made at any time from June 1, 2019 through the present in relation to any of the allegations of the Complaint.

**RESPONSE NO. 4:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

Page 8 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents evidencing or relating to any facts you believe or contend refute or contradict any of Defendants' defenses, as asserted in their Answer.

**RESPONSE NO. 5:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents or exhibits that you intend to reference, rely upon, or introduce into evidence at the trial of this Suit.

**RESPONSE NO. 6:** Objection. This Request is unduly burdensome in that it seeks to have Plaintiff marshal all his evidence prior to the end of discovery. Regarding documents that Plaintiff does intend to reference, rely upon, or introduce into evidence at trial, please see Plaintiff's Initial Disclosures and any documents produced in Plaintiff's responses to Defendants' First Set of Requests for Production of Documents.

**REQUEST FOR PRODUCTION NO. 7:** Any and all documents relating to each expert you intend to call as a witness at trial in this Suit, including but not limited to documents and communications sent to or received from each expert, resumes, curriculum vitae, oral or written reports, and any supporting data or information.

**RESPONSE NO. 7:** No expert witnesses have been identified at this time. Plaintiff does not intend to rely on expert witnesses; however, if and when any are identified, Plaintiff will timely supplement this Response.

**REQUEST FOR PRODUCTION NO. 8:** All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to

Page 9 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

call as a witness at trial, either in person, through deposition testimony, or through an affidavit regarding any claim or defense in this Suit.

**RESPONSE NO. 8:** Objection. This Request seeks information that is protected by the Attorney Work-Product Doctrine to the extent that it requests unfiled written statements, opt-in forms, consent to join forms, and/or declarations which Plaintiff's attorneys may have drafted or may draft and to the extent that it otherwise requests witness statements to Plaintiff's counsel.

Regarding any affidavits, sworn statements, notes or other documents, any affidavits or sworn statements which Plaintiff intends or decides to rely on in support of any motion will be filed and therefore provided to Defendants. To the extent Plaintiff would rely on such documents at trial, Plaintiff will produce them pursuant to these Requests or otherwise in accordance with the Federal Rules of Civil Procedure. Plaintiff has no responsive documents or statements from third-parties pursuant to subpoenas and/or FOIA requests, or otherwise, but will provide such documents if any are obtained.

**REQUEST FOR PRODUCTION NO. 9:** Any and all documents that you referred to, relied upon, consulted, or used in any way to draft the Complaint, your Initial Disclosures, or your response to Declaration of Brent Johnson.

**RESPONSE NO. 9:** Please see Hyde000001-000078 produced in Plaintiff's Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents or communications between you and any person or entity (other than your attorney) from June 1, 2019 through present, relating to the allegations in the Complaint, including but

**Page 10 of 25**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Brent Johnson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production**

not limited to correspondence, emails, handwritten notes, memos, recordings, journal entries, and communications with any government agency.

**RESPONSE NO. 10:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 11:** Any and all documents you obtained from any person or entity from June 1, 2019 through present relating to the allegations in the Complaint, including but not limited to any written statements, affidavits, declarations, sworn statements, notes, sworn testimony, documents obtained by subpoena, documents received in response to Freedom of Information Act (FOIA) requests, and documents received from any government agency.

**RESPONSE NO. 11:** Objection. Plaintiff restates and reincorporates Response No. 8 hereto.

**REQUEST FOR PRODUCTION NO. 12:** Any and all social media postings or communications relating to the allegations in the Complaint, including but not limited to postings on Facebook, LinkedIn, Twitter, YouTube, Instagram, Snapchat, WhatsApp, Reddit, blogs, wikis, and other social media sites.

**RESPONSE NO. 12:** Objection. This Request is unduly burdensome in that it requests that Plaintiff produce social media postings or communications relating to the allegations in the Complaint not within Plaintiff's own knowledge or possession. Plaintiff cannot reasonably be expected to locate, examine and produce social media postings or communications relating to the allegations in the Complaint that individuals other than Plaintiff possess without knowledge of such items.

Page 11 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

Regarding social media postings or communications that Plaintiff may have knowledge of, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents relating to any contracts, agreements, or correspondence in connection with your working relationship with either 316 Towing or Lisovskiy, including but not limited to any compensation or employment agreement or contract for tow truck services, onboarding documents, waivers, manuals, handbooks, training materials, or other written documents from 316 Towing characterize the work you performed or your working relationship with 316 Towing.

