# Exhibit D

**In the Matter Of:**

HYDE V. 316 TOWING & ROAD SERVICE

2:22-cv-103-RWS

---

## KEVIN BRINDLEY

*September 29, 2023*

---



800.211.DEPO (3376)
EsquireSolutions.com

```
1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF GEORGIA
2                       GAINESVILLE DIVISION

3
   DUSTIN HYDE, Individually,    )
4  and on Behalf of All Other    )
   Similarly Situated,           )
5                                )  CIVIL ACTION FILE
                Plaintiff,       )
6                                )  NO. 2:22-cv-103-RWS
          vs.                    )
7                                )
   316 TOWING & ROAD SERVICE,    )
8  INC., and MAKSIM LISOVSKIY,   )
                                 )
9               Defendants.      )
   _____)
10

11

12              Deposition of KEVIN BRINDLEY, taken on

13        behalf of the Defendants, pursuant to Notice

14        and agreement of counsel, in accordance with

15        the Federal Rules of Civil Procedure, before

16        Cynthia B. Gatewood, Certified Court Reporter,

17        at 3390 Peachtree Road NE, Suite 520, Atlanta,

18        Georgia, on the 29th day of September 2023,

19        commencing at the hour of 2:29 p.m.

20

21

22

23

24

25
```



```
1                    INDEX TO EXAMINATIONS

2    EXAMINATION                                        PAGE

3    Cross-Examination by Mr. Handschuh                    4

4


5                     INDEX TO EXHIBITS

6    DEFENDANTS'
       EXHIBIT            DESCRIPTION                   PAGE
7
       D-1        Third Amended Notice to Take            7
8                 Deposition of Kevin Brindley

9      D-2        not tendered

10     D-3        Driver Application                     22

11     D-4        Plaintiff Kevin Brindley's            39
                  Responses to Defendants' First
12                Interrogatories, Requests for
                  Production of Documents, and
13                Requests for Admission

14     D-5        Independent Contractor and Lease      37
                  Agreement
15
       D-6        Towbook Log                           77
16
       D-7        not tendered
17
       D-8        Damages Spreadsheet                   88
18
       D-9        not tendered
19
       D-10       IRS Response                          94
20

21

22                            -   -   -

23

24

25
```



1   APPEARANCES OF COUNSEL:

2

    On behalf of the Plaintiff:
3
            SEAN SHORT
4           Attorney at Law
            Sanford Law Firm PLLC
5           Suite 510, Kirkpatrick Plaza
            10800 Financial Centre Parkway
6           Little Rock, Arkansas 72211
            Phone:  (501) 904-1650
7           Email:  sean@sanfordlawfirm.com

8

    On behalf of the Defendants:
9
            JEREMY R. HANDSCHUH
10          AMANDA I. ELLIOTT
            Attorneys at Law
11          Mitchell-Handschuh Law Group
            3390 Peachtree Road NE
12          Suite 520
            Atlanta, Georgia 30326
13          Phone:  (404) 262-9488
            Email:  jeremy@m-hlawgroup.com
14          Email:  amanda@m-hlawgroup.com

15

    Also Present:
16
            Maksim Lisovskiy
17

18

19
                              -  -  -
20

21

22
            (Disclosure, as required by the Georgia
23      Board of Court Reporting, was made by the court
        reporter, a written copy of which is attached
24      hereto.)

25



 1                     KEVIN BRINDLEY,

 2    having been first duly sworn, was examined and

 3    testified as follows:

 4                     CROSS-EXAMINATION

 5    BY MR. HANDSCHUH:

 6         Q.    Mr. Brindley, could you please spell your

 7    name -- excuse me -- state your name and spell it for

 8    the record.

 9         A.    Kevin Brindley, K-e-v-i-n, B-r-i-n-d-l-e-y.

10         Q.    All right.  Mr. Brindley, my name is Jeremy

11    Handschuh, and I'm an attorney that represents

12    Defendant 316 Towing and Road Service, Inc., and Maksim

13    Lisovskiy in the lawsuit pending in the Northern

14    District of Georgia, the Civil Action File Number

15    22-cv-103-RWS.  And this is a deposition in which I'll

16    ask you questions, and you must answer them truthfully,

17    unless your attorney tells you clearly and directly not

18    to answer.  Do you understand this?

