# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated ) ) ) ) Plaintiff, ) ) v. ) ) 316 TOWING & ROAD SERVICE, ) INC., and MAKSIM LISOVSKIY ) ) Defendants. ) | Civil Action File No: 2:22-cv-103-RWS **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION TO ARBITRATE AND MOTION TO AMEND THE SCHEDULING ORDER**

COME NOW Defendants 316 Towing & Road Service, Inc. ("316 Towing") and Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and through their counsel of record, and file this Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate and Motion to Amend the Scheduling Order. This Motion addresses a relatively simple legal standard for good cause to amend the Scheduling Order [Dkt. 15] pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, but it requires a detailed procedural history for

Page 1 of 19
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

the Court's understanding and consideration. Accordingly, Defendants state as follows:

## INTRODUCTION

In this matter, named Plaintiff Dustin Hyde ("Plaintiff"), individually and on behalf of all others similarly situated, alleges that Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "F.L.S.A."). Prior to even filing their Answer to Plaintiff's Complaint [Dkt. 1], Defendants sought to enforce the mandatory arbitration provision contained within the Independent Contractor and Lease Agreement (the "Agreement") between 316 Towing and Plaintiff. But for whatever reason, Plaintiffs' counsel refused to acknowledge that Plaintiff Hyde signed, or at the very least initialed, the Agreement. Then, the three opt-in plaintiffs that later joined this matter[1] similarly denied signing the Agreement both informally and during written discovery. In light of these early formation contests interposed by Plaintiffs' counsel regarding the Agreement, Defendants have consistently preserved the issue of, and right to, arbitrate under the Agreement.

---

[1] By April 14, 2023, Plaintiff filed Consents to Join Collective Action for three opt-in plaintiffs [Dkt. 12, 35, 36]. Plaintiff and the opt-in plaintiffs are hereinafter collectively referred to as "Plaintiffs."

Page 2 of 20
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate**

Notwithstanding these repeated denials that Plaintiffs executed the Agreements, during Defendants' recent depositions of each plaintiff in late September 2023, all three opt-in plaintiffs suddenly reversed course and simply admitted to signing the Agreement. No explanation, however, has been given to date for the divergence between Plaintiffs' written discovery responses and deposition testimony, despite specific inquiry. At best, Plaintiffs simply did not somehow remember these facts during written discovery and upon earlier informal inquiry with counsel but did remember at their depositions. As for Plaintiff Hyde, he initially maintained that he could "not recall" signing the Agreement but admitted to initialing the Agreement, then stated he was "not sure," and finally denied signing the Agreement or writing his name within the signature block, claiming it was not his handwriting. He did, however, recall initialing documents "lots of papers" before providing tow truck services for 316 Towing.

The Parties then moved the Court to extend the deadline to file any summary judgment or dispositive motions to allow the Parties and Court to focus on the procedural issue of decertification, which would confirm whether the opt-in plaintiffs were properly joined and clarify whether issues of arbitration would need to be addressed collectively before this Court, or, individually, within separate suits by the opt-in plaintiffs. On March 20, 2024, the Court entered its Order denying

Page 3 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

Defendants' Motion for Decertification and advising that the Court would not enforce the Agreement's arbitration provision absent a motion to arbitrate.

Because Plaintiffs' recent deposition testimony has made this matter arbitrable for the first time, and the Court's stated position within its Decertification Order, Defendants desire and intend to prepare and file a motion to compel mediation and arbitration before the American Arbitration Association in accordance with the Agreement (a "Motion to Arbitrate"), but Defendants must first obtain leave of court for that purpose.  As set forth below, Defendants demonstrate good cause for this Motion below and respectfully request the Court grant Defendants' Motion and enter the following relief:

(i)   grant Defendants leave pursuant to LR 7.1(A)(2), NDGa, allowing Defendants to file their Motion to Arbitrate by April 19, 2024, and amend the Scheduling Order [Dkt. 15] accordingly; and

(ii)  further amend the Scheduling Order, extending the current April 19, 2024 deadline [Dkt. 55] for the Parties to file any summary judgment or other dispositive motions, through and including thirty (30) days following the Court's order on Defendants' Motion to Arbitrate.

