IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DUSTIN HYDE, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action File No: 2:22-cv-103-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO FILE A MOTION TO ARBITRATE AND MOTION TO
AMEND THE SCHEDULING ORDER**

## I.   INTRODUCTION

This case has been pending before the Court for nearly two years and Defendants have been in possession of independent contractor agreements containing an arbitration provision (the "Agreements") since before Plaintiffs filed their Complaint. *See* Agreements, attached as Ex. 1. Now, following the Court's order denying Defendants' request for decertification, Defendants belatedly seek leave to file a motion compelling enforcement of the arbitration provisions within

Page 1 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

the Agreements. As fully explained below, Defendants' request should be denied and the scheduling order should not be modified.

## II. LEGAL STANDARDS

Under Northern District of Georgia Local Rule 7.1(A)(2), all motions not subject to a special deadline "must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later." N.D. Ga. LR 7.1(A)(2). Motions to compel are not subject to a special deadline and must be filed within the 30-day window at the beginning of discovery. *Atl. Cas. Ins. Co. v. Phillips*, No. 1:22-cv-4546-MLB, 2023 U.S. Dist. LEXIS 173695, at *2–4 (N.D. Ga. Apr. 17, 2023) (citing *Jordan v. Comcast Cable Commc'ns Mgmt., LLC*, 2016 U.S. Dist. LEXIS 13655 (N.D. Ga. Feb. 4, 2016)). Unless the parties agree to start discovery earlier, discovery commences "thirty days after the appearance of the first defendant by answer to the complaint." N.D. Ga. LR 26.2(A). Thus, because Defendants filed their Answer on July 12, 2022 (ECF No. 5), discovery began August 11, 2022, and Defendants were required to move to compel arbitration by September 12, 2022.

Rule 16(b) allows modification of a scheduling order "only for good cause and with the judge's consent." Because Defendants seek to file their motion to compel arbitration 18 months after their deadline, they must show their failure to timely file was for "good cause" under Rule 16(b). *Atl. Cas. Ins. Co.*, 2023 U.S. Dist.

Page 2 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

LEXIS 173695, at *2–4 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *Gallien v. Binkley*, 2008 U.S. Dist. LEXIS 92623, (S.D. Ga. Nov. 14, 2008)). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Rule 16 advisory committee's note). Notably, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking modification of the scheduling order has not been diligent, "the inquiry should end." *Id*.

### III.   ARGUMENT

Defendants' request to belatedly move to compel arbitration and modify the scheduling order must be denied because Defendants have not shown good cause as to why the Court's standing scheduling order should be changed. Defendants have had the Agreements in their possession since the inception of this lawsuit and have not provided any legitimate reason as to why they did not seek to enforce the arbitration provisions earlier. In an embarrassing display of defensive deflection, Defendants attempt to create an illusion of diligence by blaming others for their own failures, but the burden to enforce the Agreements has always been and remains exclusively on Defendants. Defendants alone bear the responsibility of enforcing the Agreements that are in their possession, and they did not do so. Their Motion for

Page 3 of 13
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion for Leave to File a Motion to Arbitrate**
**and Motion to Amend the Scheduling Order**

Leave to File a Motion to Arbitrate and Motion to Amend the Scheduling Order ("Motion for Leave") must be denied.

### A. Defendants were not diligent in seeking to enforce the arbitration provisions of the Agreements.

Defendants make two arguments as to why they were unable to timely move to compel arbitration; both are spurious and do not meet the "good cause" standard. First, they claim that they were unable to enforce the arbitration provisions because they could not obtain an admission from either Plaintiffs or Plaintiffs' counsel that Plaintiffs remembered signing the Agreements. This assertion is so legally unsupportable as to be almost sanctionably frivolous. Employers are not, for patently obvious reasons, required to obtain an admission from their employees that arbitration provisions are enforceable prior to enforcing arbitration. *See* Section 1, *infra*. Defendants' next claim is only slightly less frivolous: Defendants claim that they were waiting for the Court's determination regarding certification because it would "clarify whether issues or arbitration would need to be addressed collectively . . . or individually." Mot. for Leave, p. 3. This position sounds moderately reasonable until a cursory review of case law (including cases defended by Defendants' counsel) demonstrate that motions to compel arbitration are routinely raised and resolved *prior* to issues of certification. *See* Section 2, *infra*.

Page 4 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

> *1.  The burden of enforcing the arbitration provisions of the Agreement was always on Defendants.*

It is well-established that state law governs the issue of whether an agreement to arbitrate exists. *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016). Accordingly, Georgia contract law governs whether the Agreements' arbitration provisions are enforceable, and Georgia law puts "the burden of proving a contract's existence and its terms" on "[t]he party asserting the existence of a contract." *Jackson v. Easters*, 190 Ga. App. 713, 379 S.E.2d 610, 611 (Ga. Ct. App. 1989). *See also Yates v. CACV of Colo.*, 303 Ga. App. 425, 693 S.E.2d 629, 634 (Ga. Ct. App. 2010) ("As the party seeking to enforce the alleged arbitration agreement, CACV bore the burden of proving the existence of such a valid and enforceable agreement.").

