IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DUSTIN HYDE, individually and on Behalf of All Other Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY<br><br>Defendants. | Civil Action File No: 2:22-cv-103-RWS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE A MOTION TO ARBITRATE AND
MOTION TO AMEND THE SCHEDULING ORDER**

COME NOW Defendants 316 Towing & Road Service, Inc. ("316 Towing") and Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and through their counsel of record, and file this Reply in Support of Defendants' Motion for Leave to File a Motion to Arbitrate and Motion to Amend the Scheduling Order [Dkt. 68] (the "Motion") and, in support thereof, state as follows:

**I.   DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION TO ARBITRATE**

In brief, Defendants' Motion addresses a relatively simple legal standard for

Page 1 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

good cause to amend the Scheduling Order [Dkt. 15] pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.  Good cause depends on "(1) when the information giving rise to the proposed amendment became available and (2) how promptly the [movant] moved to amend . . . after obtaining the new information." Diversey, Inc. v. Pops Techs., LLC, 2019 WL 11003292, at *4 (N.D. Ga. Nov. 13, 2019) [Dkt 68, at 11].  Despite Plaintiffs' attempts to confuse this simple standard[1], at this stage, the Court need only determine whether Defendants have shown good cause to amend the Scheduling Order [Dkt. 15]; stated differently, the Court should not yet consider Defendants' Motion to Arbitrate on its merits.  See Deaguila v. Bright House Networks, LLC, No. 8:10-CV-1058-T-30EAJ, 2011 WL 1466055, at *1 (M.D. Fla. Apr. 18, 2011).

> **a.    Good Cause Exists Because the Scheduling Order's Deadline Could Not Have Been Met Despite Defendants' Diligence.**

Plaintiffs concede, at least by omission, that Defendants simply could not have

---

[1] Plaintiffs' merits-based waiver arguments [Dkt. 68, at 9-12] are wholly misplaced and inappropriate under this Fed. R. Civ. P. 16(b)(4) analysis.  Indeed, 'futility of amendment' only becomes an inquiry for the Court where a movant seeks to amend or supplement its pleadings under Fed. R. Civ. P. 15—which is simply not the case here.  See Am. Family Ins. Co. v. Almassud, No. 1:16-CV-4023-RWS, 2021 WL 9274427, at *1 (N.D. Ga. May 17, 2021) (citation omitted).  Accordingly, Plaintiffs should be allowed to bring, and the Court should consider, these arguments solely in response to Defendants' Motion to Arbitrate.

Page 2 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

met the Scheduling Order's [Dkt. 15] deadline to file a motion to arbitrate despite any amount of diligence in light of the unique conditional certification context here. At most, Plaintiffs claim that "[n]o case law, procedural rule, or evidentiary necessity existing now or at the time prevented Defendants from moving to compel arbitration within the time frame set by the Court's Local Rules." [Dkt. 69, at 7]. But the 11th Circuit has recognized that it would have "been impossible in practice to compel arbitration against speculative plaintiffs and jurisdictionally impossible for the District Court to rule on those motions before the class was certified." Gutierrez v. Wells Fargo Bank, NA, 889 F.3d 1230, 1238 (11th Cir. 2018) (holding that defendant could not effectively move to arbitrate where defendant "would not even have been able to identify the specific plaintiffs against which it planned to seek arbitration, much less ascertain its arbitration-related rights as to them."). Here, the collective was not even *conditionally* certified until over 200 days after the Scheduling Order's deadline to file a motion to arbitrate. Thus, good cause exists for the Court to grant Defendants leave to file their Motion to Arbitrate and amend the scheduling order accordingly.

Page 3 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

### b. Good Cause Exists Because, Despite Defendants' Diligence, New Facts Only Recently Made this Matter Arbitrable for the First Time.

1. Defendants' Diligence in Seeking to Enforce the Agreement Could Not Overcome Plaintiffs' Own Formation Disputes Regarding those Agreements until Very Recently.

