IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DUSTIN HYDE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>316 TOWING & ROAD SERVICE, INC. and MAKSIM LISOVSKIY,<br><br>Defendants. | Civil Action No.<br><br>2:22-CV-103-RWS |

## ORDER

This case is before the Court on Defendants' Motion for Leave to File a Motion to Arbitrate and Motion to Amend the Scheduling Order ("Motion") [Dkt. 68]. Therein, Defendants request the Court grant them leave to (i) file a motion to compel arbitration, pursuant to LR 7.1(A)(2), NDGa; and (ii) amend the Scheduling Order [Dkts. 15, 55] to allow the parties to file summary judgment or other dispositive motions (which are currently due on April 19, 2024) within thirty (30) days of the Court's anticipated order on that motion to compel arbitration. [Id. at 2]. Plaintiffs oppose Defendants' Motion, arguing no good cause exists to justify such leave at this juncture. [Dkt. 69]. For the following reasons, however, the Court finds that good cause exists, and, thus, grants Defendants' Motion.

This Court's Local Rules provide specific deadlines for certain explicitly enumerated motions, such as motions for summary judgment, and require "[a]ll other motions [to] be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later." LR 7.1(A)(2), NDGa. Motions to compel arbitration are not explicitly enumerated therein and, thus, must be filed within thirty days of the beginning of discovery or with express permission of the Court. See LR 7.2, NDGa.

The Federal Rule of Civil Procedure allow parties to amend scheduling orders to file motions outside of that thirty-day window "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the movant must show that the schedule could not have been met despite the movant's diligence. See Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008). Here, the Court finds that Defendants have carried that burden.

The discovery period in this action began on August 11, 2022, meaning that a motion to compel arbitration would have been due by September 12, 2022. [See Dkt. 15]. According to the Scheduling Order, however, the parties anticipated opt-in plaintiffs joining the case for conditional certification before discovery began. [See id. at § 5(a)]. But two of the three opt-in-plaintiffs who ultimately joined the collective did not do so until well after September 12, 2022. [See Dkts. 35 (April 4,

2023 Consent to Join Collective Action for Reynaldo Ricardo Brown), 36 (April 14, 2023 Consent to Join Collective Action for Kevin Brindley)]. Thus, Defendants could not have moved to compel arbitration against the opt-ins at such an early stage when the identity of those opt-ins remained unknown. See Gutierrez v. Wells Fargo Bank, NA, 889 F.3d 1230, 1238–39 (11th Cir. 2018) (vacating order denying motion to compel arbitration against unnamed class members because the defendant "would not even have been able to identify the specific plaintiffs against which it planned to seek arbitration, much less ascertain its arbitration-related rights as to them").

Moreover, each of the Plaintiffs who ultimately joined this matter vehemently disputed signing an agreement containing an arbitration clause until those Plaintiffs sat for their respective depositions, which did not occur until late September 2023. [See Dkt. 60]. At that point, Defendants resolved to proceed with a Motion for Decertification of Collective Action to "confirm whether the opt-in plaintiffs were properly joined and clarify whether issues of arbitration would need to be addressed collectively before this Court, or, individually." [Dkt. 68-1, at 3; see also Dkt. 59]. The Court has now answered that question, finding that the issue must be addressed collectively. [See Dkt. 67]. Thus, in the interest of judicial efficiency, and given Defendants' prompt action in seeking leave less than two

weeks after receiving an answer to that question, the Court finds that good cause exists to allow Defendants leave to file a motion to compel arbitration and to amend the scheduling order to extend the current summary judgment deadline until after the Court rules on the anticipated motion to compel arbitration. See Jordan v. Comcast Cable Commc'ns Mgmt., LLC, 2016 WL 452145, at *5 (N.D. Ga. Feb. 4, 2016) (granting motion for leave to file motion to compel arbitration where defendants "repeatedly attempted to ascertain whether th[e] case should be arbitrated, and moved to compel arbitration shortly after" the plaintiff admitted she was subject to an agreement containing an arbitration clause).

Accordingly, Defendants' Motion [Dkt. 68] is **GRANTED**. Defendants are hereby granted leave to file their anticipated motion to compel arbitration **within fourteen (14) days** of the entry of this Order. It is further **ORDERED** that the Scheduling Order's April 19, 2024 deadline for the parties to file any summary judgment or other dispositive motion [Dkts. 15, 55] be amended to allow the parties to file such motions **within thirty (30) days** of the Court's anticipated order resolving Defendants' forthcoming motion to compel arbitration.

**SO ORDERED** this 15th day of April, 2024.

_____
**RICHARD W. STORY**
United States District Judge

4