## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

DUSTIN HYDE, individually and on )
Behalf of All Others Similarly )
Situated )
     )
Plaintiff, )
     )
   v. )   Civil Action File No: 2:22-cv-103-RWS
     )
316 TOWING & ROAD SERVICE, )
INC., and MAKSIM LISOVSKIY )
     )
Defendants.

## RESPONSE TO DEFENDANTS' MOTION TO ARBITRATE AND TO STAY LITIGATION

### I.     INTRODUCTION

By litigating this case for 22 months, including engaging in protracted, in-depth discovery that would not be available in arbitration, engaging the Court in discovery disputes, and seeking decertification of the collective, Defendants have waived their right to enforce the arbitration provisions of the Independent Contractor Agreements (the "Agreements").

### II.     LEGAL STANDARD

In *Morgan v. Sundance, Inc.*, the Supreme Court abrogated the principle that courts must favor arbitration over litigation. 596 U.S. 411 (2022). "The federal

**Page 1 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id.*

"Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right." *Johnson v. KeyBank Nat'l Assoc (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1365 (11th Cir. 1995). To determine whether waiver has occurred, a court must look at the totality of the circumstances. *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018). Because the purpose of the waiver doctrine is to prevent parties from abusing the judicial process and resources, "[a] key factor in deciding [what constitutes waiver] is whether a party has substantially invoked the litigation machinery prior to demanding arbitration." *Id*. Courts will find that a party has waived its right to enforce arbitration when it "act[s] in a manner inconsistent with one's arbitration rights and then chang[es] course mid-journey" because this tactic "smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime." *Id.* Accordingly, "the key ingredient in the waiver analysis is fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them." *Id*. at 1236–37.

**Page 2 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

## III.   ARGUMENT

Defendants cannot compel arbitration because they have "substantially invoked the litigation machinery" by engaging in merits-based discovery, failing to adequately preserve their rights, and moving to decertify the collective. Defendants hang their argument on their early, though half-hearted, notice to Plaintiffs' counsel and the Court concerning the existence of the Agreements, but their lackadaisical neglect to move for enforcing those Agreements early-on, their thorough engagement in discovery, and their deliberate gamesmanship in waiting out the Court's ruling on certification shows that the totality of the circumstances weighs in favor of waiver.

### A.   Defendants waived their right to enforce the Agreements by participating in merits-based discovery.

Because Defendants have engaged in thorough discovery on the merits of this case, they have waived their right to enforcing arbitration. Despite their early notice to Plaintiffs' counsel regarding the existence of the Agreements, Defendants made no efforts to limit their engagement with the case. The reason that early notice regarding potential arbitration is "the key ingredient" in analyzing waiver is that "[i]f the court and the opposing party have such notice at an early stage in litigation, they can manage the litigation with this contingency in mind." *Gutierrez*, 889 F.3d at 1236. "For example, if the court knows a party has potential arbitration rights that

**Page 3 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

could throw the case out of court, **it can limit the scope of early discovery with this possibility in view**, in order to avoid significant expenditures if it turns out that the arbitration provision governs." *Id*. at 1236–37 (emphasis added).

Defendants made no request that this Court limit the scope of discovery with arbitration in mind, nor did it limit itself when actually engaging in discovery. *See Nguyen v. BMW of N. Am., LLC*, No. 20CV2432-JLS(BLM), 2021 U.S. Dist. LEXIS 105585, at *8 (S.D. Cal. June 4, 2021) (granting the defendant's request to limit discovery so that the defendant did not waive its right to enforce arbitration). In fact, Defendants requested extended discovery, and then requested even more discovery when the initial period was insufficient. *See* ECF Nos. 14, 27. Rather than ensuring their right to enforce arbitration was preserved by not engaging in full discovery, Defendants used the full scope of what was available while holding the Agreements in abeyance should the prospects of the case start to look unfavorable.

