# In the Matter Of:

## HYDE V. 316 TOWING & ROAD SERVICE

2:22-cv-103-RWS

## DUSTIN L. HYDE

*September 28, 2023*



800.211.DEPO (3376)
EsquireSolutions.com

```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF GEORGIA
                        GAINESVILLE DIVISION


DUSTIN HYDE, Individually,    )
and on Behalf of All Other    )
Similarly Situated,           )
                              )   CIVIL ACTION FILE
            Plaintiff,        )
                              )   NO. 2:22-cv-103-RWS
     vs.                      )
                              )
316 TOWING & ROAD SERVICE,    )
INC., and MAKSIM LISOVSKIY,   )
                              )
            Defendants.       )
_____)
```

Videotaped deposition of DUSTIN L. HYDE, taken on behalf of the Defendants, pursuant to Notice and agreement of counsel, in accordance with the Federal Rules of Civil Procedure, before Cynthia B. Gatewood, Certified Court Reporter, at 3390 Peachtre Road NE, Suite 520, Atlanta, Georgia, on the 28th day of September 2023, commencing at the hour of 10:06 a.m.



800.211.DEPO (3376)
EsquireSolutions.com

```
 1                       INDEX TO EXAMINATIONS
 2   EXAMINATION                                              PAGE
 3   Cross-Examination by Mr. Handschuh                         6
 4
 5                        INDEX TO EXHIBITS
 6   DEFENDANTS'
     EXHIBIT              DESCRIPTION                         PAGE
 7
 8      D-1        Notice of Deposition                        15
 9      D-2        Complaint                                   17
10      D-3        Driver Application                          18
11      D-4        Independent Contractor and Lease            31
                   Agreement
12
        D-5        Invoices                                    40
13
        D-6        Invoices                                    41
14
        D-7        Responses to Defendants' First              48
15                 Interrogatories, Requests for
                   Production of Documents and
16                 Admissions
17      D-8        3/10/21 Text Message                        59
18      D-9        6/17/21 Text Message                        60
19      D-10       6/24/21 Text Message                        63
20      D-11       1/21/21 Text Message                        84
21      D-12       6/20/21 Text Message                        84
22      D-13       Towbook Log                                 91
23      D-14       Canceled Job Log                            91
24      D-15       5/11/21 Text Message                       123
25
```



```
                    INDEX TO EXHIBITS
                       (Continued)

DEFENDANTS'
  EXHIBIT              DESCRIPTION                         PAGE

   D-16         Damages Spreadsheet                         144

   D-17         Declaration of Dustin Hyde                  145

   D-18         7/16/21 Text Message                        153

   D-19         IRS Response                                156

                         - - -
```



```
 1    APPEARANCES OF COUNSEL:

 2
      On behalf of the Plaintiff:
 3
              SEAN SHORT
 4            Attorney at Law
              Sanford Law Firm PLLC
 5            Suite 510, Kirkpatrick Plaza
              10800 Financial Centre Parkway
 6            Little Rock, Arkansas 72211
              Phone:  (501) 904-1650
 7            Email:  sean@sanfordlawfirm.com

 8
      On behalf of the Defendants:
 9
              JEREMY R. HANDSCHUH
10            AMANDA I. ELLIOTT
              Attorneys at Law
11            Mitchell-Handschuh Law Group
              3390 Peachtree Road NE
12            Suite 520
              Atlanta, Georgia 30326
13            Phone:  (404) 262-9488
              Email:  jeremy@m-hlawgroup.com
14            Email:  amanda@m-hlawgroup.com

15
      Videographer:
16
              Rick Richey
17            Esquire Deposition Solutions
              Phone:  (404) 495-0777
18

19    Also Present:

20            Maksim Lisovskiy
              Eli Kudrin
21

22                             - - -

23

24          (Disclosure, as required by the Georgia
      Board of Court Reporting, was made by the court
25    reporter, a written copy of which is attached
      hereto.)
```



```
1      Q.   Okay.  At the time of rehire, did you no
2   longer have the role as driver manager?
3      A.   If that's the last time that there was a
4   separation, then yes.  When I came back, I was no
5   longer driver manager.
6      Q.   Okay.  So the last period of time you worked
7   for 316, you were no longer a driver manager.
8      A.   That's correct.
9      Q.   Okay.  While you were a driver for 316, who
10  supervised you?
11     A.   Eli.
12     Q.   Okay.  Did you ever get managed by Maksim --
13  he goes by Max -- Mr. Lisovskiy?
14     A.   I mean, theoretically he manages the whole
15  show.  He's the owner.
16     Q.   Okay.  But did he in his day to day
17  supervise you?
18     A.   No, not on a regular basis.  He was busy
19  with other duties.
20     Q.   Okay.  When may have Max supervised you, or
21  when did you interact with Max individually?
22     A.   Only if I couldn't get something through to
23  Eli and chose to speak to Max.
24     Q.   Do you recall any instances of that?
25     A.   I mean, there were a couple of times, but I
```



1   before they come in.  If I got called to go do a call,
2   I got called to go do a call.  I mean, if y'all want to
3   add up the hours, Towbook's there for you.  You can
4   look it up.
5       Q.   Okay.  But you're stating here that at
6   least -- and I just want to make sure I understand --
7   that there was a point in time that you would only
8   occasionally, based on your allegation, break 40 hours,
9   but that was about the first eight months.  Am I
10  understanding that?
11      A.   You can understand it however you want to,
12  sir.  The times are in Towbook.  It'll show you what I
13  worked.  I can't answer that.
14      Q.   Okay.  So you don't -- what about this 60 to
15  80 hours?  Do you believe that Towbook reflects 60 to
16  80 hours of responding to calls?
17      A.   It may not.
18      Q.   Okay.
19      A.   But if I'm scheduled to be on call, you're
20  going to pay me for that.
21      Q.   Okay.  Do you know any reason why that
22  contention would be different or --
23      A.   No.
24      Q.   Okay.  So you do believe that Towbook was
25  properly and adequately tracking the --

