# In the Matter Of:

# HYDE V. 316 TOWING & ROAD SERVICE

2:22-cv-103-RWS

# KEVIN BRINDLEY

*September 29, 2023*



800.211.DEPO (3376)
EsquireSolutions.com

```
                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA
                         GAINESVILLE DIVISION


DUSTIN HYDE, Individually,    )
and on Behalf of All Other    )
Similarly Situated,           )
                              )   CIVIL ACTION FILE
              Plaintiff,      )
                              )   NO. 2:22-cv-103-RWS
       vs.                    )
                              )
316 TOWING & ROAD SERVICE,    )
INC., and MAKSIM LISOVSKIY,   )
                              )
              Defendants.     )
_____)
```

    Deposition of KEVIN BRINDLEY, taken on behalf of the Defendants, pursuant to Notice and agreement of counsel, in accordance with the Federal Rules of Civil Procedure, before Cynthia B. Gatewood, Certified Court Reporter, at 3390 Peachtree Road NE, Suite 520, Atlanta, Georgia, on the 29th day of September 2023, commencing at the hour of 2:29 p.m.



INDEX TO EXAMINATIONS

| EXAMINATION | PAGE |
|---|---|
| Cross-Examination by Mr. Handschuh | 4 |

INDEX TO EXHIBITS

| DEFENDANTS' EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| D-1 | Third Amended Notice to Take Deposition of Kevin Brindley | 7 |
| D-2 | not tendered | |
| D-3 | Driver Application | 22 |
| D-4 | Plaintiff Kevin Brindley's Responses to Defendants' First Interrogatories, Requests for Production of Documents, and Requests for Admission | 39 |
| D-5 | Independent Contractor and Lease Agreement | 37 |
| D-6 | Towbook Log | 77 |
| D-7 | not tendered | |
| D-8 | Damages Spreadsheet | 88 |
| D-9 | not tendered | |
| D-10 | IRS Response | 94 |

- - -



```
 1   APPEARANCES OF COUNSEL:

 2
     On behalf of the Plaintiff:
 3
             SEAN SHORT
 4           Attorney at Law
             Sanford Law Firm PLLC
 5           Suite 510, Kirkpatrick Plaza
             10800 Financial Centre Parkway
 6           Little Rock, Arkansas 72211
             Phone:  (501) 904-1650
 7           Email:  sean@sanfordlawfirm.com

 8
     On behalf of the Defendants:
 9
             JEREMY R. HANDSCHUH
10           AMANDA I. ELLIOTT
             Attorneys at Law
11           Mitchell-Handschuh Law Group
             3390 Peachtree Road NE
12           Suite 520
             Atlanta, Georgia 30326
13           Phone:  (404) 262-9488
             Email:  jeremy@m-hlawgroup.com
14           Email:  amanda@m-hlawgroup.com

15
     Also Present:
16
             Maksim Lisovskiy
17

18

19

20                   -  -  -

21

22

23           (Disclosure, as required by the Georgia
     Board of Court Reporting, was made by the court
         reporter, a written copy of which is attached
24       hereto.)

25
```



1   2 on page 18.  Oh, yes, along the bottom.
2        A.    I gotcha.
3        Q.    Sorry.  Okay.  So 18, Request for Admission
4   Number 2, if you could read that, and then let me know
5   once you're done.
6        A.    Okay.
7        Q.    Okay.  Here you were asked to "Please admit
8   you have never been an employee of Lisovskiy," which is
9   the last name for Max; correct?
10       A.    Correct.
11       Q.    Okay.  And you said, "Denied.  Lisovskiy,"
12  Max, "was the owner, and Eli worked for Lisovskiy."
13  And then you stated, "and plaintiff did the work
14  assigned by Eli on behalf of Lisovskiy."  My question
15  is how do you know -- on what are you relying in your
16  response here to say that Eli assigned work on behalf
17  of Lisovskiy?
18       A.    So, from my understanding, Eli was the
19  manager.  Like I said, I never met Max until I started
20  working there.  All of my job reporting went to Eli.  I
21  never spoke anything to do with towing with Max other
22  than, "How is everything?"
23       Q.    Okay.
24       A.    So that's probably why I said that Max is
25  the owner, but I worked for Eli.



```
 1      Q.    All right.  And that states, "Please admit
 2   that you never performed more than 40 hours of work for
 3   316 Towing in any given week between 2019 and 2022."
 4   And then you denied and stated, "Plaintiff consistently
 5   worked at least 60 hours per week."
 6      A.    Correct.
 7      Q.    Can you explain to me how you came to
 8   60 hours per week?
 9      A.    12-hour shifts, five days a week, five times
10   12 is 60.
11      Q.    Okay.  Is it any more complicated than that?
12      A.    No.
13            (Exhibit Number D-8 was marked for
14      identification.)
15   BY MR. HANDSCHUH:
16      Q.    Okay.  Let's see.  Handing you what's been
17   marked previously as Exhibit 8, and I'll represent to
18   you that this is a demand that has been conveyed by
19   your counsel on your behalf to settle your claims in
20   this matter.  Are you familiar with these claims
21   amounts?
22      A.    Never seen these.
23      Q.    Never seen them?  Okay.  Do you have any
24   idea how $25,941.85 was determined?
25      A.    Probably hours after 40.
```