**RESPONSE NO. 13:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 14:** Any and all documents relating to any work you performed for 316 Towing, relevant to any claim or defense in this Suit, at any time from June 1, 2019 through June 1, 2022, in exchange for any form of compensation, including but not limited to invoices for tow truck services provided, days and hours worked, shift schedules, calendars, Towbook records, uniforms, safety meetings, routes, store visits, use of electronic devices, product promotions, tips, badges, sales, training, new products, contests, product pricing, customers, paychecks, compensation records, inspection reports, and schedule for completion of work.

**RESPONSE NO. 14:** Plaintiff restates and reincorporates Response No. 1 hereto.

**REQUEST FOR PRODUCTION NO. 15:** Any and all documents relating to any benefits offered or provided to you by 316 Towing or Lisovskiy at any time from June 1,

Page 12 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

2019 through present, including but not limited to pension, 401k, profit sharing, stock options, health insurance, life insurance, dental benefits, disability insurance, workers' compensation coverage, unemployment insurance, malpractice insurance, payment of professional dues, fees, or continuing education, reimbursement of moving expenses, business expenses, or tuition, paid time off, paid vacation, and paid sick leave.

**RESPONSE NO. 15:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:** Any and all documents relating to any expenses you incurred at any time from June 1, 2019 through June 1, 2022 in connection with the work you performed for 316 Towing, including but not limited to mileage, vehicle maintenance and repair, tools, equipment, supplies, meals, travel, uniforms, professional licenses and certifications, attendance at conferences and seminars, tuition, cell phone, fax, postage, and home office.

**RESPONSE NO. 16:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents relating to your efforts to obtain employment or compensation in exchange for work or services at any time from June 1, 2019 through June 1, 2022, including but not limited to all versions of your resume, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements, contracts, bids, proposals, job

Page 13 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

advertisements and postings, termination notices, resignation notices, rejection letters, and any other communications with any prospective employer or customer.

**RESPONSE NO. 17:** Objection. This Request seeks information that goes beyond the scope allowed by Rule 26 and has no importance to resolving the issues in this case or establishing any claims or defenses. In *Smith v. FracTech Services, LLC*, the court held, over the defendant's objection, that the plaintiffs' places of employment other than the defendant should be excluded as irrelevant and unfairly prejudicial. 2011 U.S. Dist. LEXIS 3165, *117-118 (E.D. Ark. Jan. 11, 2011). The same reasoning applies here. This lawsuit does not have anything to do with any of Plaintiff's experiences at places of employment other than with Defendants or Plaintiff's compensation after Plaintiff's employment with Defendants ended.

Additionally, this Request is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents relating to any business, partnership, limited liability company, corporation, sole proprietorship, nonprofit, joint venture, or other entity you have been employed by, owned, served as an officer for, held a stake in, or performed work for in exchange for compensation at any time from June 1, 2019 through June 1, 2022, including but not limited to business logos, business cards and letterhead, documents filed with local, state, or federal governments, documentation of assets, business entity formation and dissolution documents, licenses, customer reviews, referrals and recommendations, offer letters, employment agreements or contracts, independent contractor arrangements, consulting agreements, bills,

Page 14 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

invoices, paychecks, paystubs, websites and social media accounts, advertising, business directory listings, insurance coverage, including but not limited to general liability and workers' compensation, receipts, settlement payments, statements of work, W2s, Form 1099s, IRS Schedule C, social security benefits, disability benefits, unemployment insurance benefits, workers' compensation benefits, employer identification numbers (EIN or FEIN), building and equipment leases, annual reports, bank accounts, business expenses, mileage logs, loans and other forms of financial assistance, and claims, charges, grievances, or complaints made by or against each such entity.

**RESPONSE NO. 18:** Objection. This Request is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants.

In regard to the time Plaintiff did work for Defendants, Plaintiff objects to this Response to the extent that it seeks information that goes beyond the scope allowed by Rule 26 and has no importance to resolving the issues in this case or establishing any claims or defenses. In *Smith v. FracTech Services, LLC*, the court held, over the defendant's objection, that the plaintiffs' places of employment other than the defendant should be excluded as irrelevant and unfairly prejudicial. 2011 U.S. Dist. LEXIS 3165, *117-118 (E.D. Ark. Jan. 11, 2011). The same reasoning applies here. This lawsuit does not have anything to do with any of Plaintiff's experiences at places of employment other than with Defendants or Plaintiff's compensation after Plaintiff's employment with Defendants ended.