19         A.    Yes, sir.

20         Q.    Okay.  And although no judge is present,

21    this is a formal legal proceeding just like testifying

22    in court.  And you're under the same legal obligation

23    to tell the truth, whole truth, and nothing but the

24    truth.  Do you understand that?

25         A.    Yes, sir.



 1   had a chance to look through; correct?

 2        A.    Correct.

 3        Q.    This is a copy -- true and correct copy of

 4   the Independent Contractor and Lease Agreement which

 5   you initialed on each page and then signed at the end

 6   with your name?

 7        A.    Yes, sir.

 8        Q.    And now turning to the signature page, this

 9   would have been the -- it's dated the 4th of

10   October 2021?

11        A.    Correct.

12        Q.    Okay.  And then underneath it, as

13   contractor, you signed -- printed your name and then

14   signed it.

15        A.    Yes, sir.

16        Q.    Okay.

17        A.    Actually, I signed it in the wrong spot.

18        Q.    Okay.  But you intended to sign for

19   contractor on the other side.

20        A.    Yes, sir.

21        Q.    Okay.  Do you believe that there is -- do

22   you refer to this document as a 1099 contract?  Would

23   you refer to it as a 1099 contract?

24        A.    I guess that's agreeable.

25   /  /  /

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DUSTIN HYDE, individually and )
on Behalf of All Other Similarly )
Situated )
)
Plaintiff, )
)
v. )          Civil Action File No: 2:22-cv-103-
)                         RWS
316 TOWING & ROAD )
SERVICE, INC., and MAKSIM )
LISOVSKIY )

Defendants.

**PLAINTIFF KEVIN BRINDLEY'S RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND
REQUESTS FOR ADMISSION**

Plaintiff Kevin Brindley ("Plaintiff") by and through his attorney Josh Sanford of

Sanford Law Firm, PLLC, hereby submits his Answers to Defendants' First Set of

Interrogatories and Requests for Production of Documents, and states as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify the individual(s) who participated in

answering these interrogatories, and for each, identify the individual's relationship to you.

**ANSWER NO. 1:** Plaintiff with the assistance of Counsel.

**INTERROGATORY NO. 2:** Please identify every entity, individual, or organization

(including yourself and companies you own) for whom you have performed work in

exchange for compensation as either an employee, officer, partner, owner, or

Page 1 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission



EXHIBIT
**4**

independent contractor since April 14, 2020.  For each entity, individual, or organization, provide:

    (a) The telephone number, address, EEIN, and full legal name as it appears on any check stub, W-2, or 1099 you may have received;

    (b) The name, contact information, and address of any individual who either supervised, managed, or otherwise directed the work you performed;

    (c) The time periods during which you performed work, including the beginning and end dates of your employment or engagement for each;

    (d) A description of the payment and timekeeping practices relevant to the work you performed, including whether such work was paid on an hourly, salaried, per-job, or piecemeal basis;

    (e)  A description of any programs, software, apps, documents, or records that were used to log or track work performed; and

    (f)  A description of the manner of any and all work that you performed, including job descriptions, locations, whether the work was performed remotely or on-site, and your specific duties.

    **ANSWER NO. 2:** Objection. This Interrogatory is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants.

    Regarding the requested information that is within the time Plaintiff worked for Defendants, Defendants already have the information or is more easily accessible by Defendants. Plaintiff was not working for anyone else while employed with Defendants.

Page 2 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**INTERROGATORY NO. 3:** For each workweek from April 14, 2020 through June 1, 2022 that you claim you performed more than 40 hours of work for 316 Towing and for which you allege you were not properly compensated under the Fair Labor Standards Act, state the precise number of hours you claim you worked. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by providing responsive information for each separate workweek.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome because Defendants are legally responsible for maintaining records of hours worked. The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate

Page 3 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

In this case, Plaintiff does not know if Defendants kept records of hours worked by Plaintiff. If Defendants did not keep such records, Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Regarding Plaintiff's general hours worked during his employment with Defendants, Plaintiff states as follows: I had a few different schedules. I was originally hired to do a 12pm-12am shift, then after about month I started working 12pm-5:30am for about a month. After that month, I went back to 12pm-12am. I worked Monday through Friday. I did not work Saturday or Sunday. I would say I was averaging 60 hours per week while on the 12pm-12am shift. I was averaging about 87 hours per week on the 12pm-5:30am shift. I worked there from Oct. 4, 2021, until about Oct. 28, 2022. Sometimes, I would be in the middle of a call at the end of my shift and would have to finish the call which could take up to 2 hours. This would usually happen about once a week, maybe two. This would occur because I was the only driver that was on at that time, and I couldn't pass it to anyone else.

**INTERROGATORY NO. 4:** For each workweek from April 14, 2020 through June 1, 2022 that you claim you performed more than 40 hours of work for 316 Towing and for which you allege you were not properly compensated under the Fair Labor Standards Act, describe every physical location from which you performed work for 316 Towing and the number of total hours spent at each location. For time spent at roadside or otherwise unknown locations while assisting 316 Towing customers, you may state "assisting

Page 4 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

customer" instead of providing an exact physical location. For time spent in transit, you may specify "in transit" or "commuting" instead of providing an exact physical location. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by providing responsive information for each separate workweek.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks discovery of information that is already in possession of Defendants and that is not reasonable to retain in normal personal records or memory. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records.

Regarding information Plaintiff can recall, Plaintiff states as follows: Our office was in Winder, Georgia, in Barrow County. We operated in and around there, but we would travel in a wider area. It would usually take an hour or less to arrive at each tow site depending on the traffic and road conditions. It would take 10-15 minutes to hook up the car. I spoke to the customer for about 5-10 minutes to go over the reason we were towing and any malfunctions with the car that they knew of. Depending on the distance, our trip with the car hooked up, could take 1 mile or sometimes 75 miles. It just depended on the job.

**INTERROGATORY NO. 5:** Please describe in detail the process by which you were hired or began working for 316 Towing, including detailed descriptions of all conversations, meetings, documents, training materials, offers, benefits information, protocols, handbooks, or agreements that were exchanged between you and any employee or representative of 316 Towing prior to and within the first two weeks of beginning work for 316 Towing.

Page 5 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks discovery of information that is already in possession of Defendants and that is not reasonable to retain in normal personal records or memory. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. Regarding information Plaintiff can recall, Plaintiff states as follows:  Basically, they had sought me out for two years to work for them. One day I decided to fill out an application. I took a drug test, then after 3 days it came back negative, so they hired me. They gave me a handbook of materials of various information about the company. They had a large portion devoted to their tractor trailer business that didn't involve what I was doing and was more for commercial driver's license stuff. There was also a 1099 contract that I did sign. Eli Kudrin was the one who hired me. I dealt with him for everything while being hired. When I first started I received $900 per week. About two months later I went to $950, then after a few more months $1000, and a month after that I went to $1100. Everything was paid by company check.

**INTERROGATORY NO. 6:** Please identify each cellular phone, smartphone, smartwatch, and any other mobile telecommunication device that you have used to transmit or receive communications, including phone calls, text messages, emails, or other app-based notifications, for or on behalf of any business or organization, including those which you own or have an interest in, since April 14, 2023. For each, please provide the make, model, date acquired, any assigned telephone number, and the name of any entity or individual who supplied or paid for the device or cellular service at any point in time.

Page 6 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**ANSWER NO. 6:** Objection. This Interrogatory is overbroad and seeks information that is not relevant to the extent that it requests information beyond the scope of the time Plaintiff worked for Defendants and for entities not a party to this lawsuit.

Regarding the phone Plaintiff used while working for Defendants, Plaintiff states as follows: I did not have company cell phone from Defendants. I had to use my personal cell phone. It was an LG phone and we used an app named TowBook to receive jobs and for communication we used WhatsApp. My carrier wass Verizon and phone number was

████████████

**INTERROGATORY NO. 7:** For each Request for Admission that you have denied, please describe in detail, and not in summary fashion, the factual bases supporting your denial.