Page 4 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

## PROCEDURAL AND FACTUAL BACKGROUND

Prior to being engaged by 316 Towing as independent contractors to provide tow truck services, each plaintiff executed an Agreement, which contains the following arbitration provision:

> 9.   Alternative Dispute Resolution.   The parties agree that any dispute concerning the terms of this Agreement will be submitted to mediation followed by binding arbitration before a tribunal convened under the rules of the American Arbitration Association at Atlanta, GA.

[Dkt. 60-1, at 289; 60-3, at 213; 60-4, at 252; 60-5, at 204].

### The Pleadings and Conditional Certification Posture

On June 1, 2022, Plaintiff filed his Original Complaint–Collective Action [Dkt. 1]. Within his Complaint, Plaintiff asserts an individual claim for damages and declaratory relief from alleged F.L.S.A. violations and a collective action claim for the same on behalf of all similarly situated employees. Prior to filing their Answer to Plaintiff's Complaint, Defendants' counsel discussed arbitration with Plaintiffs' counsel, who refused to acknowledge over the telephone that Plaintiff Hyde signed the Agreement. [*See* Dkt. 65, at 12]. This would be the first of Plaintiffs' many needless delays, preventing a record upon which Defendants could enforce the Agreement's arbitration provision until very recently in this litigation.

Page 5 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

On July 12, 2022, Defendants filed their Answer and Affirmative Defenses [Dkt. 5] to Plaintiff's Complaint [Dkt. 1], asserting and preserving an affirmative defense that "Plaintiff's claims are subject to a mandatory arbitration provision found within [the Agreement] . . . ." [Dkt. 5, at 3]. Defendants have similarly preserved the issue of, and right to, arbitrate under the Agreement throughout this litigation [*see, e.g.*, Dkt. 14, at 3; Dkt. 19, at 3; Dkt. 20, at 12; Dkt. 44, at 2].

On August 26, 2022, Plaintiff filed his Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information [Dkt. 16] (the "Conditional Certification Motion"). This Court entered its Order on Plaintiff's Conditional Certification Motion on February 6, 2023 [Dkt. 26] (the "Conditional Certification Order"), which conditionally certified the class of potential plaintiffs and ordered the parties to undertake actions to facilitate notice of potential collective members. By April 14, 2023, Plaintiff filed Consents to Join Collective Action for three opt-in plaintiffs [Dkt. 12, 35, 36].

### Discovery and Plaintiffs' Admissions

The Court has entered three orders extending the discovery period for various reasons, including the inherent delay in proceeding with post-certification discovery, opt-in plaintiffs Brown and Brindley joining the action late in the discovery period, and other unforeseen delays and conflicts with Plaintiffs' counsel [Dkt. 27, 41, 46].

Page 6 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

During this time, the Parties exchanged written discovery on issues of arbitration. Significantly, each plaintiff denied Defendants' written requests that each admit he agreed in writing "that any dispute arising from the terms of the [Agreement] would be submitted to mediation followed by binding arbitration," – either because he could not "recall signing a document that contained this language" [Dkt. 60-2, at 24, No. 17] or "remember seeing anything like this in any agreement he signed" [Dkt. 60-4, at 237, No. 17], or "because it [was] not attached" [Dkt. 60-3, at 200, No. 16] or he could not "admit to signing a document that was not attached to the Requests that were served on him" [Dkt. 60-5, at 190, No. 16].

During each plaintiff's deposition in late September 2023, however, Defendants learned new and clear admissions of fact that would make this matter arbitrable for the first time. Specifically, three out of four Plaintiffs plainly admitted to signing the Agreement, including the mandatory arbitration provision contained therein. [Brown Dep.[2] 45:11-12; Johnson Dep.[3] 24:8-11; Brindley Dep.[4] 38:3-7]. Plaintiff Hyde initially maintained that he could "not recall" signing the Agreement but admitted to initialing the Agreement, then stated he was "not sure," and finally

---

[2] *See* Dkt. 60-3 ("Brown Dep.")
[3] *See* Dkt. 60-4 ("Johnson Dep.")
[4] *See* Dkt. 60-5 ("Brindley Dep.").