Accordingly, the onus of proving the enforceability of the Agreements was on Defendants and Defendants alone, and Defendants' effort in seeking enforcement of the Agreements does not rise to the diligence standard required by Rule 16(b). Specifically, informally requesting an admission from Plaintiffs' counsel that Plaintiffs signed something is the absolute barest, weakest, zero-diligence effort into enforcing arbitration possible. Seeking an admission in written discovery is barely better. Defendants' formal discovery requests lack any sort of definitive initiative or proactive pursuit of enforcing the Agreements; the written discovery propounded on

Page 5 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

Plaintiffs again merely request an admission of signature, and Defendants admit they failed to provide of copy of at least one Agreement prior to requesting that admission. *See* Mot. for Leave, p. 7. These vague overtures clearly do not amount to a diligent pursuit of compelling arbitration that was thwarted by mechanisms outside Defendants' control.

Instead of owning their error in failing to move for arbitration on time, Defendants' Motion for Leave points fingers in all directions in order to assign blame where it does not belong. For example, Defendants claim that they were unable to enforce the Agreements in a timely manner because of "early formation contests interposed by Plaintiffs' counsel regarding the Agreement" and because "Plaintiffs' recent deposition testimony has made this matter arbitrable for the first time,[1]" but cite to zero legal authority (because none exists) supporting the claim that Defendants could not enforce the Agreements absent an admission from Plaintiffs that they signed them. If Defendants had been diligent, they would have filed a motion to compel arbitration as soon as they understood there may be "formation contests" regarding the Agreements to have the Court resolve the issue immediately. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296

---

[1] This claim is particularly egregious because not only is it simply an untrue statement of law (Plaintiffs' deposition testimony had no bearing on whether the matter was arbitrable or not because Plaintiffs' testimony changed nothing about the Agreements), but it is belied by Defendants' own behavior. If Defendants had any true basis for believing the Agreements had suddenly become enforceable following Plaintiffs' depositions, they would have sought arbitration immediately following the depositions, *even with conditional certification pending* in order to preserve the issue, but Defendants waited another six months to raise the issue.

**Page 6 of 13**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion for Leave to File a Motion to Arbitrate**
**and Motion to Amend the Scheduling Order**

(2010) ("It is similarly well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide.").

No case law, procedural rule, or evidentiary necessity existing now or at the time prevented Defendants from moving to compel arbitration within the time frame set by the Court's Local Rules. The absolute maximum effort exerted by Defendants was in putting out half-hearted feelers to see if there would be some sort of fight over arbitration, which resulted in Defendants' sitting on their hands for 18 months when they realized Plaintiffs would not simply roll over on the issue. Defendants have not been diligent in pursuing arbitration, there was nothing preventing Defendants from timely moving to compel arbitration, and Defendants' juvenile attempts at deflection should not be tolerated by this Court. The Motion for Leave should be denied.

2. *Defendants were not required to wait until after discovery or certification to file a motion to compel arbitration.*

Defendants had ample opportunity and ability to enforce the Agreements in a timely manner; they have provided no legitimate reason as to why they could not meet their deadline to file their motion. Once again blaming their own carelessness on Plaintiffs' counsel, Defendants claim that extremely routine and predictable issues with discovery caused "unforeseen delays and conflicts with Plaintiffs' counsel" that resulted in a delay in moving to compel arbitration. As detailed above,

Page 7 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

ongoing discovery disputes had no effect on whether Defendants could move to compel arbitration because Defendants admit they had signed Agreements containing arbitration provisions for all Plaintiffs in their possession before filing their Answer. Mot. for Leave, p. 2. There was nothing in Plaintiffs' possession that Defendants needed prior to moving to compel arbitration; whether the parties had completed discovery was irrelevant.

A determination on conditional certification was likewise unnecessary, despite Defendants' claims otherwise. Moving to compel arbitration before the close of discovery or a determination on class certification is routine practice in cases such as this, even in jurisdictions in which there is no local rule mandating motions to compel arbitration be filed within the first 30 days of discovery. *See, e.g.*, *Holley v. Bitesquad.com LLC*, No. 4:18-cv-572-KGB (E.D. Ark.) (in which the defendant's motion to compel was filed (and granted) before the defendant filed an answer); *Beck v. Driveline Retail Merchandising, Inc.*, No. 3:23-cv-3282-CRL-KLM (C.D. Ill.) (in which the defendant's motion to compel was filed before the defendant filed an answer); *Mayo-Keller v. SDH Pizza, Inc.*, No. 2:22-cv-675-MHH (N.D. Ala.) (in which the defendants moved to compel arbitration while the plaintiffs' motion for conditional certification was pending).[2] Even Defendants' counsel is familiar with