Despite Defendants' clear diligence along the way, Plaintiffs' needless formation disputes and refusal to admit to, or properly investigate, basic facts dilated and precluded this matter from becoming arbitrable until very recently. Within their response [Dkt. 69], Plaintiffs concede, at least by omission, that Plaintiffs repeatedly denied signing the Agreements both informally (including before Defendants filed their Answer [Dkt. 5] and after Plaintiff filed consents for the three opt-in plaintiffs) and during written discovery[2] until Defendants' recent depositions of each plaintiff in late September 2023, where all three opt-in plaintiffs suddenly reversed course and plainly admitted to signing the Agreements, including the mandatory arbitration

---

[2] Despite Plaintiffs' claim that "Defendants admit they failed to provide a copy of at least one Agreement prior to" serving their written discovery requests on issues of arbitration [Dkt. 69, at 6], Plaintiffs omit the fact that, upon Plaintiff filing the Consents to Join Collective Action for the opt-in plaintiffs [Dkt. 12, 35, 36], Defendants' counsel again sought to enforce the arbitration provisions within the Agreements and, at each time, advised Plaintiffs' counsel that the same Agreement was executed by each plaintiff, such that the contents were comparable for purposes of acknowledging, and admitting, to Plaintiffs' execution of the Agreements. Indeed, Plaintiffs have never disputed that only one form or version of the Agreement exists. The Agreements for Plaintiffs Brown and Brindley were supplemented on the record shortly after the written requests were served [Dkt. 44].

Page 4 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

provision contained therein [Brown Dep. 45:11-12; Johnson Dep. 24:8-11; Brindley Dep. 38:3-7]. Indeed, Plaintiffs attempt to utilize bombastic flourishes to detract, or deflect, from the complete absence of any reasonable explanation for the divergence between Plaintiffs' informal and written discovery responses and their deposition testimony—despite repeated, specific inquiries to Plaintiffs' counsel for the same [Dkt. 69]. Had Plaintiffs cooperated with Defendants' efforts to minimize this litigation by consenting to arbitrate—or even consenting to the basic facts that would have permitted Defendants to file their Motion to Arbitrate much earlier in this litigation (i.e., that Plaintiffs executed the Agreements)—Defendants could have filed their Motion to Arbitrate earlier and would not have been forced to conduct discovery to ascertain whether the case should be arbitrated.[3] In fact, just days prior to filing their Motion [Dkt. 68], Defendants again sought Plaintiffs' consent to arbitrate in light of Plaintiffs' recent admissions, or whether Plaintiffs would simply consent to Defendants filing their Motion to Arbitrate as unopposed, but Plaintiffs wholly refused, previewing their misplaced waiver arguments notwithstanding their unsubstantiated formation disputes thus far.

---

[3] Defendants hereby reserve the right to seek an award of attorney's fees under O.C.G.A. § 9-11-37(c) to recover Defendants' expenses incurred in being forced to prove the genuineness of the Agreements and Plaintiffs' execution of the same in light of Plaintiffs' repeated failures to properly admit these facts.

**Page 5 of 13**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (ND GA) No. 2:22-cv-103-RWS**
**Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate**

Simply stated, Plaintiffs should not be allowed to evade arbitration by hiding, and denying, basic facts of contract formation, forcing Defendants to conduct discovery to uncover the facts that finally render this matter arbitrable—as it otherwise would have been from the start absent Plaintiffs' manufactured disputes and delays—only for Plaintiffs to claim that good cause has not been shown for a motion to arbitrate. *See* Jordan v. Comcast Cable Communications Management, LLC, No. 1:14-CV-3622-WSD, 2016 WL 452145, at *5 (N.D. Ga. Feb. 4, 2016) (finding good cause to file a motion to arbitrate where defendants showed that they repeatedly attempted to ascertain whether the case should be arbitrated, but plaintiff "evade[d] arbitration by hiding basic facts," forcing defendants to conduct discovery to ascertain whether the case should be arbitrated, only for plaintiff to "then claim that [d]efendants waived their right to compel arbitration through the delay that [p]laintiff manufactured."). Just as the Court held in Jordan, good cause exists for the Court to grant Defendants leave to file their Motion to Arbitrate and amend the scheduling order accordingly.

     2.    Defendants Could Not, and Should Not, Have Moved to Arbitrate Prior to Plaintiffs' Recent Admissions.

Further, Plaintiffs claim that their admissions "had no bearing on whether the matter was arbitrable or not because Plaintiffs' testimony changed nothing about the