Defendants justify their engagement with discovery prior to seeking to compel arbitration by claiming it was necessary due to Plaintiffs' "evasion" of "basic facts" because Plaintiffs did not immediately admit to signing the Agreements. In support, Defendants cite to *Jordan v. Comcast Cable Communications Management, LLC*, in which the plaintiff refused to provide her maiden name or admit to having held a Comcast account under another name until she was served with targeted, specific requests for admission. No. 1:14-cv-3622-WSD, 2016 U.S. Dist. LEXIS 13655

**Page 4 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

(N.D. Ga. Feb. 4, 2016). Importantly, the only discovery the defendant served were requests for admission pertaining to the plaintiff's maiden name and the defendant "ha[d] not produced any documents or taken any depositions, and ha[d] not answered the Amended Complaint." *Id*. at *20–21. The case was "in its early stages" and the defendant moved to compel arbitration directly following the plaintiff's admission. *Id*.

Here, unlike in *Jordan*, Defendants have not engaged in minimal, targeted discovery, but have served interrogatories, requests for production, requests for admission, and taken four depositions, all of which covered the merits of this case. For example, Interrogatory No. 3 requests a "precise number of hours" each Plaintiff claims to have worked over 40 during the relevant period. *See* Defs.' First Interrogatories, Requests for Production or Documents, and Requests for Admission ("Defs.' Written Discovery"), attached as Ex. 1. Likewise, Defendants' Requests for Production included requests for any documents supporting Plaintiffs' allegations concerning their misclassification as independent contractors, relating to Defendants' defenses, "exhibits that you intend to reference, rely upon, or introduce at the trial of this Suit," and anything "relating to any work you performed for 316 Towing, relevant to any claim or defense in this Suit, . . . in exchange for any form of compensation." *See* Defs.' Written Discovery, p. 15–20.

**Page 5 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

While Defendants' Requests for Admissions included two requests that Plaintiffs admit they had signed the Agreements, the overwhelming majority of those requests went to the merits. *See id*. at p. 20–23. While two of the requests were directed towards admissions regarding the Agreements (Nos. 16 and 17), the remaining 29 requested merits-based admissions including "that you have never been an employee of 316 Towing," "that the time you spent answering calls, driving to and from customers, and performing roadside services for 316 Towing's customer was captured by a timekeeping software called 'Towbook,'" and "that you never performed more than 40 hours of work for 316 Towing." *Id*. Altogether, Defendants served 7 interrogatories, 20 requests for production, and 31 requests for admission. *Id*. Of these, one interrogatory,[1] zero requests for production, and two requests for admission were directed toward arbitration; the remaining were directed to the merits of this case.

Further demonstrating their intent to litigate the merits of this case, Defendants responded to Plaintiffs' written discovery and produced 1,169 pages of documents that included pay stubs, time sheets, employee handbooks and files, and emails and text messages. *See* Pl. Dustin Hyde's First Set of Interrogatories and

---

[1]     The one interrogatory that is arguably directed toward discovering the arbitrability of the claims merely asks for any a description of the basis of any denials of requests for admission. *See* Defs.' Written Discovery, p. 15 (Interrogatory No. 7).

**Page 6 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

Requests for Production to Def. 316 Towing & Road Service, Inc. ("Pls.' Written Discovery"), attached as Ex. 2.

Finally, the depositions that Defendants took were not targeted toward discovering the arbitrability of the claims, nor even discovering dissimilarity in pursuit of decertification. Rather, Defendants covered the swath of Plaintiffs' claims and sought information on the merits, including Defendant Lisovskiy's position as employer and how many hours of overtime Plaintiffs estimated that they worked each week. Dep. of Brent Johnson 28:23–29:14, 103:4–18, attached as Ex. 3; Dep. of Dustin Hyde 65:12–23, 142:5–13, attached as Ex. 4; Dep. of Kevin Brindley 59:11–22, 88:1–10, attached as Ex. 5; Dep. of Reynaldo Brown 64:3–16, 96:1–18, attached as Ex. 6. Defendants clearly were not engaging in discovery merely to ascertain whether the claims were actually arbitrable as they claim; Defendants engaged in thorough, in-depth discovery into the merits of Plaintiffs' claims.