Page 15 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**REQUEST FOR PRODUCTION NO. 19:** Any and all documents in which you characterize your working relationship with 316 Towing and/or Lisovskiy, including but not limited to loan and credit applications, resumes, online profiles, and leases.

**RESPONSE NO. 19:** Objection. Plaintiff objects to this Request to the extent that it is axiomatic under the FLSA that mere titles and treatment are insufficient to determine a worker's employee status, but rather courts must examine the economic reality of the worker's relationship to the business. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) (citing *Goldberg v. Whitaker House Co-op, Inc.,* 366 U.S. 28, 33 (1961)).

**REQUEST FOR PRODUCTION NO. 20:** Any and all emails, letters, facsimiles, text messages, social media messages, direct messages, or other communications between you and (i) 316 Towing, (ii) Lisovskiy, or (iii) any other independent contractor or employee of 316 Towing.

**RESPONSE NO. 20:** Objection. This Request is overbroad and seeks information that is not relevant and that can only be used for a fishing expedition against Plaintiff to the extent that it seeks all emails, letters, facsimiles, text messages, social media messages, direct messages or other communications between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing, regardless of whether the communications themselves relate to the allegations in this case. The information requested is not proportional to the needs of this case because any communications between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing are of no importance to resolving the issues in this case or establishing any claims or defences unless they relate to the allegations in the

**Page 16 of 25**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Brent Johnson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production**

Complaint.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

Regarding communications in Plaintiff's possession between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing, Plaintiff has no responsive documents.

**Page 17 of 25**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Brent Johnson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit that you never sought input from Lisovskiy, personally, in accordance with your assertion in Johnson Decl. ¶ 7, August 26, 2022.

**ADMISSION NO. 1:** Deny. Denied to the extent that Plaintiff sent in information through Towbook to confirm towing and customer information.

**REQUEST FOR ADMISSION NO. 2:** Please admit that you have never been an employee of 316 Towing.

**ADMISSION NO. 2:** Deny. Denied to the extent that Plaintiff followed the usual path of employer-employee relationships; Defendants treated them as independent contractors only for tax purposes and for Defendants' convenience. Plaintiff did not have any professional input on the business and did not have any control over his schedule.

**REQUEST FOR ADMISSION NO. 3:** Please admit that you have never been an employee of Lisovskiy.

**ADMISSION NO. 3:** Deny. Denied to the extent that Plaintiff was never asked for input on any business decisions. Plaintiff did not financially invest in Defendants' business, share profits or losses in Defendants' business or set prices for services. Defendants' controlled Plaintiff's schedule and compensation for his hours worked.

**REQUEST FOR ADMISSION NO. 4:** Please admit that you have never been an independent contractor for Lisovskiy.

**ADMISSION NO. 4:** Admit.

**REQUEST FOR ADMISSION NO. 5:** Please admit that you were never required to perform work for 316 Towing outside of the State of Georgia.

**Page 18 of 25**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Brent Johnson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production**

**ADMISSION NO. 5:** Deny. Denied to the extent that there were times when Plaintiff had to drop off vehicles across state lines in South Carolina. The vehicle was on the interstate and the customer requested it to be towed across state lines.

**REQUEST FOR ADMISSION NO. 6:** Please admit that the time you spent answering calls, driving to and from customers, and performing roadside services for 316 Towing's customer was captured by a timekeeping software called "Towbook."

**ADMISSION NO. 6:** Deny. Denied to the extent that not all time spent answering calls, driving to and from customers and performing roadside services for 316 Towing's customers was captured by Towbook. Plaintiff performed jobs that did not come through Towbook and did not record time spent being "on-call".

**REQUEST FOR ADMISSION NO. 7:** Please admit that 316 Towing's records, which include data from Towbook, accurately capture all work that you performed for 316 Towing.

**ADMISSION NO. 7:** Deny. Denied to the extent Towbook did not record all work accurately, as some work was not sent through Towbook.

**REQUEST FOR ADMISSION NO. 8:** Please admit that you never performed more than 40 hours of work for 316 Towing in any given week between 2019 and 2022.