**ANSWER NO. 7:** Objection. Plaintiff objects to this Interrogatory to the extent that it seeks information protected by Attorney-Client Privilege and/or the Attorney Work-Product Doctrine. Furthermore, Plaintiff objects to this Interrogatory as duplicative in that in Plaintiff's corresponding Responses to any such Request for Admission(s) that Plaintiff denied, Plaintiff described in detail which aspects of the Request were denied and why. Please see Plaintiff's Response to Defendants' First Set of Requests for Admission.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents that you believe support the allegations asserted by you in the First or Second Claim for Relief of your Complaint.

**RESPONSE NO. 1:** Any responsive documents relevant to this Request are in Defendants' possession or are more easily accessible by Defendants. Regarding any

Page 7 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 2:** Any and all documents relating to the allegation in Paragraphs 22, 27, 28, 72, 83, and 85 of the Complaint.

**RESPONSE NO. 2:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents relating to your claim for damages and other relief, including but not limited to all documents relating to the claim for damages set forth in the Prayer for Relief of the Complaint and your Initial Disclosures.

**RESPONSE NO.3:** Plaintiff restates and incorporates Answer No 3 hereto.

**REQUEST FOR PRODUCTION NO. 4:** Any and all documents relating to any admission you contend 316 Towing or Lisovskiy has made at any time from April 14, 2020 through the present in relation to any of the allegations of the Complaint.

**RESPONSE NO. 4:** See Defendants' Answer and responses to discovery. Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents evidencing or relating to any facts you believe or contend refute or contradict any of Defendants' defenses, as asserted in their Answer.

Page 8 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**RESPONSE NO. 5:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents or exhibits that you intend to reference, rely upon, or introduce into evidence at the trial of this Suit.

**RESPONSE NO. 6:** Objection. This Request is unduly burdensome in that it seeks to have Plaintiff marshal all his evidence prior to the end of discovery. Plaintiff reserves the right to reference, rely upon, or introduce into evidence at trial any documents produced as part of Plaintiffs' Initial Disclosures and any documents produced in Plaintiffs' responses to Defendants' First Set of Requests for Production of Documents.

**REQUEST FOR PRODUCTION NO. 7:** Any and all documents relating to each expert you intend to call as a witness at trial in this Suit, including but not limited to documents and communications sent to or received from each expert, resumes, curriculum vitae, oral or written reports, and any supporting data or information.

**RESPONSE NO. 7:** No expert witnesses have been identified at this time. Plaintiff does not intend to rely on expert witnesses; however, if and when any are identified, Plaintiff will timely supplement this Response.

**REQUEST FOR PRODUCTION NO. 8:** All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit regarding any claim or defense in this Suit.

**RESPONSE NO. 8:** Objection. This Request seeks information that is protected by the Attorney Work-Product Doctrine to the extent that it requests unfiled written

Page 9 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

statements, opt-in forms, consent to join forms, and/or declarations which Plaintiff's attorneys may have drafted or may draft and to the extent that it otherwise requests witness statements to Plaintiff's counsel. Any affidavits or sworn statements which Plaintiff intends or decides to rely on in support of any motion will be filed and therefore provided to Defendants. To the extent Plaintiff would rely on such documents at trial, Plaintiff will produce them pursuant to these Requests or otherwise in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 9:** Any and all documents or communications between you and any person or entity (other than your attorney) from April 14, 2020 through present, relating to the allegations in the Complaint, including but not limited to correspondence, emails, handwritten notes, memos, recordings, journal entries, and communications with any government agency.

**RESPONSE NO. 9:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents you obtained from any person or entity from April 14, 2020 through present relating to the allegations in the Complaint, including but not limited to any written statements, affidavits, declarations, sworn statements, notes, sworn testimony, documents obtained by subpoena, documents received in response to Freedom of Information Act (FOIA) requests, and documents received from any government agency.

**RESPONSE NO. 10:** Objection. Plaintiff restates and reincorporates Response No. 8 hereto. Plaintiff has no responsive documents or statements from third-parties

Page 10 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

pursuant to subpoenas and/or FOIA requests, or otherwise, but will provide such documents if any are obtained.

**REQUEST FOR PRODUCTION NO. 11:** Any and all social media postings or communications relating to the allegations in the Complaint, including but not limited to postings on Facebook, LinkedIn, Twitter, YouTube, Instagram, Snapchat, WhatsApp, Reddit, blogs, wikis, and other social media sites.