Page 7 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

denied signing the Agreement or writing his name within the signature block, claiming it was not his handwriting [Hyde Dep.[5] at 31:17-32:7, 34:5-6, 34:11-22, 35:7-8, 35:20-22]. He did, however, recall initialing "a lot of papers" before providing tow truck services for 316 Towing [Hyde Dep. at 32:24-25].

## The Procedural Motions: Decertification and Arbitration

On October 12, 2023, the Parties moved to amend the Scheduling Order [Dkt. 53] to allow the Parties to solely engage in, and the Court to review, the factual and legal analyses required by Defendant's upcoming Motion for Decertification, which would confirm whether the opt-in plaintiffs were properly joined and clarify whether issues of arbitration would need to be addressed collectively or within individual actions. Further deferring all substantive and merits-based issues, on October 13, 2023, the Court entered its Order on Consent Motion to Amend the Scheduling Order [Dkt. 55], extending the deadline to file any summary judgment or other dispositive motions until after the Court's order on Defendants' Motion for Decertification.

Defendants received the original deposition transcripts of Plaintiffs Hyde, Johnson, and Brown just relatively recently in this action on or about November 11, 2023 and the original transcript of Plaintiff Brindley on or about December 5, 2023.

---

[5] *See* Dkt. 60-1 ("Hyde Dep.").

Page 8 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

Shortly thereafter, on November 20, 2023, Defendants filed their Motion for Decertification of Collective Action [Dkt. 59], which Plaintiffs responded to on December 8, 2023 [Dkt. 63], and Defendants replied in support of on January 2, 2024 [Dkt. 65]. While the Motion for Decertification was pending, no further activity occurred in this matter.

On March 20, 2024, the Court entered its Order [Dkt. 67] denying Defendants' Motion for Decertification and establishing that continued certification of the collective is warranted (the "Decertification Order"). Within the Decertification Order, the Court acknowledged, in pertinent part, that Defendants "have not [yet] moved to compel arbitration or to otherwise enforce the terms of the Independent Contractor Agreements," and advised that "[t]he Court will not enforce the Agreements sua sponte, without having been formally asked to do so by a party." [Dkt. 67, at 25-26 (citing Dkt. 26, at 9)]. Now, the following week, Defendants bring this Motion to respectfully request that the Court grant Defendants leave pursuant to LR 7.1(A)(2), NDGa, allowing Defendants to file their Motion to Arbitrate by April 19, 2024, and amend the Scheduling Order [Dkt. 15] accordingly.

### The Deadline for Summary Judgment and Dispositive Motions

Pursuant to the Court's October 13, 2023 Order on Consent Motion to Amend the Scheduling Order [Dkt. 55], the deadline for the Parties to file any summary

Page 9 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

judgment or other dispositive is thirty (30) days following the Court's Decertification Order, or April 19, 2024. Because the Court's order on Defendants' Motion to Arbitrate would resolve threshold procedural issues, Defendants also bring this Motion to respectfully request that the Court grant Defendants' Motion and further amend the Scheduling Order, extending the current April 19, 2024 deadline [Dkt. 55] for the Parties to file any summary judgment or other dispositive motions, through and including thirty (30) days following the Court's order on Defendants' Motion to Arbitrate.

## ARGUMENT AND CITATION OF AUTHORITY

Except for those certain motions with specific filing deadlines imposed elsewhere within the Court's Local Rules, all motions must be filed within thirty (30) days "after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later." LR 7.1(A)(2), NDGa. Motions to arbitrate "are not subject to a special deadline under the Court's Local Rules." Atl. Cas. Ins. Co. v. Phillips, No. 1:22-CV-4546-MLB, 2023 WL 6217358, at *1 (N.D. Ga. Apr. 17, 2023). Thus, parties moving to arbitrate must seek leave of court "to modify the scheduling order [to] permit it to file the motion outside the thirty-day window and set out why good cause exists to modify the order." Zorker v. Experian Info. Sols.,

Page 10 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

Inc., 1:23-CV-2867-MLB-JKL, 2023 WL 9051455, at *2 (N.D. Ga. Dec. 11, 2023) (citing Fed. R. Civ. P. 16(b)(4)).