---

[2] These cases do not represent the universe of cases in which defendants move to compel arbitration before the conclusion of discovery or a determination on conditional certification because a string cite in that respect would be overwhelming. Rather, these are cases filed by Plaintiffs' counsel and show not only that moving for

Page 8 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order


this practice. In *Morris v. 316 Towing & Road Service, Inc.*, No. 2:23-cv-143-RWS (N.D. Ga.), a case that is a direct spin-off of this one, Defendants' counsel filed a motion to compel immediately following the Answer. Notably, in *Morris*, as in *Mayo-Keller*, when Plaintiffs' counsel was confronted with a genuine push for arbitration and legitimate agreements to arbitrate instead of vague, half-hearted queries into whether the plaintiffs remembered signing an Agreement, Plaintiffs' counsel agreed to arbitrate. *See* Order, *Morris*, No. 2:23-cv-143-RWS, Doc. No. 20, Filed 01/30/2024.

It was unnecessary for Defendants to wait until the close of discovery or the Court's determination regarding class certification before moving to compel arbitration. Defendants were not diligent in pursing arbitration, and they have not shown good cause as to why the scheduling order should be modified to accommodate an untimely motion.

**B.     In the alternative, the Court should deny Defendants' Motion for Leave because a motion to compel arbitration at this stage is futile.**

Aside from Defendants' lack of diligence in pursuing arbitration, any move for arbitration at this point is likely futile as Defendants have waived their right to pursue arbitration. "Arbitration should not be compelled when the party who seeks

---

arbitration prior to discovery or class certification is possible and routine, but also that Plaintiffs' counsel is not in the habit of either a) performing defense counsel's job for them when faced with the mere possibility of arbitration (*Holley* and *Beck*), or b) being needlessly litigious when faced with bonafide agreements to arbitrate (*Mayo-Keller* and *Morris*).

Page 9 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

to compel arbitration has waived that right." *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1365 (11th Cir. 1995). A party may waive its right to arbitrate when both "(1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.'" *Johnson v. KeyBank Nat'l Assoc (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting *Morewitz*, 62 F.3d at 1366).

Defendants have spent 22 months litigating this case as if they had no plans of pursuing arbitration. Defendants have never disputed this Court's jurisdiction or that venue in this Court was proper. In the back-and-forth regarding certification Defendants only ever raised arbitration as a defense to certification rather than as a defense to Plaintiffs' claims. Even the Court noted Defendants' failure to enforce the arbitration provisions of the Agreement when it noted in its Order conditionally certifying the collective that "Defendants have not moved to compel mediation or arbitration pursuant to the Independent Contractor Agreements, but instead apparently seek to use the Agreements as a defense against Plaintiffs' Motion." Order, ECF No. 26, p. 9. Defendants' failure to raise the issue of arbitration until nearly two years into litigation, after having engaged in motions practice, discovery and status reports, clearly exemplifies an intent to adjudicate this case in court rather than arbitration.

Page 10 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

Defendants have waived their right to enforce the arbitration provisions after heavily participating in litigation. Amending the scheduling order to allow Defendants to file a futile motion is improper; Defendants' Motion for Leave should be denied.

## IV.     CONCLUSION

Defendants have not shown good cause as to why the Court's standing scheduling order should be modified to allow for an untimely push for arbitration. Defendants were not diligent in pursuing arbitration; there was no reason other than Defendants' own carelessness that Defendants did not move to compel arbitration within the time frame dictated by this Court's local rules. Further, any motion to compel arbitration at this point would be futile as Defendants have likely waived their right to pursue arbitration. Accordingly, Defendants' Motion for Leave must be denied and the scheduling order should remain as is.

Page 11 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

        Respectfully submitted,

        **DUSTIN HYDE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        */s/ Josh Sanford*
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm

and   DELONG, CALDWELL, BRIDERS, FITZPATRICK & BENJAMIN
        101 Marietta Street, Suite 2650
        Atlanta, Georgia 30303
        Telephone: (404) 979-3150

        Matthew W. Herrington
        Ga. Bar No. 275411
        matthew.herrington@dcbflegal.com

        *LOCAL COUNSEL FOR PLAINTIFF*

Page 12 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing RESPONSE was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Jeremy H. Handschuh, Esq.
Amanda I. Elliot, Esq.
MITCHELL-HANDSCHUH LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
Telephone: (404) 262-9488
Facsimile: (404) 231-3774
jeremy@m-hlawgroup.com
amanda@m-hlawgroup.com
Attorneys for Defendants

                                                  */s/ Josh Sanford*
                                                  **Josh Sanford**

Page 13 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion for Leave to File a Motion to Arbitrate
and Motion to Amend the Scheduling Order