Page 6 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

Agreements" [Dkt. 69, at 6, n. 1]—but Plaintiffs must be confused about the meaning of arbitrability, i.e., whether this matter is capable of being settled by arbitration *pursuant to the Agreement's arbitration provision*, as Plaintiffs' disputes as to the formation of the Agreements go directly to the issue of whether this matter is arbitrable thereunder.  Plaintiffs then attempt to minimize their needless formation dispute by claiming that Defendants simply should have filed their Motion to Arbitrate "as soon as they understood there may be 'formation contests' regarding the Agreements to have the Court resolve the issue immediately." [*Id.*].  In reality, however, there is no requirement that Defendants must file defeatable motions. Indeed, a motion to arbitrate filed in the face of such early formation contests would have resulted in the Parties and Court incurring unnecessary time and expense, as "material fact issues surrounding contract formation [would have] preclude[d] the Court from deciding as a matter of law that the parties did or did not enter into the agreement to arbitrate."  Regan v. Stored Value Cards, Inc., 85 F. Supp. 3d 1357, 1364 (N.D. Ga. 2015), *aff'd sub nom.* 608 Fed. Appx. 895 (11th Cir. 2015) (citing Magnolia Capital Advisors, Inc. v. Bear Stearns & Co., 272 Fed.Appx. 782, 785–86 (11th Cir.2008); Mullinax v. United Mktg. Grp., L.L.C., No. 1:10-cv-03585–JEC, 2011 WL 4085933 at *8, (N.D.Ga. Sept. 13, 2011) (denying defendant's motion to compel arbitration where plaintiff denied entering into agreement and its arbitration

Page 7 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

provision) (citations omitted)). Further, such "[d]isputes of fact regarding whether an agreement has been accepted are questions that are properly entrusted to a jury." Omnibus Trading, Inc. v. Gold Creek Foods, LLC, 591 F. Supp. 3d 1334, 1347 (N.D. Ga. 2021) (citing Murphy v. Hosanna Youth Facilities, Inc., 683 F. Supp. 2d 1304, 1312-13 (N.D. Ga. 2010)). Thus, Defendants intentionally—and with an informed legal basis—chose to preserve both the Court's and its own resources by consistently preserving the issue of, and right to, arbitrate (putting Plaintiffs on notice of the same) until such a time that the record accurately reflected Plaintiffs' execution of the Agreements and supported the arbitrability of Plaintiffs' claims.

Finally, the cases Plaintiffs cite in support of their assertions that Defendants could have moved to compel arbitration before the close of discovery or a determination on class certification [Dkt. 69, at 8-9] are readily distinguishable. As Plaintiffs explain, these cases involved motions to compel arbitration filed in actions in which Plaintiffs' counsel brought suit [Dkt. 69, at 8, n. 2], despite their clients' claims undisputedly being subject to enforceable agreements to arbitrate. *See* Mayo-Keller v. SDH Pizza Inc et al, No. 2:22CV00675 (N.D. Ala.), at Dkt. 30 ("Plaintiff has indicated that he does not oppose the defendants' motion to stay and to compel arbitration of his FLSA claim."); Beck et al v. Driveline Retail Merchandising, Inc., No. 3:23CV03282 (C.D. Il.), at Dkt. 10 ("Plaintiffs do not oppose arbitrating the

Page 8 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

claims for which . . . a valid arbitration agreement" exists.); <u>Morris v. 316 Towing & Road Service, Inc. et al</u>, No. 2:23CV00143 (N.D. Ga.), Dkt. 17 (unopposed).[4] Plaintiffs' final example, <u>Holley v. Bitesquad.com LLC</u>, No. 4:18-cv-572-KGB (E.D. Ark.), did involve a similar formation dispute by Plaintiffs' counsel, but was asserted against a record supported by a 'Audit Trail' that indicated when the plaintiffs viewed and signed the electronic arbitration agreements—facts that Defendants simply would not have the benefit of in Plaintiffs' manufactured "he said, she said" dispute over Plaintiffs' execution of the hand-signed Agreements.

Simply stated, Plaintiffs' feigned arguments that "Defendants were not diligent in pursing [sic] arbitration" [Dkt. 69, at 10] do not accurately reflect the record or procedural posture of this matter.  Despite Defendants' diligence in seeking to enforce the Agreement, and developing and preserving the issue, Plaintiffs' formation disputes precluded Defendants from a record reflecting Defendants'

---

[4] Plaintiffs' counsel credit themselves for not "being needlessly litigious when faced with bonafide agreements to arbitrate" [Dkt. 69, at 9, n. 2], notwithstanding the fact that, here, simple investigation or discussions with their clients as to bare-minimum basic facts could have prevented this entire needless formation dispute.  Further, simply consenting to arbitrate in the face of valid agreements to arbitrate without forcing any defendants or the courts to incur the time and expense in filing and reviewing, respectively, a motion to arbitrate would have been the utmost proof of Plaintiffs' counsel's ability to not be 'needlessly litigious.'

Page 9 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

ability to arbitrate until late September 2023[5] when Plaintiffs finally admitted to basic facts that rendered this matter arbitrable for the first time.  Thus, good cause exists for the Court to grant Defendants leave to file their Motion to Arbitrate and amend the scheduling order accordingly.