This is particularly notable because the extent and degree of discovery that Defendants have propounded is not necessarily allowed in arbitration. *See generally* https://www.adr.org/sites/default/files/Employment_Rules_Web.pdf, last visited May 6, 2024 (stating that the arbitrator "shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration."). For this reason, several

Page 7 of 16
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion to Arbitrate
and to Stay Litigation

circuits, including the Eleventh, use a litigant's use of discovery that is not available in arbitration as a factor in determining waiver. *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1278 (11th Cir. 2012) ("Wells Fargo benefited from conducting discovery of the plaintiffs, a benefit to which it would not have been entitled during arbitration.") (citing *Se. Stud & Components, Inc. v. Am. Eagle Design Build Studios, LLC*, 588 F.3d 963, 969 (8th Cir. 2009)); *see also Lomas v. Travelers Prop. Cas. Corp. (In re Citigroup, Inc. Capital Accumulation Plan Litig.)*, 376 F.3d 23, 26 (1st Cir. 2004); *Reid Burton Constr., Inc. v. Carpenters Dist. Council*, 614 F.2d 698, 702 (10th Cir. 1980).

**B.      Despite early notice, Defendants did not preserve their right to compel arbitration.**

As stated above, merely stating that a right to arbitration exists without actively seeking to enforce it is insufficient preserve that right. "To safeguard its right to arbitration, a party must 'do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration.'" *Se. Stud & Components, Inc.*, 588 F.3d at 969 (quoting *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007)). Defendants maintain an air of aggrieved impotence, repeatedly claiming that they were "frustrated" in their attempts to pursue arbitration by Plaintiffs and Plaintiffs' counsel's refusal to admit that the Agreements were validly signed. Defendants

**Page 8 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

appear to believe themselves hopeless victims of circumstance rather than active participants in this litigation: despite the responsibility of enforcing the Agreements lying firmly and irrevocably with Defendants, Defendants were helpless to act until they received permission from Plaintiffs; despite the responsibility of preserving the right to enforce the Agreements lying firmly and irrevocably with Defendants, it was apparently up to the Court to sua sponte limit discovery to prevent engagement on the merits. Defendants claim they preserved the right to enforce arbitration yet took zero active steps toward actually doing so.

There is simply no legal basis for Defendants' claim that they were unable to enforce the arbitration agreements absent Plaintiffs' admission that they signed the Agreements.[2] Nothing prevented Defendants from moving to compel arbitration prior to propounding extensive merits-based discovery, nor did anything prevent Defendants from moving to compel arbitration before this Court made a ruling on conditional certification. In fact, an entire body of law has developed around which motion receives priority when both a motion for conditional certification and a motion to compel arbitration are pending: the overwhelming majority of courts give priority to the motion to compel arbitration. *See, e.g.*, *Reyna v. Int'l Bank of*

---

[2]     If the Agreements were somehow not enforceable until Plaintiffs admitted they signed them in their depositions, how is it that they can compel Plaintiff Hyde to arbitration when he has not admitted to signing the Agreement? Taking Defendants' argument to its logical conclusion, either the Agreements were enforceable from the inception of this case and Defendants have waived their right to enforce them, or they cannot even now move to compel Plaintiff Hyde to arbitration.