**ADMISSION NO. 8:** Deny. Denied to the extent that Plaintiff said he was averaging about 60 hours per week.

**REQUEST FOR ADMISSION NO. 9:** Please admit that you received additional compensation from 316 Towing for worked performed outside of your scheduled on-call period.

Page 19 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**ADMISSION NO. 9:** Deny. Denied to the extent that Plaintiff was only paid the salary assigned to him by Defendants'.

**REQUEST FOR ADMISSION NO. 10:** Please admit that you have been adequately compensated for all hours of work that you performed for 316 Towing.

**ADMISSION NO. 10:** Deny. Denied to the extent that Plaintiff was never paid overtime for any hours worked over 40 in a week.

**REQUEST FOR ADMISSION NO. 11:** Please admit that you have received at least $7.25 per hour in compensation for all hours of work performed for 316 Towing.

**ADMISSION NO. 11:** Deny. Denied to the extent that Plaintiff has not been able to examine Defendants' time and pay records to determine the amount per hour in compensation for all hours of work performed for 316 Towing.

**REQUEST FOR ADMISSION NO. 12:** Please admit that 316 Towing did not supervise the manner in which you performed work.

**ADMISSION NO. 12:** Deny. Denied to the extent that Defendants' used Towbook to track Plaintiff's location and time for jobs sent through Towbook to determine if he was on schedule for jobs he received.

**REQUEST FOR ADMISSION NO. 13:** Please admit that 316 Towing did not direct the manner in which you performed work.

**ADMISSION NO. 13:** Deny. Denied to the extent that Plaintiff was given jobs through Towbook and other means that he had to complete. He was told what jobs to do, the location to go for those jobs and did not have control over what customers were charged for Defendants' services.

**REQUEST FOR ADMISSION NO. 14:** Please admit that 316 Towing did not

Page 20 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

control the manner in which you performed work.

**ADMISSION NO. 14:** Deny. Denied to the extent that Towbook would have an ETA timer which would turn "red" which meant a job had gone over the estimated time. Plaintiff would sometimes receive a call from Eli, who would ask where Plaintiff was at and how much longer it would be before Plaintiff would arrive at a customer's location to complete a job.

**REQUEST FOR ADMISSION NO. 15:** Please admit that you completed and signed 316 Towing's "Pre-Contract Questionnaire."

**ADMISSION NO. 15:** Deny. Denied to the extent that Plaintiff does not remember ever seeing this document.

**REQUEST FOR ADMISSION NO. 16:** Please admit that you completed, initialed, and signed 316 Towing's "Independent Contractor and Lease Agreement."

**ADMISSION NO. 16:** Admit in part, deny in part. Denied in part to the extent that Plaintiff does not remember signing "Independent Contractor and Lease Agreement", admitted in part to the extent that Plaintiff does remember signing a document that contained independent contractor language.

**REQUEST FOR ADMISSION NO. 17:** Please admit that you agreed in writing that any dispute arising from the terms of the Independent Contractor and Lease Agreement would be submitted to mediation followed by binding arbitration.

**ADMISSION NO. 17:** Deny. Denied to the extent that Plaintiff doesn't remember seeing anything like this in any agreement he signed.

Page 21 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**REQUEST FOR ADMISSION NO. 18:** Please admit that you never signed any contract or other agreement with Lisovskiy, personally, including but not limited to any compensation or employment agreement or contract for your tow truck services.

**ADMISSION NO. 18:** Admit.

**REQUEST FOR ADMISSION NO. 19:** Please admit that you never worked as a tow truck driver for Lisovskiy, personally.

**ADMISSION NO. 19:** Deny. Denied to the extent that Plaintiff was given jobs that came from Defendant Lisovskiy. Defendant Lisovskiy sent these jobs through his manager Eli, who would send them to Plaintiff through Towbook. These jobs included picking up a representative of MMM Express and picking up relatives of Defendant Lisovskiy.

**REQUEST FOR ADMISSION NO. 20:** Please admit that you were never paid by Lisovskiy, personally.

**ADMISSION NO. 20:** Admit in part and deny in part. Admitted in part to the extent that Defendant Lisovskiy never handed checks to Plaintiff personally, denied in part to the extent that all checks Plaintiff received had Defendant Lisovskiy's signature on them.