**RESPONSE NO. 11:** Objection. This Request is overbroad and unduly burdensome in that it requests that Plaintiff produce social media postings or communications relating to the allegations in the Complaint not within Plaintiff's own knowledge or possession. Additionally, in *Palma v. Metro PCS Wireless, Inc.*, 8:13-cv-698-T-33MAP, 18 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the Defendants in a collective action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The Defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id.* (citations omitted). In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there

Page 11 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 U.S. Dist. LEXIS 20944, at *3 (M.D. Fla. Feb. 21, 2012) ("Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." ); *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D. Nev. Jan. 9, 2007) ("Ordering . . . release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable.").

Regarding social media postings or communications that Plaintiff can recall, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents relating to any contracts, agreements, or correspondence in connection with your working relationship with either 316 Towing or Lisovskiy, including but not limited to any compensation or employment agreement or contract for tow truck services, onboarding documents, waivers, manuals, handbooks, training materials, or other written documents from 316 Towing characterize the work you performed or your working relationship with 316 Towing.

Page 12 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**RESPONSE NO. 12:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, please see attached.

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents relating to any work you performed for 316 Towing, relevant to any claim or defense in this Suit, at any time from April 14, 2020 through June 1, 2022, in exchange for any form of compensation, including but not limited to invoices for tow truck services provided, days and hours worked, shift schedules, calendars, Towbook records, uniforms, safety meetings, routes, store visits, use of electronic devices, product promotions, tips, badges, sales, training, new products, contests, product pricing, customers, paychecks, compensation records, inspection reports, and schedule for completion of work.

**RESPONSE NO. 13:** Plaintiff restates and incorporates Answer No 3 hereto.

**REQUEST FOR PRODUCTION NO. 14:** Any and all documents relating to any benefits offered or provided to you by 316 Towing or Lisovskiy at any time from April 14, 2020 through present, including but not limited to pension, 401k, profit sharing, stock options, health insurance, life insurance, dental benefits, disability insurance, workers' compensation coverage, unemployment insurance, malpractice insurance, payment of professional dues, fees, or continuing education, reimbursement of moving expenses, business expenses, or tuition, paid time off, paid vacation, and paid sick leave.

**RESPONSE NO. 14:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

Page 13 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**REQUEST FOR PRODUCTION NO. 15:** Any and all documents relating to any expenses you incurred at any time from April 14, 2020 through June 1, 2022 in connection with the work you performed for 316 Towing, including but not limited to mileage, vehicle maintenance and repair, tools, equipment, supplies, meals, travel, uniforms, professional licenses and certifications, attendance at conferences and seminars, tuition, cell phone, fax, postage, and home office.

**RESPONSE NO. 15:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants. Regarding any responsive documents relevant to this Request that are in Plaintiff's possession, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:** Any and all documents relating to your efforts to obtain employment or compensation in exchange for work or services at any time from April 14, 2020 through June 1, 2022, including but not limited to all versions of your resume, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements, contracts, bids, proposals, job advertisements and postings, termination notices, resignation notices, rejection letters, and any other communications with any prospective employer or customer.

**RESPONSE NO. 16:** Objection. This Request seeks information that goes beyond the scope allowed by Rule 26 and has no importance to resolving the issues in this case or establishing any claims or defenses. In *Smith v. FracTech Services, LLC*, the court held, over the defendant's objection, that the plaintiffs' places of employment other than the defendant should be excluded as irrelevant and unfairly prejudicial. 2011 U.S. Dist. LEXIS 3165, *117-118 (E.D. Ark. Jan. 11, 2011). The same reasoning applies here. This lawsuit does not have anything to do with any of Plaintiff's experiences at places of

Page 14 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

employment or Plaintiff's compensation before or after Plaintiff's employment with Defendants ended. Additionally, Plaintiff objects to this Request to the extent that it seeks documents reflecting Plaintiff's job title for Defendants. It is axiomatic under the FLSA that mere titles and treatment are insufficient to determine a worker's employee status, but rather courts must examine the economic reality of the worker's relationship to the business. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) (citing *Goldberg v. Whitaker House Co-op, Inc.,* 366 U.S. 28, 33 (1961)).