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See also* Fed R. Civ. P. 6(b)(1)(A) (providing that when an act must be done within a specified time, the court may extend that period for good cause). To establish good cause, "the party seeking the extension must establish that the schedule could not be met despite the party's diligence." Zorker, 2023 WL 9051455, at *2 (citing Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008)). Further, good cause depends on "(1) when the information giving rise to the proposed amendment became available and (2) how promptly the [movant] moved to amend . . . after obtaining the new information." Diversey, Inc. v. Pops Techs., LLC, 2019 WL 11003292, at *4 (N.D. Ga. Nov. 13, 2019). Prejudice, however, "is irrelevant under Rule 16. All that matters is diligence." Hix v. Acrisure Holdings, Inc., 1:21-CV-4541-MLB, 2022 WL 17538687, at *4 (N.D. Ga. Dec. 8, 2022) (citations omitted).

Page 11 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

### I. The Court Should Amend the Scheduling Order's Deadline to File a Motion to Arbitrate and Otherwise Grant Defendants Leave to File Arbitration Motion.

#### A. Good Cause Exists Because the Scheduling Order's Deadline Could Not Have Been Met Despite Defendants' Diligence.

Here, Defendants simply could not have met the Scheduling Order's deadline to file a motion to arbitrate despite any amount of diligence. Under the Scheduling Order entered on August 10, 2022 [Dkt. 15], a motion to arbitrate would have been due on or before September 12, 2022, or thirty days after the discovery period began on August 11, 2022. At all times at the beginning of this litigation, including Plaintiff's Complaint [Dkt. 1] and the Parties' Joint Preliminary Report and Discovery Plan [Dkt. 14], the Parties were aware of Plaintiff's intent to move for conditional certification of a collective and join an unknown number of opt-in plaintiffs. The Court's Conditional Certification Order [Dkt. 26] was ultimately entered until February 6, 2023, at which point the Parties were able to *begin* undertaking actions to facilitate notice of potential collective members. By April 14, 2023—over 200 days after the deadline to file a motion to arbitrate—Plaintiff filed Consents to Join Collective Action for the three opt-in plaintiffs [Dkt. 12, 35, 36]. Thus, it would have "been impossible in practice to compel arbitration against speculative plaintiffs and jurisdictionally impossible for the District Court to rule on

Page 12 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

those motions before the class was certified." Gutierrez v. Wells Fargo Bank, NA, 889 F.3d 1230, 1238 (11th Cir. 2018) (holding that defendant could not effectively move to arbitrate where defendant "would not even have been able to identify the specific plaintiffs against which it planned to seek arbitration, much less ascertain its arbitration-related rights as to them.").

In light of the unique conditional certification context here, no amount of diligence by the Defendants would have been sufficient to move to arbitrate Plaintiffs' claims prior to the Scheduling Order's deadline.

> B. <u>Good Cause Exists Because, Despite Defendants' Diligence, New Facts Only Recently Made this Matter Arbitrable for the First Time, and Defendants Promptly Moved for this Amendment to the Scheduling Order.</u>

Further, Defendants' diligence in seeking to enforce the Agreement could not overcome Plaintiffs' own formation disputes regarding those Agreements until very recently. The Eleventh Circuit has held that "issues concerning contract formation are generally reserved for the courts to decide," and that formation "is the threshold question in any dispute involving arbitration . . . ." Solymar Investments, Ltd. v. Banco Santander S.A., 672 F.3d 981, 990 (11th Cir. 2012) (citing Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S. Ct. 2847, 2855-56 (2010)). Therefore, the district court must first "resolve any issue that calls into question the formation or