    **c.**     **Good Cause Exists Because Defendants Have Promptly Moved for Leave to File Their Motion to Arbitrate and Amend the Scheduling Order Accordingly.**

Contrary to Plaintiffs' assertion that Defendants sat "on their hands for 18 months" or even "six months to raise the issue" of arbitration [Dkt. 69, at 6-7], the Court is actually presented with facts reflecting Defendants' prompt filing of the Motion [Dkt. 68] within just a matter of days from which the information giving rise to the proposed amendment became available.  Here, just ten (10) days after receiving the first original deposition transcripts containing Plaintiffs' admissions to signing the Agreement, Defendants filed a single, threshold, procedural Motion for Decertification [Dkt. 59], in which Defendants specifically addressed arbitration in light of these recent admissions and sought relief from the Court in the form of clarification whether issues of arbitration would need to be addressed collectively

---

[5] Defendants did not receive the original deposition transcripts until on or about November 10, 2023 (Plaintiffs Hyde, Johnson, and Brown) and December 54, 2023 (Plaintiff Brindley).

Page 10 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

before this Court, or, individually, within separate suits by the opt-in plaintiffs [Dkt. 59-1, at 16-17]. No other litigation took place in this matter while Defendants' Motion for Decertification was pending before the Court. Within just <u>eight (8) days</u> of the Court's Order denying Defendants' Motion for Decertification and clarifying that issues of arbitration would need to be addressed collectively before this Court [Dkt. 67], Defendants promptly brought their Motion [Dkt. 68]. In other words, Plaintiffs' deposition testimony giving rise to the proposed amendment only became available relatively recently[6] and Defendants promptly filed their Motion [Dkt. 68] to amend the Scheduling Order [Dkt. 15] and for leave to file their Motion to Arbitrate in light of the same. Thus, good cause exists for the Court to grant Defendants leave to file their Motion to Arbitrate and amend the scheduling order accordingly.

## II. DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER

Because Plaintiffs' Response in Opposition to Defendants' Motion for Leave [Dkt. 69] does not contest or even address the portion of Defendants' Motion [Dkt. 68] to amend the Scheduling Order [Dkt. 15], extending the deadline for the Parties

---

[6] At most, eighteen (18) active litigation calendar days took place between the date Defendants received the first original deposition transcripts and the date in which Defendants filed their Motion for Leave [Dkt. 68].

Page 11 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
**Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate**

to file any summary judgment or other dispositive motions, Plaintiffs have thereby waived any arguments against such requested relief. Accordingly, should this Court grant Defendants' Motion [Dkt. 68] and grant Defendants leave to file a Motion to Arbitrate by April 19, 2024, good cause having been shown, the Court should further amend the Scheduling Order, extending the current April 19, 2024 deadline [Dkt. 55] for the Parties to file any summary judgment or other dispositive motions, through and including thirty (30) days following the Court's order on Defendants' Motion to Arbitrate.

## CONCLUSION

Accordingly, good cause having been shown, Defendants respectfully request the Court grant Defendants' Motion [Dkt. 68] and enter the following relief:

(i) grant Defendants leave pursuant to LR 7.1(A)(2), NDGa, allowing Defendants to file their Motion to Arbitrate by April 19, 2024, and amend the Scheduling Order [Dkt. 15] accordingly; and

(ii) further amend the Scheduling Order, extending the current April 19, 2024 deadline [Dkt. 55] for the Parties to file any summary judgment or other dispositive motions, through and including thirty (30) days following the Court's order on Defendants' Motion to Arbitrate.

Page 12 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate

A proposed Order [Dkt. 68-2] has already been filed for the Court's consideration.

Respectfully submitted this 10th day of April 2024.

| | |
|---|---|
| MITCHELL - HANDSCHUH<br>LAW GROUP<br>3390 Peachtree Road, NE, Suite 520<br>Atlanta, Georgia 30326<br>T: (404) 262 - 9488<br>E: jeremy@m-hlawgroup.com<br>E: emma@m-hlawgroup.com | /s/ Jeremy R. Handschuh<br>Jeremy R. Handschuh, Esq.<br>Georgia Bar No. 418099<br>Emma K. Schott, Esq.<br>Georgia Bar No. 459856<br>*Counsel for Defendants* |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

Page 13 of 13
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (ND GA) No. 2:22-cv-103-RWS
**Defendants' Reply in Support of Motion for Leave to File a Motion to Arbitrate**