**Page 9 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

*Commerce*, 839 F.3d 373, 376-77 (5th Cir. 2016); *Edwards v. Doordash*, 888 F.3d 738, (5th Cir. 2018); *Gillespie v. Cracker Barrel Old Country Store Inc.*, No. CV-21-00940-PHX-DJH, 2021 U.S. Dist. LEXIS 219412 (D. Ariz. Nov. 12, 2021); *Leitzke v. JPMorgan Chase Bank, N.A.*, No. 8:19-cv-2174-T-33AEP, 2020 U.S. Dist. LEXIS 250810 (M.D. Fla. Jan. 27, 2020); *Green v. U.S. Xpress Enters., Inc.*. 434 F. Supp. 3d 633 (E.D. Tenn. Jan. 17, 2020); *Doe #1 v. Déjà Vu Consulting Inc.*, No. 3:17-cv-00040, 2017 U.S. Dist. LEXIS 142019 (M.D. Tenn. Sept. 1, 2017); *Bryant v. Toppers Int'l, Inc.*, No. 3:20-CV-61 (CDL), 2021 U.S. Dist. LEXIS 16019 (M.D. Ga. Jan. 28, 2021); *Ferrell v. SemGroup Corp.*, No. 19-CV-00610-GKF-JFJ, 2020 U.S. Dist. LEXIS 251939 (N.D. Okla. April 22, 2020); *Thompson v. Body Sculpt Int'l, LLC*, No. 18-cv-1001-ARR-GRB, 2018 U.S. Dist. LEXIS 110131 (E.D.N.Y. July 2, 2018); *Fears v. Auto Reflections, Inc.*, No. 1:17-cv-2632-TCB, 2018 U.S. Dist. LEXIS 239870 (N.D. Ga. Feb. 8, 2018). Defendants could have moved to compel arbitration two years ago and have not provided any legally supportable reason for not doing so.

At the very minimum, Defendants could have negotiated an arrangement with Plaintiffs in which they would engage in limited discovery surrounding issues of arbitrability and similarity, and then move to compel arbitration following the Court's decision on certification. But Defendants did not do so. Defendants made full use of discovery on the merits, but imply it was somehow either Plaintiffs' or

Page 10 of 16
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion to Arbitrate
and to Stay Litigation

the Court's responsibility to gear the litigation toward potential arbitration. Despite Defendants' cries of foul play and victimhood, Plaintiffs are definitively not required to litigate this case in the direction of arbitration absent Defendants' clear and active intent to enforce the arbitration provisions. The burden of moving this case to arbitration lies firmly with Defendants, and Defendants made no move in that direction until well after they had expended their pound of discovery flesh from Plaintiffs.

## C.    Defendants waived their right to compel arbitration by participating in litigation outside of discovery.

Outside of their full engagement in merits-based discovery, Defendants' other participation in this litigation indicates an intent to litigate resulting in waiver. Defendants maintain that they have not engaged in any litigation on the merits of this case, but that is not the correct standard: a party need only "substantially invoke[] the litigation machinery" to waive its right to enforce arbitration. *Gutierrez*, 889 F.3d at 1236. Here, Defendants entered a Joint Preliminary Report and Discovery Plain in which they raised arbitration in passing but notably did not dispute this Court's jurisdiction. ECF No. 14. Defendants later sought to extend the discovery period in order to make full use of the merits-based discovery they intended to propound on the opt-in Plaintiffs on multiple occasions. ECF Nos. 27, 41, 46. Notably, Plaintiffs would not have agreed to the time and expense of

**Page 11 of 16**
**Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS**
**Response to Defendants' Motion to Arbitrate**
**and to Stay Litigation**

participating this this extended discovery if Defendants had made any move toward actually enforcing arbitration. Further indicating their zeal in litigating this case on the merits, Defendants sought the Court's intervention when Plaintiffs did not respond to their in-depth discovery to the extent Defendants desired. *See* Order, ECF No. 32. Defendants amended their Answer to more fully raise defenses to Plaintiffs' claims, and finally sought to amend the scheduling order to more fully engage in discovery. *See* ECF Nos. 53, 57.

Defendants argue that they waited to move to compel arbitration following the "threshold procedural issue" of certification in order to "narrow the scope" of the issues, but their vehement opposition to certification belies their motives. During the course of the extensive back-and-forth regarding certification, this Court invited Defendants to seek enforcement of the arbitration provisions multiple times. *See* Order, ECF No. 26, p. 9 ("Procedurally, Defendants have not moved to compel mediation or arbitration pursuant to the Independent Contractor Agreements, but instead apparently seek to use the Agreements as a defense against Plaintiff's Motion. The Court will not enforce the Agreements *sua sponte*, without having been formally asked to do so by a party."); Order, ECF No. 67 ("Defendants still have not moved to compel arbitration or to otherwise enforce the terms of the Independent Contractor Agreements. Indeed, Defendants explicitly concede in their reply that they do not seek to enforce those agreement, or the arbitration clause, at this time.").