**REQUEST FOR ADMISSION NO. 21:** Please admit that Lisovskiy, personally, neither hired nor fired you.

**ADMISSION NO. 21:** Admit in part, deny in part. Admitted in part to the extent that Defendant Lisovskiy did not personally offer the job to Plaintiff, denied to the extent that Defendant Lisovskiy was consulted and had final say on whether Plaintiff was hired.

**Page 22 of 25**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Brent Johnson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production**

**REQUEST FOR ADMISSION NO. 22:** Please admit that Lisovskiy, personally, neither supervised nor controlled your work schedule, duties, protocols, applications, or assignments with 316 Towing.

**ADMISSION NO. 22:** Deny. Denied to the extent that Plaintiff believes Defendant Lisovskiy had final say over any decisions made by Manager Eli regarding work schedule, duties, protocols, applications or assignments with 316 Towing.

**REQUEST FOR ADMISSION NO. 23:** Please admit that Lisovskiy, personally, never maintained your payroll records.

**ADMISSION NO. 23:** Plaintiff has insufficient information and knowledge regarding whether Defendant Lisovskiy personally maintained Plaintiff's payroll records, therefore deny.

**REQUEST FOR ADMISSION NO. 24:** Please admit that, during the time that you were scheduled to be on-call, you were not required to report to an office.

**ADMISSION NO. 24:** Admit.

**REQUEST FOR ADMISSION NO. 25:** Please admit that during the time that you were scheduled to be on-call, you would spend at least part of your on-call period at home or engaged in personal activities.

**ADMISSION NO. 25:** Deny. Denied to the extent that Plaintiff waited in the tow truck to receive the next job from 316 Towing.

**REQUEST FOR ADMISSION NO. 26:** Please admit that during at least part of the time you were scheduled to be on-call, you would perform work for another company or individual from a computer.

Page 23 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**ADMISSION NO. 26:** Deny. Denied to the extent that Plaintiff did not work for another company or individual while employed for Defendants.

**REQUEST FOR ADMISSION NO. 27:** Please admit that during at least part of the time you were scheduled to be on-call, you would attend to personal responsibilities and errands.

**ADMISSION NO. 27:** Deny. Denied to the extent that Plaintiff would only take personal time to eat while on-call.

**REQUEST FOR ADMISSION NO. 28:** Please admit that you frequently rejected calls from potential clients during the time that you were scheduled to be on-call.

**ADMISSION NO. 28:** Deny. Denied to the extent that Plaintiff did not frequently reject calls from potential clients during the time he was scheduled to be on-call. Plaintiff only rejected calls when Plaintiff decided there were unsafe conditions for the job.

**REQUEST FOR ADMISSION NO. 29:** Please admit that 316 Towing never disciplined or threatened to terminate you for rejecting a request from a potential customer.

**ADMISSION NO. 29:** Deny. Denied to the extent that Plaintiff was threatened with discipline, which equated to a reduction in pay, if he rejected a request from a potential customer.

**REQUEST FOR ADMISSION NO. 30:** Please admit that you never raised objections to 316 Towing that the compensation you received was inadequate for the amount of work you performed.

**ADMISSION NO. 30:** Admit.

Page 24 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

**REQUEST FOR ADMISSION NO. 31:** Please admit that you never raised

objections to 316 Towing concerning your classification as an independent contractor.

**ADMISSION NO. 31:** Admit.

Respectfully submitted,

**DUSTIN HYDE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing was

served via email on January 17, 2023, to the attorneys listed below:

Jeremy R. Handschuh, Esq.
Amanda I. Elliott, Esq.
MITCHELL-HANDSCHUH LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
Telephone: (404) 262-9488
Facsimile: (404) 231-3774
jeremy@m-hlawgroup.com
amanda@m-hlawgroup.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 25 of 25
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Brent Johnson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**DUSTIN HYDE, Individually and on**        **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.        No. 2:22-cv-103-RWS

**316 TOWING & ROAD SERVICE, INC.,**        **DEFENDANTS**
**and MAKSIM LISOVSKIY**

## <u>VERIFICATION</u>

I, Brent Johnson, verify under penalty of perjury that the factual information
contained in the foregoing Answers to Defendants' First Set of Interrogatories is true and
correct to the best of my knowledge, information and belief.

Executed on January 16, 2023.

**BRENT JOHNSON**