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents relating to any business, partnership, limited liability company, corporation, sole proprietorship, nonprofit, joint venture, or other entity you have been employed by, owned, served as an officer for, held a stake in, or performed work for in exchange for compensation at any time from April 14, 2020 through June 1, 2022, including but not limited to business logos, business cards and letterhead, documents filed with local, state, or federal governments, documentation of assets, business entity formation and dissolution documents, licenses, customer reviews, referrals and recommendations, offer letters, employment agreements or contracts, independent contractor arrangements, consulting agreements, bills, invoices, paychecks, paystubs, websites and social media accounts, advertising, business directory listings, insurance coverage, including but not limited to general liability and workers' compensation, receipts, settlement payments, statements of work, W2s, Form 1099s, IRS Schedule C, social security benefits, disability benefits, unemployment insurance benefits, workers' compensation benefits, employer identification numbers (EIN or FEIN), building and equipment leases, annual reports, bank accounts, business

Page 15 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

expenses, mileage logs, loans and other forms of financial assistance, and claims, charges, grievances, or complaints made by or against each such entity.

**RESPONSE NO. 17:** Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents in which you characterize your working relationship with 316 Towing and/or Lisovskiy, including but not limited to loan and credit applications, resumes, online profiles, and leases.

**RESPONSE NO. 18:** Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 19:** Any and all emails, letters, facsimiles, text messages, social media messages, direct messages, or other communications between you and (i) 316 Towing, (ii) Lisovskiy, or (iii) any other independent contractor or employee of 316 Towing.

**RESPONSE NO. 19:** Any responsive documents are in Defendants' possession or more easily accessible by Defendants in regards to (i) and (ii). With regard to (iii), Plaintiff restates and incorporates Response No. 11 hereto. Additionally, this Request is overbroad and seeks information that is not relevant and that can only be used for a fishing expedition against Plaintiff to the extent that it seeks all emails, letters, facsimiles, text messages, social media messages, direct messages or other communications between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing, regardless of whether the communications themselves relate to the allegations in this case. The information requested is not proportional to the needs of this case because any communications between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing are of no importance to resolving the issues in this case or establishing any claims or defences unless they relate

Page 16 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

to the allegations in the Complaint.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

Regarding communications in Plaintiff's possession between Plaintiff and 316 Towing, Lisovskiy or any other independent contractor or employee of 316 Towing which relate to this case, Plaintiff has no responsive documents.

Page 17 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit that you have never been an employee of 316 Towing.

**ADMISSION NO. 1:** Denied. Plaintiff followed the usual path of employer-employee relationships; Defendants treated them as independent contractors only for tax purposes and for Defendants' convenience. Plaintiff did not have any professional input on the business and did not have any control over his schedule. Plaintiff worked the hours Defendants assigned and used their equipment. Plaintiff was never asked for input on any business decisions. Plaintiff did not financially invest in Defendants' business, share profits or losses in Defendants' business or set prices for services.

**REQUEST FOR ADMISSION NO. 2:** Please admit that you have never been an employee of Lisovskiy.

**ADMISSION NO. 2:** Denied, Lisovskiy was the owner and Eli worked for Lisovskiy, and Plaintiff did the work assigned by Eli on behalf of Lisovskiy.

**REQUEST FOR ADMISSION NO. 3:** Please admit that you have never been an independent contractor for Lisovskiy.

**ADMISSION NO. 3:** Admitted, Plaintiff was an employee of Lisovskiy.

**REQUEST FOR ADMISSION NO. 4:** Please admit that you were never required to perform work for 316 Towing outside of the State of Georgia.

**ADMISSION NO. 4:** Denied. Plaintiff had to go to South Carolina and North Carolina a few times.

**REQUEST FOR ADMISSION NO. 5:** Please admit that the time you spent answering calls, driving to and from customers, and performing roadside services for 316

Page 18 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

Towing's customer was captured by a timekeeping software called "Towbook."