Page 13 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

applicability of the specific arbitration clause that a party seeks to have the court enforce." Solymar, 672 F.3d at 989-90 (citing Granite Rock, 130 S. Ct. at 2856). Here, prior to filing their Answer [Dkt. 5] to Plaintiff's Complaint [Dkt. 1], Defendants sought to enforce the mandatory arbitration provision contained within the Agreement, but Plaintiffs' counsel refused to acknowledge that Plaintiff Hyde signed the Agreement. Plaintiffs' counsel similarly refused to acknowledge that the three opt-in plaintiffs signed the Agreement. Then, despite Defendants' diligence in serving carefully crafted written discovery on issues of arbitration, each Plaintiff denied Defendants' requests that he admit he agreed in writing "that any dispute arising from the terms of the [Agreement] would be submitted to mediation followed by binding arbitration" but offered no substantive bases for such denials – only that he could not "recall signing a document that contained this language" [Dkt. 60-2, at 24, No. 17] or "remember seeing anything like this in any agreement he signed" [Dkt. 60-4, at 237, No. 17], or "because it [was] not attached" [Dkt. 60-3, at 200, No. 16] or he could not "admit to signing a document that was not attached to the Requests that were served on him" [Dkt. 60-5, at 190, No. 16]. Prior to the Plaintiffs' depositions, the record simply did not reflect Defendants' ability to arbitrate despite Defendants' diligence in developing and preserving the issue.

Page 14 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

Indeed, once Defendants deposed each Plaintiff on issues of arbitration, three out of four Plaintiffs, outside the presence of lead counsel, suddenly and plainly admitted to signing the Agreement, including the mandatory arbitration provision contained therein [Brown Dep. 45:11-12; Johnson Dep. 24:8-11; Brindley Dep. 38:3-7]. Plaintiff Hyde initially maintained that he could "not recall" signing the Agreement but admitted to initialing the Agreement, then stated he was "not sure," and finally denied signing the Agreement or writing his name within the signature block, claiming it was not his handwriting [Hyde Dep. at 31:17-32:7, 34:5-6, 34:11-22, 35:7-8, 35:20-22]. He did, however, recall initialing "a lot of papers" before providing tow truck services for 316 Towing [Hyde Dep. at 32:24-25]. No explanation, however, has been given to date for the divergence between Plaintiffs' written discovery responses and deposition testimony, despite specific inquiry; instead, Defendants and the Court are expected to believe, at best, Plaintiffs simply did not remember during written discovery.

Defendants ultimately received the deposition transcripts, containing Plaintiffs' admissions giving rise to arbitrability, on November 11, 2023 and December 5, 2023, and promptly filed their procedural Motion for Decertification on November 20, 2023 [Dkt. 59]. On March 20, 2024, the Court entered the

Page 15 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

Decertification Order [Dkt. 67], confirming that the opt-in plaintiffs were properly joined and establishing that continued certification of the collective is warranted.

Despite Defendants' clear diligence, Plaintiffs needlessly created a formation dispute regarding the Agreements that precluded this matter from becoming arbitrable until very recently. In other words, as of March 28, 2024, Defendants have only had—at most—(i) seventeen (17) days beyond any stays since receiving the transcripts containing Plaintiffs' admissions to signing the Agreement, and (ii) eight (8) days since receiving the Court's clarification that issues of arbitration would need to be addressed collectively before this Court as opposed to within following individual suits by the opt-in plaintiffs. Not only did Plaintiffs' deposition testimony giving rise to the proposed amendment only recently become available, the Defendants have promptly moved to amend the Scheduling Order following the Court's Decertification Order. Therefore, good cause having been shown herein, Defendants respectfully request that the Court grant Defendants' Motion and grant Defendants leave pursuant to LR 7.1(A)(2), NDGa, allowing Defendants to file their Motion to Arbitrate by April 19, 2024, and amend the Scheduling Order [Dkt. 15] accordingly.

Page 16 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

### II. If the Court Grants Defendants Leave to File a Threshold Motion to Arbitrate, the Court Should Further Amend the Scheduling Order to Extend the Deadline for the Parties to File Any Summary Judgment or Other Dispositive Motions.

Good cause exits to further amend the Scheduling Order, extending the deadline for the Parties to file any summary judgment or other dispositive motions through and including thirty (30) days following the Court's order on Defendants' anticipated Motion to Arbitrate, to mitigate the Parties' and this Court's potentially unnecessary time and expense that would otherwise be incurred should Defendants be required to simultaneously prepare and file conflicting motions under a concurrent deadline of April 19, 2024 as the docket currently requires [*see* Dkt. 55].