Page 12 of 16
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion to Arbitrate
and to Stay Litigation

Even so, Defendants waited until this Court entered an Order unfavorable to Defendants before finally pulling the Agreements out of abeyance and making an active move to enforce them.

Moreover, while issues of certification do not resolve merits issues, there is absolutely no doubt that they invoke the "machinery" of litigation. This case has proceeded through 22 months of litigation, including costly notice to potential opt-ins, extensive discovery, and several rounds of motions practice with respect to conditional and final certification. Irrespective of any determination of the merits, this case is by no means "in its early stages," and Defendants have very obviously substantially participated in the litigation. *Jordan*, 2016 U.S. Dist. LEXIS 13655, at *20-21. In *Jordan*, on which Defendants heavily rely, the defendant had not responded to discovery or taken depositions, nor had it propounded discovery other than the targeted requests for admission described above. *Id*. Moreover, the *Jordan* defendant had not even answered the plaintiff's amended complaint. *Id*. Here, over the past 22 months, Defendant has propounded extensive written discovery, taken four depositions, and filed two Answers.

In *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, the plaintiff waived its right to enforce arbitration by waiting a mere eight months, during which the defendant filed two motions and the plaintiff took five depositions. 906 F.2d 1507, 1514 (11th Cir. 1990). In *Mims v. Glob. Credit & Collection Corp.*, the defendant waived its

Page 13 of 16
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion to Arbitrate
and to Stay Litigation

right to enforce arbitration by waiting a mere eight months during which it attended hearings and participated in a mediation conference. 803 F. Supp. 2d 1349, 1354 (S.D. Fla. 2011). Here, Defendants sat on the Agreements for 22 months, during which they participated in discovery and involved the Court in discovery disputes and substantially engaged in certification litigation. It was only after receiving an unfavorable ruling on certification that Defendant sought to enforce arbitration. "The judicial system was not designed to accommodate a defendant who elects to forego arbitration when it believes that the outcome in litigation will be favorable to it, proceeds with extensive discovery and court proceedings, and then suddenly changes course and pursues arbitration when its prospects of victory in litigation dim." *Gutierrez*, 889 F.3d at 1236. "Allowing such conduct would ignore the very purpose of alternative dispute resolution: saving the parties' time and money." *Id*. Defendants made heavy use of the judicial system until the moment when the rulings became unfavorable. By allowing the case to proceed through costly notice and discovery only to turn and demand arbitration, Defendants have wasted both this Court's and Plaintiffs' time and money. Accordingly, Defendants waived their right to enforce arbitration.

## IV.   CONCLUSION

Defendants' participation in extensive in-depth discovery, including written discovery and depositions, their dereliction in moving for arbitration in a manner

Page 14 of 16
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion to Arbitrate
and to Stay Litigation

that would preserve their rights, and their engagement in litigation surrounding

certification has resulted in Defendants' waiver of their right to enforce arbitration.

Defendants have substantially invoked the machinery of litigation such that they

may no longer enforce the arbitration provisions within the Agreements.

Respectfully submitted,

**DUSTIN HYDE, Individually and on
Behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm

and    DELONG, CALDWELL, BRIDERS,
FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

Matthew W. Herrington
Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

*LOCAL COUNSEL FOR PLAINTIFF*

Page 15 of 16
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion to Arbitrate
and to Stay Litigation

## **<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned counsel, do hereby certify that on the date imprinted by the

CM/ECF system, a copy of the foregoing RESPONSE was filed via the CM/ECF

system, which will provide notice to the following attorneys of record:

Jeremy H. Handschuh, Esq.
Emma K. Schott, Esq.
MITCHELL-HANDSCHUH LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
Telephone: (404) 262-9488
Facsimile: (404) 231-3774
jeremy@m-hlawgroup.com
emma@m-hlawgroup.com
Attorneys for Defendants

*/s/ Josh Sanford*
**Josh Sanford**

Page 16 of 16
Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:22-cv-103-RWS
Response to Defendants' Motion to Arbitrate
and to Stay Litigation