**ADMISSION NO. 5:** Admit in part.  Not all of my time was captured.

**REQUEST FOR ADMISSION NO. 6:** Please admit that 316 Towing's records, which include data from Towbook, accurately capture all work that you performed for 316 Towing.

**ADMISSION NO. 6:** Deny. Everything was time stamped for the different stages of each tow job. Accepting the job, in transit, on site, etc., but Plaintiff also performed work for Defendants outside of Towbook, such as washing the truck or picking up employees' vehicles.

**REQUEST FOR ADMISSION NO. 7:** Please admit that you never performed more than 40 hours of work for 316 Towing in any given week between 2019 and 2022.

**ADMISSION NO. 7:** Denied, Plaintiff consistently worked at least 60 hours per week.

**REQUEST FOR ADMISSION NO. 8:** Please admit that you received additional compensation from 316 Towing for worked performed outside of your scheduled on-call period.

**ADMISSION NO. 8:** Denied. Plaintiff was paid a set amount weekly by Defendants.

**REQUEST FOR ADMISSION NO. 9:** Please admit that you have been adequately compensated for all hours of work that you performed for 316 Towing.

**ADMISSION NO. 9:** Denied. Plaintiff was not paid overtime for any hours worked over 40 in a week.

**REQUEST FOR ADMISSION NO. 10:** Please admit that you have received at least $7.25 per hour in compensation for all hours of work performed for 316 Towing.

Page 19 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**ADMISSION NO. 10:** Admitted in part but denied as to whether that is relevant in weeks in which Plaintiff worked more than 40 hours.

**REQUEST FOR ADMISSION NO. 11:** Please admit that 316 Towing did not supervise the manner in which you performed work.

**ADMISSION NO. 11:** Denied. Plaintiff was supervised by Eli. If Plaintiff was sent a call, he had to take it.

**REQUEST FOR ADMISSION NO. 12:** Please admit that 316 Towing did not direct the manner in which you performed work.

**ADMISSION NO. 12:** Denied. Defendants told Plaintiff which jobs he had to take and how to record the jobs in their system and what Defendants' customers would be charged for the job.

**REQUEST FOR ADMISSION NO. 13:** Please admit that 316 Towing did not control the manner in which you performed work.

**ADMISSION NO. 13:** Denied. Defendants dispatched the jobs. Plaintiff didn't have a list to pick from. If they sent a call, Plaintiff had to take it.

**REQUEST FOR ADMISSION NO. 14:** Please admit that you completed and signed 316 Towing's "Pre-Contract Questionnaire."

**ADMISSION NO. 14:** Plaintiff lacks sufficient information to admit or deny this Request, therefore denied. Plaintiff remembers a new hire packet and filling out everything in it, but he doesn't recall specifically completing and signing this document.

**REQUEST FOR ADMISSION NO. 15:** Please admit that you completed, initialed, and signed 316 Towing's "Independent Contractor and Lease Agreement."

Page 20 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**ADMISSION NO. 15:** Denied as written.  Plaintiff cannot admit to signing a document that was not attached to the Requests that were served on him.

**REQUEST FOR ADMISSION NO. 16:** Please admit that you agreed in writing that any dispute arising from the terms of the Independent Contractor and Lease Agreement would be submitted to mediation followed by binding arbitration.

**ADMISSION NO. 16:** See Answer No. 15.

**REQUEST FOR ADMISSION NO. 17:** Please admit that you never signed any contract or other agreement with Lisovskiy, personally, including but not limited to any compensation or employment agreement or contract for your tow truck services.

**ADMISSION NO. 17:** Admitted.

**REQUEST FOR ADMISSION NO. 18:** Please admit that you never worked as a tow truck driver for Lisovskiy, personally.

**ADMISSION NO. 18:** Denied. Lisovskiy never contacted Plaintiff personally, but Plaintiff did have to pick up employee's cars that had broken down. These were off the TowBook app and not recorded. These always came from Eli. This happened fewer than 10 times. These would usually take under 2 hours.

**REQUEST FOR ADMISSION NO. 19:** Please admit that you were never paid by Lisovskiy, personally.

**ADMISSION NO. 19:** Admitted in part and denied in part. Admitted in part to the extent that Defendant Lisovskiy never handed checks to Plaintiff personally, denied in part to the extent that all checks Plaintiff received had Defendant Lisovskiy's signature on them.