Specifically, should this Court grant this Motion and grant Defendants leave to file a Motion to Arbitrate by April 19, 2024, Defendants will be under a concurrent deadline to file both their procedural Motion to Arbitrate and any conflicting summary judgment or other dispositive motions here in litigation [*see* Dkt. 55]. But "it would be an inefficient use of the Court's and the parties' resources to require the filing of [summary judgment and other] dispositive motions before the Court has the opportunity to consider a motion" to arbitrate that could significantly affect the procedural posture of this matter. *See* O'Brien v. Ed Donnelly Enterprises, Inc., 2:04-CV-85, 2006 WL 8442895, at *2 (S.D. Ohio Jan. 20, 2006) (holding that good

Page 17 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

cause exists to modify a scheduling order where the court and parties' resources can be used more efficiently by deferring the requirement for the parties to file dispositive motions until the Court has had the opportunity to first consider a procedural motion for class decertification). Indeed, where a Motion to Arbitrate is granted, the action should be stayed pending the outcome of the arbitration. *See* 9 U.S.C. § 3; *see also* O.C.G.A. § 9-9-6(a). And, upon granting a motion to arbitrate, the court should deny (as moot) any simultaneously pending summary judgment motions. *See, e.g.*, Caley v. Gulfstream Aerospace Corp., 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004), *aff'd* 428 F.3d 1359 (11th Cir. 2005); Jordan v. Comcast Cable Commc'ns Mgmt., LLC, No. 1:14-CV-3622-WSD, 2016 WL 452145, at *7-8 (N.D. Ga. Feb. 4, 2016).

Here, under the current Scheduling Order [Dkt. 15], as recently amended [Dkt. 55], the Parties would need to engage in simultaneous, conflicting, and complex factual and legal review and analyses under concurrent motion deadlines—both procedural and substantive. The outcome of Defendants' procedural Motion to Arbitrate may even moot the Parties' substantive or merits-based arguments in any motions for summary judgment or other dispositive motions. Just as the Defendants sought to streamline procedural issues and defer any substantive or merits-based motions to preserve time and expense within the Motion for Decertification [Dkt.

Page 18 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

59], good cause also exists to allow the Parties and Court to now focus on the preserved, procedural issue of arbitration, which would confirm whether the Plaintiffs' claims would need to be addressed before this Court or, more appropriately, before an arbitrator. Therefore, if the Court grants Defendants leave to file a Motion to Arbitrate, further good cause having been shown herein, this Court should grant this Motion and further amend the Scheduling Order, extending the current April 19, 2024 deadline [Dkt. 55] for the Parties to file any summary judgment or other dispositive motions, through and including thirty (30) days following the Court's order on Defendants' Motion to Arbitrate.

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant Defendants' Motion and enter the following relief:

(i) grant Defendants leave pursuant to LR 7.1(A)(2), NDGa, allowing Defendants to file their Motion to Arbitrate by April 19, 2024, and amend the Scheduling Order [Dkt. 15] accordingly; and

(ii) further amend the Scheduling Order, extending the current April 19, 2024 deadline [Dkt. 55] for the Parties to file any summary judgment or other dispositive motions, through and including thirty (30) days following the Court's order on Defendants' Motion to Arbitrate.

Page 19 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate

A proposed Order has been filed concurrently herewith for this Court's consideration.

Respectfully submitted this 28th day of March 2024.

| | |
|---|---|
| MITCHELL - HANDSCHUH<br>LAW GROUP<br>3390 Peachtree Road, NE, Suite 520<br>Atlanta, Georgia 30326<br>T: (404) 262 - 9488<br>E: jeremy@m-hlawgroup.com<br>E: emma@m-hlawgroup.com | /s/ Jeremy R. Handschuh<br>Jeremy R. Handschuh, Esq.<br>Georgia Bar No. 418099<br>Emma K. Schott, Esq.<br>Georgia Bar No. 459856<br>*Counsel for Defendants* |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

Page 20 of 20
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Memorandum of Law in Support of Defendants' Motion for Leave to File a Motion to Arbitrate