Page 21 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**REQUEST FOR ADMISSION NO. 20:** Please admit that Lisovskiy, personally, neither hired nor fired you.

**ADMISSION NO. 20:** Admitted in part. It was all done by Eli, who worked for Lisovskiy.

**REQUEST FOR ADMISSION NO. 21:** Please admit that Lisovskiy, personally, neither supervised nor controlled your work schedule, duties, protocols, applications, or assignments with 316 Towing.

**ADMISSION NO. 21:** Denied to the extent that Defendant Lisovskiy had final say over any decisions made by Manager Eli regarding work schedule, duties, protocols, applications or assignments with 316 Towing.

**REQUEST FOR ADMISSION NO. 22:** Please admit that Lisovskiy, personally, never maintained your payroll records.

**ADMISSION NO. 22:** Plaintiff has insufficient information and knowledge regarding whether Defendant Lisovskiy personally maintained Plaintiff's payroll records, therefore denied.

**REQUEST FOR ADMISSION NO. 23:** Please admit that, during the time that you were scheduled to be on-call, you were not required to report to an office.

**ADMISSION NO. 23:** Admitted.

**REQUEST FOR ADMISSION NO. 24:** Please admit that during the time that you were scheduled to be on-call, you would spend at least part of your on-call period at home or engaged in personal activities.

**ADMISSION NO. 24:** Admitted. Plaintiff would go by the house to eat lunch once or twice a week, but usually waited in a parking lot for a call to come in.

**Page 22 of 24**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Plaintiff Kevin Brindley's Answers and Responses to Defendants'**
**First Set of Interrogatories, Requests for Production, and Requests for Admission**

**REQUEST FOR ADMISSION NO. 25:** Please admit that during at least part of the time you were scheduled to be on-call, you would perform work for another company or individual from a computer.

**ADMISSION NO. 25:** Denied.  Plaintiff did not work for another company or individual while employed by Defendants.

**REQUEST FOR ADMISSION NO. 26:** Please admit that during at least part of the time you were scheduled to be on-call, you would attend to personal responsibilities and errands.

**ADMISSION NO. 26:** Denied. From time to time Plaintiff would go wash Defendants' truck, or go network with repair shops around town.

**REQUEST FOR ADMISSION NO. 27:** Please admit that you frequently rejected calls from potential clients during the time that you were scheduled to be on-call.

**ADMISSION NO. 27:** Denied.

**REQUEST FOR ADMISSION NO. 28:** Please admit that 316 Towing never disciplined or threatened to terminate you for rejecting a request from a potential customer.

**ADMISSION NO. 28:** Denied.

**REQUEST FOR ADMISSION NO. 29:** Please admit that you never raised objections to 316 Towing that the compensation you received was inadequate for the amount of work you performed.

**ADMISSION NO. 29:** Objection.  This request is irrelevant.

**REQUEST FOR ADMISSION NO. 30:** Please admit that you never raised objections to 316 Towing concerning your classification as an independent contractor.

Page 23 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

**ADMISSION NO. 30:** Admitted.

Respectfully submitted,

**DUSTIN HYDE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing was

served via email on May 26, 2023, to the attorneys listed below:

Jeremy R. Handschuh, Esq.
Amanda I. Elliott, Esq.
MITCHELL-HANDSCHUH LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
Telephone: (404) 262-9488
Facsimile: (404) 231-3774
jeremy@m-hlawgroup.com
amanda@m-hlawgroup.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 24 of 24
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Plaintiff Kevin Brindley's Answers and Responses to Defendants'
First Set of Interrogatories, Requests for Production, and Requests for Admission

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**DUSTIN HYDE, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                              No. 2:22-cv-103-RWS

**316 TOWING & ROAD SERVICE, INC.,**          **DEFENDANTS**
**and MAKSIM LISOVSKIY**

## VERIFICATION

I, Kevin Brindley, verify under penalty of perjury that the factual information contained in the foregoing Answers to Defendants' First Set of Interrogatories is true and correct to the best of my knowledge, information and belief.

Executed on May 26, 2023.

_____
**KEVIN BRINDLEY**